UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS,  :
                                                                  :
    Plaintiff,                                        :
                                                                  :
v.                                                               :    CASE NO. 1:06CV01940 (RMU)
                                                                  :
SHEILA C. BAIR, et al.                                  :
                                                                  :
    Defendants.                                      :

## DEFENDANT SECURIGUARD, INC. AND USEC CORPORATION'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH RULE 8(a) AND FOR FAILURE TO STATE A CLAIM, AND SUPPORTING POINTS AND AUTHORITIES

Defendants Securiguard, Inc. ("Securiguard") and "USEC Corporation"[1] ("USEC")

(collectively "the Security Guard Defendants"),[2] by counsel, hereby move to dismiss the

Plaintiff's *Pro Se* Complaint against them for failure to comply with Federal Rule of Civil

Procedure 8(a) and for failure to state a claim pursuant to Federal Rule of Civil Procedure

12(b)(6).

As grounds for this Motion, and in support hereof, the Security Guard Defendants state as

follows.

I.    BACKGROUND

The Security Guard Defendants provide contract security services at the offices of the

Federal Deposit Insurance Corporation ("FDIC") in the District of Columbia and in Virginia.

---

[1] USEC's proper name is USEC Service Corporation.

[2] It is unclear whether the Plaintiff actually seeks to name as individual defendants Patricia Marvil, who is the Chief Executive Officer of Securiguard, and David L. Marvil, who is incorrectly identified in the *Pro Se* Complaint as the "Chairman CEO" of USEC. The Court's on-line records do not identify these two individuals as parties-defendant, and no specific cause of action is asserted against either of them in the *Pro Se* Complaint.

USEC is the prime contractor with FDIC, and Securiguard has a subcontract with USEC. (*See* Complaint at p. 5.)

The title of the Plaintiff's *Pro Se* Complaint, however, suggests that she seeks redress in this lawsuit *against her former employer*—not against the Security Guard Defendants—for alleged employment discrimination and various other employment-related causes of action. (*See id.* at p. 2.) The Plaintiff expressly acknowledges in her *Pro Se* Complaint that she "is a former employee of the Federal Deposit Insurance Corporation ("FDIC")." (*Id.* at p. 3.) She is not, and has never been, employed by either of the Security Guard Defendants.

The very first sentence of the Plaintiff's "Introduction" suggests that, although named as parties-defendant, the Plaintiff actually asserts no claims in this lawsuit against the Security Guard Defendants:

> "Now comes Yoland C. Gibson-Michaels, Plaintiff (Prose) (sic) and brings this claim of action *against the Federal Deposit Insurance Corporation* (hereinafter "FDIC"), Defendant for trial *de novo*, as provided for under Title VII of the Civil Rights Act of 1964.

(*Id.* at p. 2 (first emphasis added; second emphasis in original).)[3]  True to her opening sentence, most of the Plaintiff's lawsuit focuses exclusively on attacking her former employer—*i.e.* FDIC—concerning alleged events occurring during her employment.  This understanding of the lawsuit is borne out by the five enumerated causes of action[4] that are actually alleged in the *Pro Se* Complaint against "the defendant"—which, again, appears to be FDIC—for:

---

[3] According to the Court's on-line records, the Plaintiff apparently has filed three "related actions" against various defendants, including Case No. 1:06CV01940 (RMU) against the Security Guard Defendants.  The Security Guard Defendants have only been served with process in the present case.

[4] The Plaintiff's Prayer For Relief identifies Counts I-IV (but not V), VI-VIII (but not IX-XIV), and XV.  However, the only enumerated counts in the *Pro Se* Complaint are Counts I-V.

- Count I – "Discrimination on the Basis of Age, Race, Gender, Religion, FMLA and Disparate Treatment in Violation of Title VII."

- Count II – "Discrimination In Violation of 29 U.S.C. Section 621 Et Seq. The Age Discrimination In Employment Act As Amended."

- Count III – "Discrimination On The Basis Of Disability?" (question mark in the original).

- Count IV – "Retaliation."

- Count V – also titled "Retaliation."[5]

(*See* Complaint at pp. 37-41.) Each of these five counts appears to be based on the former employment relationship that allegedly existed between the Plaintiff and FDIC. Indeed, aside from a perfunctory reference to each of the Security Guard Defendants in the section of her *Pro Se* Complaint identifying the parties (*see id.* at p. 5), there are but few additional references or allegations arguably related to either of the Security Guard Defendants found anywhere else in the 45 page *Pro Se* Complaint.[6]

---

[5] Despite its title, Count V arguably repeats the alleged violations of Title VII and FMLA, and also uses tort terms like "conspired" and "intentional infliction of emotional distress." It is unclear what specific cause of action is intended by the Plaintiff in this count. In any event, none of the Plaintiff's allegations in Count V suffice to state a cause of action against the Security Guard Defendants.

[6] The Plaintiff names Douglas R. Fahey as a defendant, and alleges that he is a "Securiguard Investigator" who facilitated what the Plaintiff calls an "unauthorized interception of oral communications" when Defendant Jenekia J. Johnson tape recorded a conversation she had with the Plaintiff in 2004. (Complaint at pp. 5-6, 13.) This allegation fails to support any claim against either of the Security Guard Defendants based on any of the particular employment-related causes of action that are alleged in the *Pro Se* Complaint. Moreover, it was not illegal for Defendant Johnson to tape record a conversation she had with the Plaintiff. *See* 18 U.S.C. § 2511(c) and (d) (generally permitting a person, whether or not "acting under color of law," to intercept an oral communication where such person is a party to the communication); D.C. Code § 23-542(b)(2) and (3) (same).

II.    ARGUMENT

As this Court has recognized in cases like <u>DePippo v. Chertoff</u>, ____ F. Supp. 2d ____,

____, 2006 WL 2686758 at *1-2 (D.D.C. Sept. 20, 2006), among many others, pleading

requirements in civil cases are not especially onerous:

> A Rule 12(b)(6) motion to dismiss tests the legal
> sufficiency of a complaint. <u>Browning v. Clinton</u>, 292 F.3d 235,
> 242 (D.C. Cir. 2002). The complaint need only set forth a short
> and plain statement of the claim, giving the defendant fair notice
> of the claim and the grounds upon which it rests. <u>Kingman Park
> Civic Ass'n v. Williams</u>, 348 F.3d 1033, 1040 (D.C. Cir. 2003)
> (citing FED. R. CIV. P. 8(a)(2) and <u>Conley v. Gibson</u>, 355 U.S. 41,
> 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). "Such simplified notice
> pleading is made possible by the liberal opportunity for discovery
> and the other pre-trial procedures established by the Rules to
> disclose more precisely the basis of both claim and defense to
> define more narrowly the disputed facts and issues." <u>Conley</u>, 355
> U.S. at 47-48, 78 S. Ct. 99 (internal quotation marks omitted). It is
> not necessary for the plaintiff to plead all elements of his prima
> facie case in the complaint, <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S.
> 506, 511-14, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002), or "plead law
> or match facts to every element of a legal theory," <u>Krieger v.
> Fadely</u>, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation
> marks and citation omitted).
>
> Accordingly, "the accepted rule in every type of case" is
> that a court should not dismiss a complaint for failure to state a
> claim unless the defendant can show beyond doubt that the
> plaintiff can prove no set of facts in support of his claim that
> would entitle him to relief. <u>Warren v. Dist. of Columbia</u>, 353 F.3d
> 36, 37 (D.C. Cir. 2004); <u>Kingman Park</u>, 348 F.3d at 1040. Thus,
> in resolving a Rule 12(b)(6) motion, the court must treat the
> complaint's factual allegations-including mixed questions of law
> and fact-as true and draw all reasonable inferences therefrom in
> the plaintiff's favor. <u>Macharia v. United States</u>, 334 F.3d 61, 64,
> 67 (D.C. Cir. 2003); <u>Holy Land Found. For Relief & Dev. v.
> Ashcroft</u>, 333 F.3d 156, 165 (D.C. Cir. 2003); <u>Browning</u>, 292 F.3d
> at 242. While many well-pleaded complaints are conclusory, the
> court need not accept as true inferences unsupported by facts set
> out in the complaint or legal conclusions cast as factual allegations.
> <u>Warren</u>, 353 F.3d at 39; <u>Browning</u>, 292 F.3d at 242.

Here, however, the Plaintiff's *Pro Se* Complaint cannot even clear the low hurdle set by Federal Rules of Civil Procedure 8 and 12(b)(6). Despite the length of the Complaint—or perhaps because of it—the Plaintiff fails to give the Security Guard Defendants fair notice of any claims that she actually intends to assert against them.   Indeed, the Plaintiff does not even appear to allege any cause of action—let alone a potentially viable one—against the Security Guard Defendants in this lawsuit. The specific causes of action that the Plaintiff does assert are all based on a former employment relationship with FDIC, *not* with either of the Security Guard Defendants. Whatever the merits may—or may not—be concerning the Plaintiff's various allegations and employment-related causes of action asserted against the FDIC, they provide no grounds to enter any judgment against the Security Guard Defendants in this lawsuit.

III.    CONCLUSION

For the reasons set forth herein, the Security Guard Defendants request that this Court dismiss the Plaintiff's *Pro Se* Complaint against them.

Respectfully submitted,

_____/s/_____
Scott D. Helsel (DC Bar No. 455763)
WALTON & ADAMS, P.C.
1924 Isaac Newton Square
Suite 250
Reston, VA 20190
(703) 790-8000 (voice)
(703) 790-8016 (fax)

*Counsel for the Defendants Securiguard, Inc. and USEC Corporation*

5

## CERTIFICATE OF SERVICE

I hereby certified that I caused a true and correct copy of the following to be served by first class mail, postage prepaid, on each of the following on this 6th day of December 2006:

> Yolanda C. Gibson-Michaels, *Pro Se*
> 2210 Anvil Lane
> Temple Hills, MD 20748

/s/
_____
Scott D. Helsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS,    :
                               :
     Plaintiff,              :
                               :
     v.                      :    CASE NO. 1:06CV01940 (RMU)
                               :
SHEILA C. BAIR, et al.         :
                               :
     Defendants.             :

## ORDER

This matter comes before the Court upon Defendant Securiguard, Inc. And USEC Corporation's Motion To Dismiss For Failure To Comply With Rule 8(A) And For Failure To State A Claim. After considering the respective positions of the parties, and for good cause shown, this Court hereby GRANTS this motion and ORDERS that the Plaintiff's complaint shall be DISMISSED WITH PREJUDICE as to Defendants Securiguard, Inc. and USEC Corporation.

Entered this _____ day of _____, 200__.


_____
Judge, United States District Court