UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| YOLANDA C. GIBSON-MICHAELS * | | |
| Plaintiff, * | | |
| * | | |
| v. * | CASE NO. 1:06CV01940 (RMU) | |
| * | | |
| SHEILA C. BAIR, et al. * | | |
| Defendants. * | | |

\* \* \* \* \* \* \* \* \* \* \* \*

DEFENDANT DOUG FAHEY'S MOTION TO DISMISS
FOR FAILURE TO COMPLY WITH RULE 8(a) AND FOR
FAILURE TO STATE A CLAIM, AND SUPPORTING POINTS AND
AUTHORITIES

Defendant DOUG FAHEY, by undersigned counsel, hereby move to dismiss the Plaintiff's *Pro Se* Complaint against them for failure to comply with Federal Rule of Civil Procedure 8(a) and for failure to state a claim pursuant to Federal Rule of Civil Procedure.

As grounds for this Motion, and in support hereof, Defendant Fahey states as follows.

I. BACKGROUND

Defendant Fahey worked as an employee of Defendants Securiguard, Inc. And USEC Service Corporation (the "Security Guard Defendants"). The Security Guard Defendants provide contract security services at the offices of the Federal Deposit Insurance Corporation ("FDIC") in the District of Columbia and in Virginia.

USEC is the prime contractor with FDIC, and Securiguard has a subcontract with USEC. (*See* Complaint at p. 5.) The title of the Plaintiffs' *Pro Se* Complaint,

however, suggests that she seeks redress in this lawsuit against her former employer- not against Defendant Fahey--for alleged employment discrimination and various other employment-related causes of action. (*See id.* at p. 2.)   The Plaintiff expressly acknowledges in her *Pro Se* Complaint that she "is a former employee of the Federal Deposit Insurance Corporation ("FDIC")." (*Id.* at p. 3.) She is not, and has never been, employed by either of the Security Guard Defendants and certainly not by Defendant Fahey.

The very first sentence of the Plaintiffs "Introduction" suggests that, although named as parties-defendant, the Plaintiff actually asserts no claims in this lawsuit against the Security Guard Defendants:

> "Now comes Yoland C. Gibson-Michaels, Plaintiff (*Pro se*) (sic) and brings this claim of action *against the Federal Deposit Insurance Corporation* (hereinafter "FDIC"), Defendant for trial de novo, as provided for under Title VII of the Civil Rights Act of 1964."

(Id. at p. 2 (first emphasis added; second emphasis in original).)[1]

True to her opening sentence, most of the Plaintiffs lawsuit focuses exclusively on attacking her former employer-i.e FDIC-concerning alleged events occurring during her employment. This understanding of the lawsuit is borne out by the five enumerated causes of action[2] that are actually alleged in the *Pro Se*

---

[1]      According to the Court's on-line records, the Plaintiff apparently has filed three "related actions" against various defendants, including Case No. 1:06CV01940 (RMU) against the Security Guard Defendants. The Security Guard Defendants have only been served with process in the present case.

[2]      The Plaintiffs Prayer For Relief identifies Counts I-IV (but not V), VI-VIII (but not IX-XIV), and XV. However, the only enumerated counts in the *Pro Se*

Complaint against "the defendant"-which, again, appears to be FDIC-for:

- Count I - "Discrimination on the Basis of Age, Race, Gender, Religion, FMLA and Disparate Treatment in Violation of Title VII."

- Count II - "Discrimination In Violation of 29 U.S.C. Section 621 Et Seq. The Age Discrimination In Employment Act As Amended."

- Count III - "Discrimination On The Basis Of Disability?" (question mark in the original).

- Count IV - "Retaliation." and

- Count V - also titled "Retaliation."[3]

(*See* Complaint at pp. 37-41.)

Each of these five counts appears to be based on the former employment relationship that allegedly existed between the Plaintiff and FDIC.

Indeed, aside from a perfunctory reference to Defendant Fahey and the Security Guard Defendants in the section of her *Pro Se* Complaint identifying the parties (*see id.* at p. 5), there are but few additional references or allegations arguably related to Defendant Fahey found anywhere else in the 45 page *Pro Se* Complaint. Most of the references to Defendant Fahey have to do with allegations and alleges that he is a"Securiguard Investigator" who facilitated what the Plaintiff calls an

---

Complaint are Counts I-V.

[3]   Despite its title, Count V arguably repeats the alleged violations of Title VII and FMLA, and also uses tort terms like "conspired" and "intentional infliction of emotional distress." It is unclear what specific cause of action is intended by the Plaintiff in this count. In any event, none of the Plaintiffs allegations in Count V suffice to state a cause of action against the Security Guard Defendants.

"unauthorized interception of oral communications" when Defendant Jenekia J. Johnson tape recorded a conversation she had with the Plaintiff in 2004. (Complaint at pp. 5-6, 13.) This allegation fails to support any claim against Defendant Fahey based on any of the particular employment-related causes of action that are alleged in the *Pro Se* Complaint.

Moreover, it was not illegal for Defendant Johnson to tape record a conversation she had with the Plaintiff. See 18 U.S.C. 4 251 1(c) and (d) (generally permitting a person, whether or not "acting under color of law," to intercept an oral communication where such person is a party to the communication); D.C. Code §23-542(b)(2) and (3) (same). And if it was not illegal for Johnson to tape record her own conversation with Plaintiff, it cannot be illegal for Defendant Fahey to have facilitated her action.

II. ARGUMENT

As this Court has recognized in cases like *DePippo v. Chertoff,* - F. Supp. 2d -, -, 2006 WL 2686758 at *1-2 (D.D.C. Sept. 20,2OO6), among many others, pleading requirements in civil cases are not especially onerous:

> A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and

the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *m,* 355 U.S. at 47-48, 78 S. Ct. 99 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 51 1-14, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. m*, 21 1 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations-including mixed questions of law and fact-as true and draw all reasonable inferences therefrom in the plaintiffs favor. *Macharia v. United States,* 334 F.3d 61,64, 67 (D.C. Cir. 2003); *Holy Land Found. For Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *m*, 353 F.3d at 39; *Browning*, 292 F.3d at 242. §23-542(b)(2) and (3) (same).

Here, however, the Plaintiffs *Pro Se* Complaint cannot even clear the low hurdle set by Federal Rules of Civil Procedure 8 and 12(b)(6). Despite the length of the Complaint--or perhaps because of it-the Plaintiff fails to give Defendant Fahey fair notice of any claims that she actually intends to assert against him. Indeed, the Plaintiff does not even appear to allege any cause of action-let alone a potentially viable one--against Defendant Fahey or the Security Guard Defendants in this

lawsuit. The specific causes of action that the Plaintiff does assert are all based on a former employment relationship with FDIC, not with Defendant Fahey or either of the Security Guard Defendants.

Whatever the merits may-or may not-be concerning the Plaintiffs various allegations and employment-related causes of action asserted against the FDIC, they provide no grounds to enter any judgment against Defendant Fahey in this lawsuit.

III. CONCLUSION

For the reasons set forth herein, Defendant Fahey requests that this Court dismiss the Plaintiffs Pro Se Complaint against them.

Respectfully submitted,

KAUFMAN LAW, A Professional Corporation
11350 Random Hills Rd. Suite 800
Fairfax, VA 22030
703.764.9080
703.764-0014 (fax)
david@dzklaw.com
Counsel for Defendant Doug Fahey

By: _____
David Zachary Kaufman, Bar# 435123

CERTIFICATE OF SERVICE

    I hereby certified that I caused a true and correct copy of the following to be served by first class mail, postage prepaid, on each of the following on December 10, 2006:

| | |
|---|---|
| Yolanda Gibson-Michaels, *Pro Se* Plaintiff 2210 Anvil Lane Temple Hills, MD 20748 | Scott D. Helsel (DC Bar No. 455763) WALTON & ADAMS, P.C. 1924 Isaac Newton Square Suite 250 Reston, VA 20190 (703) 790-8000 (voice) (703) 790-8016 (fax) Counsel for the Defendants Securiguard, Inc. and USEC Corporation |

_____
David Zachary Kaufman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS, *
    Plaintiff,                  *
                                  *
    v.                              *     CASE NO. 1:06CV01940 (RMU)
                                  *
SHEILA C. BAIR, et al.         *
    Defendants.             *
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### ORDER

THIS COURT, upon Motion of Defendant Douglas Fahey to Dismiss for Failure to Comply with Rule 8(a) and for Failure to State a Claim, after careful consideration and for good cause shown hereby

GRANTS Defendant Fahey's Motion and

ORDERS that Plaintiff's Complaint be DISMISSED WITH PREJUDICE as to Defendant Fahey.

Entered this _____, 200\_\_\_.

_____
Judge, U.S. District Court