IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YOLANDA C. GIBSON-MICHAELS )<br>)<br>  Plaintiff )<br>)<br>vs. )<br>)<br>SHEILA C. BAIR, *et al.* )<br>)<br>  Defendants )<br>) | Civil Action No. 1:06cv01940 (RMU) |

**MOTION OF WORKPLACE VIOLENCE RESEARCH INSTITUTE TO DISMISS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND FOR FAILURE TO PLEAD A COMPLAINT IN ACCORDANCE WITH RULE 8**

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a), and Local Rule 7, Defendant Work Violence Research Institute ("WVRI"), by undersigned counsel, respectfully moves to dismiss the Complaint for failure to state a claim on which relief can be granted and for failure to plead in accordance with Rule 8(a), which mandates that a complaint "shall contain … (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

A Memorandum of Points and Authorities setting forth the factual and legal grounds with more particularity accompanies this motion. In summary, WVRI is entitled to dismissal on three discrete grounds:

1. Pursuant to Rule 12(b)(6), the Complaint fails to state any claim on which relief can be granted against WRVI because there are no allegations of fact or reasonable inferences arising from well pleaded facts that support any claim against WRVI.

2. Pursuant to Rule 12(b)(6), the Complaint fails to state any claim on which relief can be granted against WRVI because (i) WVRI is not an "employer" or other potentially liable person, and (ii) Plaintiff is not a WVRI "employee" or other person who may have an action against WVRI, under the federal statutes on which the Complaint bases its requests for relief.

3. Pursuant to Rule 8(a)(2), the Complaint fails to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Instead, the Complaint is a prolix, rambling, often incomprehensible document that is incapable of being answered in accordance with Rule 8(b).

Dated: December 22, 2006

Respectfully submitted,

/s/ Harvey A. Levin
Harvey A. Levin (DC Bar No. 203869)
Thompson Coburn LLP
1909 K Street, N.W., Suite 600
Washington, DC 20006
Ph: 202-585-6900
Fax: 202-585-6969
Email address: hlevin@thompsoncoburn.com

Counsel for Defendant Workplace Violence Research Institute

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was served by ECF and by first class mail, postage prepaid, this 22nd day of December 2006 on:

Yolanda C. Gibson-Michaels
2210 Anvil Lane
Temple Hills, Maryland 20748

Shelia C. Bair
Chairman, Federal Deposit Insurance Corporation
550-17th Street, NW  MB-6028
Washington, D.C.  20429

Patricia Del Marvil
Chairman CEO
Securiguard Incorporation
6858 Old Dominion Drive – Suite 307
McLean, Virginia 22101

David L. Marvil
Chairman CEO
USEC Corporation
7531 Leesburg Pike – Suite 402
Falls Church, VA  22101

Douglas R. Fahey
3716 Dalebrook Drive
Dumfries, Virginia  22015-1804

Jenekia J. Johnson
1414 Colony Road
Oxon Hill, Maryland  20748

Robert Feldman, Executive Secretary
Federal Deposit Insurance Corporation
550-17th Street, NW
Washington, D.C.  20429

/s/ Harvey A. Levin

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS )<br>)<br>　　　Plaintiff　　　　　　　　　　　　)<br>)<br>vs.　　　　　　　　　　　　　　　　　 )<br>)<br>SHEILA C. BAIR, *et al.*　　　　　　　　)<br>)<br>　　　Defendants　　　　　　　　　　　)   | Civil Action No. 1:06cv01940 (RMU) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
WORKPLACE VIOLENCE RESEARCH INSTITUTE'S
MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED
AND FOR FAILURE TO PLEAD A COMPLAINT IN ACCORDANCE WITH RULE 8**

　　　　Pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f) and 8(a), and Local Rule 7, Defendant Workplace Violence Research Institute ("WVRI"), by undersigned counsel, respectfully moves to dismiss the Complaint for failure to state a claim on which relief can be granted and for failure to plead in accordance with Rule 8(a). In summary, WVRI is entitled to dismissal on three discrete grounds:

　　　　1. Pursuant to Rule 12(b)(6), the Complaint fails to state any claim on which relief can be granted against WRVI because there are no allegations of fact or reasonable inferences arising from well pleaded facts that support any claim against WRVI.

　　　　2. Pursuant to Rule 12(b)(6), the Complaint fails to state any claim on which relief can be granted against WRVI because (i) WVRI is not an "employer" or other potentially liable person, and

3489725　　　　　　　　　　　　　　　　　　1

(ii) Plaintiff is not a WVRI "employee" or other person who may have an action against WVRI, under the federal statutes on which the Complaint bases its requests for relief.

3. Pursuant to Rule 8(a)(2), the Complaint fails to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Instead, the Complaint is a prolix, rambling, often incomprehensible document that is incapable of being answered in accordance with Rule 8(b).

## THE COMPLAINT

In its essence, the Complaint alleges as follows:

1. The Federal Deposit Insurance Corporation ("FDIC") employed Plaintiff in various capacities beginning October 8, 1989. In that time, Plaintiff received certain promotions and awards. Complaint, Section VII, Summary Background.

2. The Complaint alleges certain wrongful and injurious actions by persons employed by the FDIC and other branches of the federal government against Plaintiff while she was an FDIC employee. Complaint ¶¶ 14-115. The principal actors in the allegedly wrongful conduct appear to have been James T. Lantelme, Stephen Hanas, William Kmentz, Douglas R. Fahey, Jenekia J. Johnson and Gloria Penny Elgas, and to a lesser extent William Strickler, a "Mendolshen," Eyvonne Bryant, Erica Cooper Bovenzi, Steven App, Lucille McCabe, Michael Collins and possibly others. *See* Complaint ¶¶ 39, 43, 48, 52, 58, 65, 67, 73, 75, 76, 91 & 115 (including references to Plaintiff's four EEO complaints).

3. The only reference to WVRI and Mr. Kaufer is in "V. PARTIES," Complaint at 6, which reads as follows (emphasis and errors in original):

> (c) **Steve Kaufer**, CEO, Work Violence Research Institute, 1281 North Gene Autry Trail-Suite K, Palm Springs, CA 92262. Plaintiff contacted Steve Kaufer at or around 1:25pm On September 9, 2005. Mr. Kauffer stated that Work Violence Research Institute has **'relations'** with the FDIC. He stated he needed to contact the

      FDIC. Plaintiff requested, and Steve Kaufer provided his fax number. Plaintiff provided evidence ignored by Steve Kaufer and FDIC on **January 19, 2006** that **Douglas R. Fahey was not authorized to engage into an unauthorized interception of oral communications**. Steve Kaufer was non-responsive. Mr. Kaufer received, accepted, and provided controversial inflammatory, derogatory, degrading investigative report, comments, notes provided by an unlicensed investigator Douglas R. Fahey (**Acting Under the Color of Law**).

      4. The Complaint identifies Fahey as follows: "(contractor)" and "managed to work for the FBI September 2004." Complaint ¶¶ 30 & 91. An attachment to the Complaint purporting to be an FDIC "Modification of Contract" with Securiguard, Inc. identifies Fahey as "Key Personnel" of FDIC contractor Securiguard. Another attachment to the Complaint purporting to be a letter dated October 12, 2004 from one Barry Cohen (who identifies himself as "a Contract EEO Investigator who is investigating the EEO Complaint of FDIC employee Yolanda Gibson-Michaels") to Fahey addresses the letter to

      Mr. Douglas Fahey
      C/O USEC Corporation
      7532 Leesburg Pike
      Suite 402
      Falls Church, VA
      22043

Nothing in the Complaint or any attachment alleges, directly or by reasonable inference, that Fahey was employed by, part of or in any way associated with WVRI or Mr. Kaufer. To the contrary, the reasonable inference, and the only inference, from the actual allegations in the Complaint and from its attachments is that WVRI did not employ or have any other association with Fahey.

      5. The Complaint does not name WVRI or its principal, Steve Kaufer, in any of the allegations following identification of the parties.

3489725                              3

6. Other than in the identification of the parties, the only references to WVRI and Mr. Kaufer that WVRI was able to glean were in the mass of documentation accompanying the Complaint, at pages 13 and 14 of what purports to be part of an IRIMS Incident Report, Incident Number: 0-0000000016, File Number: WASHINGTON, printed September 21, 2004. The Complaint itself contains no reference to the Incident Report.

7. The references in the IRIMS Incident Report indicate that the unidentified author contacted WVRI and, regarding Plaintiff's behavior, spoke with Mr. Kaufer, briefed Mr. Kaufer and sent Mr. Kaufer unspecified documentation for his review. The Incident Report further indicates that based on his review of the materials that the author had supplied, Mr. Kaufer opined orally to the unidentified author that Plaintiff's "behavior was not acceptable and needed corrective action." Mr. Kaufer followed with a brief written report that concluded (this incomplete conclusion is as much as the attachment provides): "While her actions, methods and language are unwanted and should likely result in corrective action, I don't believe …."

8. The author of the IRIMS Incident Report wrote, "This case was referred to management for review."

9. The attachments to the Complaint also include Affidavits from accused persons James T. Lantelme and William A. Kmetz explaining their conduct and their side of the dispute with Plaintiff. The Affidavits have no references to WVRI or to Mr. Kaufer.

## ARGUMENT

**I. The Complaint Fails To State A Claim Against WVRI Upon Which Relief Can Be Granted**

**1. Standard of Review**

The Rule 12(b)(6) standard is well known. Presuming the truth of all well pleaded facts, and giving Plaintiff the benefit of reasonable inferences grounded in and flowing from the well pleaded facts, the Court should grant this motion to dismiss if the Complaint on its face fails to state a legally sufficient claim for relief. The Court may not sustain the Complaint based on conclusory allegations, speculation or strategic pleading decisions. *See, e.g., Tnaib v. Document Technologies, LLC*, 450 F. Supp. 2d 87, 90-91 (D.D.C. 2006).

**2. The Complaint Fails to Allege Any Facts or to Support Any Inferences of Actionable Conduct by WVRI**

As set forth below in Argument Point II, the Complaint is a rambling, disjointed and prolix document. Nevertheless, it is clear that except for "V. PARTIES," quoted in full above with respect to WVRI, the Complaint is barren of allegations implicating WVRI or Mr. Kaufer in any wrongful or otherwise actionable conduct. On its face, and giving it maximum leeway for Plaintiff's benefit, this Complaint fails to state any claim, for any relief, against WVRI.

**3. The Complaint Fails to Allege Any Facts or to Support Any Inferences Showing That WVRI is an Employer or Other Person Against Which a Claim Lies Under the Federal Statutes On Which the Complaint Relies**

Plaintiff seeks relief under the following federal laws prohibiting discrimination in the workplace: (i) Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, *et seq*. (West 2006), (ii) The Age Discrimination in Employment Act, 29 U.S.C.A. § 621, *et seq*. (West 2006) ("ADEA") and (iii) The Family and Medical leave Act, 29 U.S.C.A. § 2601, *et seq*. (West 2006) ("FMLA").

Complaint ¶¶ 1, 2 & 130, COUNT I, COUNT II, COUNT III, COUNT IV and COUNT V, and Prayer for Relief ¶¶ 2 & 4-11. Each statute defines the persons against whom actions may lie and relief granted and the persons entitled to sue. Neither WVRI nor Plaintiff falls within the categories of, respectively, potentially liable persons or potential plaintiffs under any of these statutes:

(i) Title VII prohibits certain unlawful employment practices by "an employer," "an employment agency" and "a labor organization," against, respectively, employees, applicants for employment and union members. 42 U.S.C.A. § 2000e-2(b) (West 2006). Title VII defines "employer," "employment agency" and "labor organization" in, respectively, *id.* §§ 2000e(b), (c) & (d). The Complaint does not allege that WVRI meets any of these definitions, and the only reasonable inference that can be derived from the Complaint is that WVRI was not Plaintiff's employer, not an employment agency through which Plaintiff sought employment and not a labor organization numbering Plaintiff among its members, as WVRI in fact was not. Furthermore, the Complaint does not allege that Plaintiff was a WVRI employee, applicant for employment or union member, as Plaintiff in fact was not. Thus, as a matter of law, the Complaint fails to state any claim against WVRI under Title VII.

(ii) Plaintiff's allegations fail to state a claim under ADEA for two reasons. First, the Complaint's allegations preclude an ADEA claim against WVRI. The Complaint relies on 29 U.S.C.A. § 633a, "Nondiscrimination on account of age in Federal Government employment." Complaint ¶ 1. The Complaint does not allege, as the Complaint cannot allege, that WVRI is any part of the federal government. Second, and more broadly, ADEA tracks Title VII. ADEA forbids age discrimination in employment by "an employer," "an employment agency" and "a labor organization," against, respectively, employees, applicants for employment and union members. 29

U.S.C.A. §§ 623(a), (b) & (c) (West 2006). The Complaint does not allege, nor could it allege, that WVRI was "an employer," "an employment agency" or "a labor organization" with respect to Plaintiff, or that Plaintiff was an employee of, applicant for employment to or union member of WVRI. Inferentially, the Complaint can be read only to allege the contrary, that WVRI was not any of the potentially liable persons under ADEA and that Plaintiff is not a permissible plaintiff in an ADEA action against WVRI. Thus, as a matter of law, the Complaint fails to state any claim against WVRI under the ADEA.

(iii) FMLA imposes requirements for the benefit of, and permits enforcement actions by, only an "eligible employee." 29 U.S.C.A. §§ 2612 & 2617 (West 2006). An "eligible employee" is "an employee who has been employed … for at least 12 months by the employer … for at least 1,250 hours of service with such employer during the previous 12-month period." *Id.* §§ 2611(2)(A). The Complaint does not allege, as it could not allege, that Plaintiff was an "eligible employee" of WVRI or that WVRI was Plaintiff's "employer." The only reasonable inferences, to repeat, are that Plaintiff was not WRVI's employee and that WVRI was not an employer with respect to Plaintiff. Thus, as a matter of law under FMLA also, the Complaint fails to state any claim against WVRI.

**II. The Complaint Fails To Plead a Short and Plain Statement of the Claim Showing that Plaintiff is Entitled to Relief**

The Complaint is prolix, repetitive, contradictory or at least confusing, incomprehensible at times and disjointed – in sum, not "short," not "plain," and not a "statement" showing that Plaintiff is entitled to relief against WVRI. Fed. R. Civ. P. 8(a)(2). Even though this Plaintiff is pro se, this Complaint cannot stand under Rule 8(a)(2). *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C.

1977), and particularly the following passage regarding a pro se complaint that describes the Complaint against WVRI perfectly:

> The pleading filed by the plaintiff in this case is indeed a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies. The complaint contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments. Nor has Plaintiff alleged with even modest particularity the dates and places of the transactions of which he complains. It belabors the obvious to conclude that the complaint filed in this action falls far short of the admittedly liberal standard set in F. R. Civ. P 8(a).

*See also Hartz v. Friedman*, 919 F.2d 469, 471 (7th Cir. 1990); *Nagel v. ADM Investor Services, Inc.*, 995 F. Supp. 837, 845 (N.D. Ill. 1998). For this reason also, the Complaint must be dismissed, or at least stricken. Fed. R. Civ. P. 8(a)(2) & 12(f).

### III. The Court Should Dismiss the Complaint With Prejudice, Without Leave to Amend

In a Complaint close to an inch thick with attachments, Plaintiff has not come close to alleging a claim under the cited federal statutes against WVRI. On the facts that Plaintiff does allege, and from the attachments, it is clear that Plaintiff not only cannot allege, but will not be able to allege, any claim against WVRI under Title VII, ADEA or FMLA. WVRI was not and is not a person that may be subject to suit under these laws. Plaintiff was not and is not a person who may bring an action against WVRI under these laws. In short, there is nothing that Plaintiff could allege truthfully, in good faith and in compliance with Rule 11 that would enable an amended complaint to withstand a motion to dismiss. Accordingly, the Court should dismiss this Complaint against WVRI with prejudice, without leave to amend. *See Polsby v. Thompson*, 201 F. Supp. 2d 45, 51-52 (D.D.C. 2002).

**CONCLUSION**

For the foregoing reasons, Workplace Violence Research Institute respectfully prays that the Court dismiss the Complaint without leave to amend and grant Workplace Violence Research Institute such other and further relief as may be appropriate.

Dated: December 22, 2006

        Respectfully submitted,

        /s/ Harvey A. Levin
        Harvey A. Levin (DC Bar No. 203869)
        Thompson Coburn LLP
        1909 K Street, N.W., Suite 600
        Washington, DC 20006
        Ph: 202-585-6900
        Fax: 202-585-6969
        Email address: hlevin@thompsoncoburn.com

        Counsel for Defendant Workplace Violence Research Institute

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Memorandum of Points and Authorities was served by ECF and by first class mail, postage prepaid, this 22nd day of December 2006 on:

Yolanda C. Gibson-Michaels
2210 Anvil Lane
Temple Hills, Maryland 20748

Shelia C. Bair
Chairman, Federal Deposit Insurance Corporation
550-17th Street, NW  MB-6028
Washington, D.C.  20429

Patricia Del Marvil
Chairman CEO
Securiguard Incorporation
6858 Old Dominion Drive – Suite 307
McLean, Virginia 22101

David L. Marvil
Chairman CEO
USEC Corporation
7531 Leesburg Pike – Suite 402
Falls Church, VA  22101

Douglas R. Fahey
3716 Dalebrook Drive
Dumfries, Virginia  22015-1804

Jenekia J. Johnson
1414 Colony Road
Oxon Hill, Maryland  20748

Robert Feldman, Executive Secretary
Federal Deposit Insurance Corporation
550-17th Street, NW
Washington, D.C.  20429

/s/ Harvey A. Levin

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS<br><br>　　Plaintiff<br><br>vs.<br><br>SHEILA C. BAIR, *et al.*<br><br>　　Defendants | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:06cv01940 (RMU)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING
MOTION OF WORKPLACE VIOLENCE RESEARCH INSTITUTE TO DISMISS FOR
FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND FOR
FAILURE TO PLEAD A COMPLAINT IN ACCORDANCE WITH RULE 8**

On motion of Defendant Workplace Violence Research Institute ("WVRI"), pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f) and 8(a), to dismiss the Complaint for failure to state a claim on which relief can be granted and for failure to plead in accordance with Rule 8(a)(2), it is hereby ORDERED that:

　　1. WRVI's motion be, and it hereby is, GRANTED.

　　2. The Complaint is hereby dismissed for failure to state a claim on which relief can be granted because there are no allegations of fact or reasonable inferences arising from well pleaded facts that support any claim against WRVI, and because (i) WVRI is not an "employer" or other potentially liable person, and (ii) Plaintiff is not a WVRI "employee" or other person who may have an action against WVRI, under the federal statutes on which the Complaint bases its requests for relief.

3. Because it appears to the Court that (i) WVRI was not and is not a person that may be subject to suit under the federal statutes on which Plaintiff bases her Complaint, (ii) Plaintiff was not and is not a person who may bring an action against WVRI under these statutes and (iii) an amended complaint against WVRI could not withstand a motion to dismiss and would be futile, the Complaint is dismissed without leave to amend.

Dated: _____, 2007.

_____
Ricardo M. Urbina
United States District Judge

Copies to:

    Harvey A. Levin
    Yolanda C. Gibson-Michaels
    Shelia C. Bair
    Patricia Del Marvil
    David L. Marvil
    Douglas R. Fahey
    Jenekia J. Johnson
    Robert Feldman