IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS )<br>)<br>Plaintiff )<br>)<br>) Civil Action No. 1:06cv01940 (RMU)<br>vs. )<br>)<br>SHEILA C. BAIR, *et al.* )<br>)<br>Defendants )<br>) | |

**REPLY OF WORKPLACE VIOLENCE RESEARCH INSTITUTE
IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED
AND FOR FAILURE TO PLEAD A COMPLAINT IN ACCORDANCE WITH RULE 8**

Pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f) and 8(a), and Local Rule 7, Defendant Workplace Violence Research Institute ("WVRI"), by undersigned counsel, respectfully replies to Plaintiffs' Opposition to Defendants' Motion to Dismiss. Plaintiff neither filed her Opposition nor served her Opposition on WVRI's counsel. Undersigned counsel learned of the Opposition only indirectly through Electronic Case Filing system notice of the Replies filed by Defendants USEC Corporation and Securiguard, Inc. (Docket Nos. 20 and 21, Jan. 12, 2007).

In any event, Plaintiffs' Opposition confirms each of the three separate grounds on which the Complaint must be dismissed:

1. Pursuant to Rule 12(b)(6), the Complaint fails to state any claim on which relief can be granted against WRVI because there are no allegations of fact or reasonable inferences arising from well pleaded facts that support any claim against WRVI.

2. Pursuant to Rule 12(b)(6), the Complaint fails to state any claim on which relief can be granted against WRVI because under the federal statutes on which the Complaint bases its requests for relief (i) WVRI is not an "employer" or other potentially liable person and (ii) Plaintiff is not a WVRI "employee" or other person who may have an action against WVRI.

3. Pursuant to Rule 8(a)(2), the Complaint fails to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Instead, the Complaint is a prolix, rambling, often incomprehensible document that is incapable of being answered in accordance with Rule 8(b).

## ARGUMENT

**1. The Opposition Shows That The Complaint Fails To Allege Any Facts or to Support Any Inferences of Actionable Conduct by WVRI**

WVRI showed in its motion that the Complaint contains nothing approaching a claim against WVRI. Plaintiffs' Opposition confirms this. The Opposition contains only the following three references to WVRI and/or its principal Steve Kaufer (any errors in original):

> i. Defendant Douglas Fahey while acting under the color of law denied Plaintiff due process protection, collected information, denied Plaintiff counsel, disseminating malicious accusations to the Workforce Violence Institute CEO Steve Kaufer to and including throughout the Securiguard and USEC 3rd party contractor security guard employees, and willfully caused Plaintiff's picture, personal family members medical information, and Plaintiff's severely autistic son's medical information to be disseminated, circulated, and permanently entered into the FDICs, Seuriguard, and USECs computerized data base.

Opposition at 11.

> ii. Defendant imposed a stigma upon Plaintiff that will foreclose future employment opportunities by having placed derogatory information regarding the investigative interview, interception of Plaintiff's oral communication, privacy, unauthorized released of intercepted communication ('tape recording') to the Workforce Violence Institute (3rd party contractor).

Opposition at 12.

>       iii. Defendants should not be permitted to redefine common concepts or words simply to suit its personal and financial interests. The meaning of being label as a 'threat' has been established in an investigative report, tape recorded, disseminated to other 3rd party contractor's i.e, Steve Kaufer CEO of the Workforce Violence Institute, colleague, and associate of Douglas R. Fahey whom are both members of the ASIS Institute.

Opposition at 17.

Each reference alleges only that Defendant Fahey sent information to WVRI. None of the statements alleges, or supports a reasonable inference, that WVRI or Mr. Kaufer did anything to or against Plaintiff; and none of the statements supports a claim that WVRI and Mr. Kaufer caused Plaintiff any harm.

**2. The Opposition Shows That The Complaint Fails To Allege Any Facts or to Support Any Inferences Showing That WVRI is an Employer or Other Person Against Which a Claim Lies Under the Federal Statutes On Which the Complaint Relies**

In her Complaint, Plaintiff sought relief under three federal laws prohibiting discrimination in the workplace: (i) Title VII of the Civil Rights Act of 1964, (ii) The Age Discrimination in Employment Act and (iii) The Family and Medical Leave Act. In its original motion to dismiss, WVRI showed that neither WVRI nor Plaintiff falls within the categories of, respectively, potentially liable persons or potential plaintiffs under any of these statutes. Nothing in the Opposition disputes, either factually or legally, that Plaintiff has no claim for relief against WVRI under these statutes.

Without any discussion of their relationship to the Complaint, Plaintiff's Opposition purports to add three new statutory bases for her claims: The Electronic Communication Privacy Act of 1986, The Omnibus Crime Control and Safe Streets Act of 1968 and The Authorization of Applications for Wire, Oral, and Electronic Interception Orders; Privacy Act. *See* Opposition at 1. But after these nominal references to the three statutes, the Opposition does not provide any legal or factual grounds

(as there are no grounds) for a claim against WVRI under the newly asserted statutes.  As the only three references to WVRI and Mr. Fahey in the Opposition show, Plaintiff has not alleged directly or inferentially that WVRI or Mr. Kaufer was in any position or occupied any status that might make WVRI or Mr. Kaufer liable under any of the statutes, even had Plaintiff alleged (as Plaintiff does not allege) that they had done anything to or against Plaintiff.

### 3. The Complaint Fails To Plead a Short and Plain Statement of the Claim Showing that Plaintiff is Entitled to Relief

Plaintiff's response to WVRI's Rule 8(a) argument is itself a concession of the merits of the Rule 8(a) argument: tautological both internally and compared to the Complaint, rambling and disjointed, not "short," not "plain" and not a "statement" showing that Plaintiff is entitled to relief against WVRI.  Proceeding pro se gives Plaintiff considerable leeway for sure, but Plaintiff's pro se status does not supplant and provide a substitute for the procedural and substantive requirements of pleadings.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

### CONCLUSION

For the foregoing reasons and the reasons set for in WVRI's original motion (Docket No. 18), Workplace Violence Research Institute respectfully prays that the Court dismiss the Complaint without leave to amend and grant Workplace Violence Research Institute such other and further relief as may be appropriate.

Dated: January 12, 2007

Respectfully submitted,

/s/ Harvey A. Levin
Harvey A. Levin (DC Bar No. 203869)
Thompson Coburn LLP
1909 K Street, N.W., Suite 600
Washington, DC 20006
Ph: 202-585-6900
Fax: 202-585-6969
Email address: hlevin@thompsoncoburn.com

Counsel for Defendant Workplace Violence Research Institute

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply was served by ECF and by first class mail, postage prepaid, this 12th day of January 2007 on:

Yolanda C. Gibson-Michaels
2210 Anvil Lane
Temple Hills, Maryland 20748

Sheila C. Bair
Chairman, Federal Deposit Insurance Corporation
550-17th Street, NW  MB-6028
Washington, D.C.  20429

Scott D. Helsel, Esquire
Walton & Adams, P.C.
1925 Isaac Newton Square, Suite 250
Reston, VA 20910

Davis Zachary Thompson, Esquire
Kaufman Law, A Professional Corporation
11350 Random Hills Road, Suite 650
Fairfax, VA 22030

Jenekia J. Johnson
1414 Colony Road
Oxon Hill, Maryland  20748

Robert Feldman, Executive Secretary
Federal Deposit Insurance Corporation
550-17th Street, NW
Washington, D.C.  20429


/s/ Harvey A. Levin