IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS | ) |
| Plaintiff, | ) |
| v. | ) Civil Action Nos. CV-01933, CV-01938 |
| SHELIA C. BAIR CHAIRMAN, FEDERAL DEPOSIT et.al. | ) CV-01940 |
| Defendants, | ) |

**MOTION TO STAY COMPLAINT WITHOUT PREJUDICE TO ENGAGE INTO SETTLEMENT NEGOTIATIONS WITH THE FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC) et.al.**

## I. INTRODUCTION

Now comes Yolanda C. Gibson-Michaels, Plaintiff (Prose) and files a **Motion to Stay her complaint Without Prejudice** to: (1) amicably attempt to resolve by mutual agreement between all parties a **Global** settlement between the Federal Deposit Insurance Corporation (hereafter "FDIC") and an individual **Global** between all named Defendants, (2) retain legal counsel to pursue all claims against FDIC and named defendants if a mutually agree upon settlement is not reached among all parties; and (3) allow Plaintiff to consolidate claims.

## II. SUMMARY

By order dated **January 5, 2007**, Honorable Judge Ricardo M. Urbina provided Plaintiff 30 days to respond to Defendant's Douglas R. Fahey, USEC and Securiguard's Motion to Dismiss.

The FDIC by and through its counsel of record Kathleen Gunning agreed by email dated **October 24, 2006** expressed to engage into a Global settlement agreement by and between Plaintiff (prose) FDIC and named defendants USEC Corporation, Securiguard subcontractor to USEC Corporation, Workplace Violence Institute, Douglas R. Fahey, Jenekia Johnson et.al. (See Exhibit A)

By email communication dated **December 12, 2006**, Tina Lamoreaux, FDICs Counsel requested that Plaintiff dismiss all claims against Robert Feldman, the Executive Secretary of the FDIC as a defendant. By email dated **(See Exhibit B)**

## III. FDICs INVOLUNTARY REMOVAL OF PLAINTIFF REVERSED

Plaintiff was involuntary removed ("constructive discharge") from the Federal Deposit Insurance Corporation on **January 21, 2005**. The MSPB ruled on **November 14, 2005** that Plaintiff's removal was involuntary. The FDIC was ordered to cancel the Plaintiff's resignation and to reinstate her to her position as an Information Specialist, effective January 21, 2005. See **Gibson-Michaels** v. **Federal Deposit Insurance Corporation, MSPB Docket No.** DC-0752-05-0633-I-1 **(Initial Decision, Nov. 14, 2005)**. The initial decision became the final decision of the Board on **December 19, 2005**. FDIC effectuated Plaintiff's 2nd involuntary removal on **March 31, 2006**.

Plaintiff claims are well within the statute of Limitations to and including intentional torts which are governed by a tolling of the statute of limitation. i.e., intentional assault, battery, false imprisonment, slander, and libel cases are governed by a two (2) year statute of limitations.

## IV. Duty and Breach

It is indisputable that the Federal Deposit Insurance Corporation (FDIC) and named Defendants (tortfessors) both owed Plaintiff a duty of care to conform to a standard of conduct in the retention, hiring, and use of an unlicensed security guard (acting under the color law) in violation of Plaintiff's civil, constitutional, privacy, age, race; parental rights etc.

## V. Standard of Care

It is indisputable that the Federal Deposit Insurance Corporation (FDIC) and named Defendants (tortfessors) owed Plaintiff a high standard of care to perform fitness and integrity checks of all contract employees allowed onto the premises of a Federal Agency.

FDIC failed to exercise the "highest" degree of care during the retention, screening, and hiring of unlicensed Security Guard personnel whom were only contracted to provide "Guard Services" in accordance to the General Services Administration (GSA)

VI.  **Causation**

It is indisputable that the Federal Deposit Insurance Corporation (FDIC) and named Defendants (tortfessors) breach and violation of a standard of care caused injuries to Plaintiff, Plaintiff's family and substantial injury to Plaintiff's severely autistic son whom remains without critical medical benefits, access to specialty doctors, medications, treatment, environmental adaptations and other life sustaining medical treatment but for the FDIC, Securiguard and USECs employment of Douglas R. Fahey (unlicensed) contractor, Title VII, age, race, FMLA, disparate treatment, negligence and other violations of Plaintiffs civil and constitutional rights under the law. Defendants are the direct cause of Plaintiff's injuries.

**Statutes of Limitation for Plaintiff's Special Needs Child**

It is indisputable that the Federal Deposit Insurance Corporation (FDIC) and named Defendants (tortfessors) caused and continues to cause injuries to Plaintiffs severely autistic son with a seizure disorder. (**A minor's cause of action is tolled until the minor's twenty-first (21st) birthday).**

**ANALYSIS**

Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend a responsive pleading may be granted when the amendment does not serve a dilatory purpose, the opposing side will not suffer undue prejudice, and the amendment will not prove futile and allow time to determine whether settlement of the case is possible. See Foman v. Davis, 371 U.S. 178, 182-83, 83 S.Ct. 227, 9 L. Ed. 2d 222 (1962).

## FDIC, SECURIGUARD, USEC CORPORATION AND THE WORKFORCE VIOLENCE INSTITUTE (STEVE KAUFER) VIOLATED MANDATORY PROCEDRUES REQUIRED TO HIRE CONTRACTORS

a) Background Investigation Questionnaire For Contractors

b) Part 366 - Minimum Standards of Integrity and Fitness for an FDIC Contractor

c) Contractor Confidentiality Agreement

d) Contractor Past Performance RFP Reference Check Questionnaire

e) FDIC Contractor Representations and Certifications

f) FDIC Integrity and Fitness Representations and Certifications

g) Notice & Authorization for the Fair Credit Reporting Act

h) Background Investigation Questionnaire for Contractor Personnel & Subcontractors

### The Exclusionary Rule

When Congress adopted the federal wiretap law in 1968, one of the protections it wrote into the law was a provision stating that communications intercepted in violation of the law **could not be used as evidence in any trial, civil case, or administrative proceeding**. 18 USC 2515. This is called a statutory exclusionary rule. When Congress extended the wiretap law to cover email and other electronic communications, it did not extend the e statutory exclusionary rule of 18 USC 2515 to interception of email or other electronic communications. The rule currently applies only to voice interceptions.

### Interrogation

Miranda protection only extends to those persons who, while in custody, are interrogated by persons the suspect knows are acting on behalf of the state. In Rhode Island v. Innis, 558 the Supreme Court defined interrogation as "**express questioning** or **its functional equivalent**." The functional equivalent of interrogation consists of "**words or actions on the part of the police** . . . that the police should know are reasonably likely to elicit an incriminating response from the suspect."

<u>**"Psychological ploys" designed to elicit incriminating responses may also constitute interrogation**</u>. (Note: "The FDIC and Defendant's chose the use of the Holy Word of GOD to suggest that Plaintiff made an intern feel threaten over a bible verse the intern affirmed that she had heard many times before."

## INDEMNIFICATION

Defendants attempt to shield itself from intentional negligent actions, defamation of Plaintiff character, Title VII, due process, and constitutional protections afforded to Plaintiff. Defendant's contractual Indemnification agreements, license requirements, warrants, bonds, certifications are clearly articulated in both Securiguard and USEC Corporation contractual agreement with the Federal Deposit Insurance Corporation, under Article XI. Indemnification, page 16 of the USEC Corporation contract clear states, in part, that:

> "Contractor agrees to indemnify, Hold Harmless, and Defend the FDIC in all of its capacities, and all of its officers, directors, and employees against any and all claims, losses, penalties, fines, forfeitures, amounts paid in settlement, judgments, reasonable attorneys' fees and related litigation, costs, fees, expenses which result from any act or omission constituting negligence, willful misconduct or breach of fiduciary duty by any officer, director, agents or employees of Contractor or its subcontractors in connection with Contractor's performance under this contract."

Plaintiff's complaint clearly provided evidence that Douglas R. Fahey did not have a licensed, was paid under both Securiguard and USEC Corporation contracts, and violated Articles I, VII, Scope, suitability, standards of conduct to and including other articles under the Securiguard contract and Steve Kaufer (CEO), Consultant for the Workforce Violence Institute had no right to accept evidence from an unlicensed security guard, publish, comment, provide a professional psychoanalysis against Plaintiff, publish personal information regarding plaintiff's family members.

### The Corporate Decency Act

It is indisputable that the Federal Deposit Insurance Corporation (FDIC) and named Defendants (tortfessors) violated Plaintiff rights under the Corporate Decency Act by which the FDIC, Secuiguard, Workforce Violence Institute and USEC Corporation are governed. 1/

## WHISTLEBLOWER PROTECTION AND MALICIOUS DISCHARGE

**It shall be unlawful for any corporate official to discriminate against, retaliate against, or deprive an employee of employment, employment benefits, employment opportunities**, or any other rights secured under the laws of the state because of the employee's involvement in or participation in any of the following activities:

1. Filing, instituting, or causing to be filed or instituted any investigation or proceeding resulting from the administration or enforcement of any federal, state, or local statute, regulation or executive order;

2. Assisting or participating, or being about to [preparing to] assist or participate in any manner in any proceeding or action to carry out the purposes of this Act;

3. Communicating to, or providing any information to any employer, or employer's agent, regarding a violation, or suspected violation, of any federal, state, or local statute, regulation or executive order;

4. Participating in any federal, state or local government investigation or other proceeding; and/or

5. Opposing any practice made unlawful by any federal, state, or local statute, [law,] regulation or executive order.

---

1/   *Corinthians 13:8* ... But whether there be prophecies, they shall fail; whether there be tongues, they shall cease; whether there be knowledge, it shall vanish away. For *we (humans) know in part, and we prophesy in part.* But when that which is perfect is come, then *that which is in part shall be done away*

**WHEREFORE**, in good faith, Plaintiff request that a <u>**Stay is Granted to engage into Settlement negotiations with the FDIC**</u> and <u>**named Defendants**</u> by and through the law firm of Rose & Rose, 1320 19th St N.W., Suite 601, Washington DC 20036-1655. Attorney David Rose is the point of contact for all Settlement negotiations on behalf of Plaintiff. Parties are required to contact Mr. Rose at 202-331-0363.

_____
Yolanda C. Gibson-Michaels
2210 Anvil Lane
Temple Hills, Maryland 20748
(301) 630-5062

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **18th day of January 2007**, a copy **Plaintiffs' Motion to Stay Complaint Without Prejudice** was mailed by Certified Mail to named defendants and hand carry to the U.S. Court:

**Copies to:**

David Zachary Kaufman, Esq.
Kaufman Law Firm, A Professional Corporation
11350 Random Hills Road – Suite 800
Fairfax, Virginia 22030
Counsel for Defendants Securiguard, Inc.
 and USEC Corporation

Scott D. Helsel (D
Walton & Adams, PC
1924 Isaac Newton Square
Reston, Virginia 20190

Shelia C. Bair
Federal Deposit Insurance Corporaiton (FDIC)
550 17th Street, N.W. MB-6029
Washington, D.C. 20429

Kathleen Gunning, Counsel and Tina Lamoreaux, Counsel
Federal Deposit Insurance Corporation (FDIC)
3501 North Fairfax Drive
Arlington, Virginia

Douglas R. Fahey
3716 Dalebrook Drive
Dumfries, Virginia 22015-1804

Jenekia J. Johnson
1414 Colony Road
Oxon Hill, Maryland 20748

Patricia Del Marvil
Chairman CEO
Securiguard Incorporation
6858 Old Dominion Drive – Suite 307
McLean, Virginia 22101

David L. Marvil
Chairman CEO
USEC Corporation
7531 Leesburg Pike – Suite 402
Falls Church, Virginia 22101

Robert Feldman, Executive Secretary
Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, D.C. 20429

Attorney David Rose
Rose & Rose
1320 19th St N.W., Suite 601
Washington DC 20036-1655.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Nos. CV-01933, CV-01938 |
| ) | CV-01940 |
| SHELIA C. BAIR ) | |
| CHAIRMAN, ) | |
| FEDERAL DEPOSIT et.al. ) | |
| ) | |
| Defendants, ) | |

## ORDER

It is upon consideration of Plaintiff's **MOTION TO STAY COMPLAINT WITHOUT PREJUDICE TO ENGAGE INTO SETTLEMENT NEGOTIATIONS WITH THE FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC)** et.al hereby by **Granted** on this _____ day of _____, 2006.

_____
Judge

**Copies to:**

David Zachary Kaufman, Esq.
Kaufman Law Firm, A Professional Corporation
11350 Random Hills Road – Suite 800
Fairfax, Virginia 22030
Counsel for Defendants Securiguard, Inc.
  and USEC Corporation

Scott D. Helsel (D
Walton & Adams, PC
1924 Isaac Newton Square
Reston, Virginia 20190

Shelia C. Bair
Federal Deposit Insurance Corporaiton (FDIC)
550 17th Street, N.W. MB-6029
Washington, D.C. 20429

Kathleen Gunning, Counsel and Tina Lamoreaux, Counsel
Federal Deposit Insurance Corporation (FDIC)
3501 North Fairfax Drive
Arlington, Virginia

Jenekia J. Johnson, Prose Defendant
1414 Colony Road
Oxon Hill, Maryland 20748

Douglas R. Fahey
3716 Dalebrook Drive
Dumfries, Virginia 22015-1804

Patricia Del Marvil
Chairman CEO
Securiguard Incorporation
6858 Old Dominion Drive – Suite 307
McLean, Virginia 22101

David L. Marvil
Chairman CEO
USEC Corporation
7531 Leesburg Pike – Suite 402
Falls Church, Virginia 22101

Robert Feldman, Executive Secretary
Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, D.C. 20429

Attorney David Rose
Rose & Rose
1320 19th St N.W., Suite 601
Washington DC 20036-1655

Yahoo! Mail - ygmichaels@yahoo.com

Yahoo! My Yahoo! Mail

Search:

**YAHOO! MAIL**   Welcome, ygmichaels
[Sign Out, My Account]

Web Search

Mail Home - Mail Tutorials - Help



Unbeatable Free Checking
MADE POSSIBLE WITH WACHOVIA

WACHOVIA

Mail   Addresses ▼   Calendar ▼   Notepad ▼      Mail For Mobile - Mail Upgrades - Options

Check Mail | Compose |                               Search Mail | Search the Web |

Vonage: Get $25 & 1 Free Month

Previous | Next | Back to Messages

Delete | Reply ▼ | Forward ▼ | Spam | Move... ▼

**Folders** [Add - Edit]

This message is not flagged. [ Flag Message - Mark as Unread ]   Printable View

**Inbox (3)**
Draft
Sent
Bulk   [Empty]
Trash  [Empty]

**Subject:** Settlement
**Date:** Tue, 24 Oct 2006 15:15:36 -0400
**From:** "Gunning, Kathleen" <KGunning@FDIC.gov>  View Contact Details
  Add Mobile Alert
**To:** ygmichaels@yahoo.com
**CC:** "Lamoreaux, Tina A." <TLamoreaux@FDIC.gov>

**My Folders** [Hide]

Associates (2)
Att NathanielJo...
Cathy Harris Au...
FDIC CORRUPTION
FDIC EEO 2006 (18)
FDIC REP TINA L... (15)
FDIC ULP (4)
Israel Weinstock (1)
James Lawrence ...
JohnPerkins
Kenneth Wayne F...
MSPB (1)
Monaghan
NETU Howard Mat... (19)
NUBANK FDIC DPO... (4)
OFFICESPECIALCOUNS
Office of Speci...

Ms. Gibson-Michaels-

    In our telephone conversation today, you indicated that you might be interested in a global settlement of all your claims against the FDIC. I spoke with Tina Lamoreaux and she indicated that she presently has no delegated authority to settle these claims. If you wish to enter into settlement discussions, however, she indicated that you should forward any settlement offer to her in writing.

    In addition, you stated that you might be retaining legal counsel over the weekend. If you do hire an attorney, please let us know his or her name, address and telephone number so that we might communicate with them. Thanks.

                Kathy Gunning


Kathleen V. Gunning

Counsel, Appellate Litigation Unit

Federal Deposit Insurance Corporation

Legal Division

Ex. A

http://us.f382.mail.yahoo.com/ym/ShowLetter?MsgId=1495_0_48289_1734_1424_0_216...

| PatrickHenry La... (27) | 3501 N. Fairfax Drive |
| SEC | VS-D7012 |
| Spencer Hecht (26) | |
| Sprint Nextel | Arlington, VA 22226 |
| Steve Hanas Sun... | Tel. (703) 562-2378 |
| ToddSch | |
| Tweedy (9) | Fax: (703) 562-2469 |
| U.S. SENATE CON... | Delete  Reply ▾  Forward ▾  Spam  Move... ▾ |
| lawsuitfunding | Previous | Next | Back to Messages     Save Message Text | Full Headers |

**Search Shortcuts**

My Photos

My Attachments

 See your credit score - free

 Earn a degree in less than 1 yr.

 Mortgage rates as low as 4.625%

 Find Any Email Address

Check Mail | Compose          Search Mail | Search the Web

Copyright © 1994-2007 Yahoo! Inc. All rights reserved. Terms of Service - Copyright/IP Policy - Guidelines - Ad Feedback
NOTICE: We collect personal information on this site.
To learn more about how we use your information, see our Privacy Policy

Yahoo! Mail - ygmichaels@yahoo.com

Page 1 of 3

Yahoo! My Yahoo! Mail

Welcome, **ygmichaels**
[Sign Out, My Account]

Mail Home - Mail Tutorials - Help

Search:   Web Search

THIS WEEK'S TOP TRAVEL DEALS:
Sherman's Top 25

$49+ OW   Winter & spring US AIR sale
$153+     Bargain VEGAS weekend getaways
Under $100:day Florence, Venice & Verona
$599+     DOMINICAN REPUBLIC super-sale
$99/nt    Reopening rate at COZUMEL resort
$219+     Discounted Caribbean & Mex CRUISES

Mail   Addresses   Calendar   Notepad

Check Mail | Compose

Folders    [Add - Edit]
Netflix Only $5.99/mo.
Inbox (5)
Draft
Sent       [Empty]
Bulk       [Empty]
Trash      [Show]

My Folders

Search Shortcuts
My Photos
My Attachments

See your credit score - free
Earn a degree in less than 1 yr.

Mail For Mobile - Mail Upgrades - Options
Search Mail | Search the Web
Printable View

Previous | Next | Back to Messages

Delete | This message is not flagged. [ Flag Message - Mark as Unread ]   Reply | Forward | Spam | Move...

From: "David Rose" <DaveR@roselawyers.com>  View Contact Details   Add Mobile Alert
To: ygmichaels@yahoo.com
Subject: Gibson-Michaels Claims against FDIC; draft letter for your comment
Date: Tue, 16 Jan 2007 10:00:34 -0500

Ms. Gibson-Michaels

Please let me know if a letter like the following is o.k, and if not what suggestested changes you have.

Dave Rose

Ms. Lamoreaux:

Ms. Gibson-Michaels asked me to represent her in negotiations with the FDIC concerning her claims against your agency and contractors of same which are now pending in serveral district court cases she filed pro se. When we spoke

Yahoo! Mail - ygmichaels@yahoo.com

Page 3 of 3

settlement we might be able to reach.

| Delete | Reply ˅ | Forward ˅ | Spam ˅ | Move... ˅ |

Previous | Next | Back to Messages

Check Mail | Compose

Search Mail | Search the Web

Save Message Text | Full Headers

Copyright © 1994-2007 Yahoo! Inc. All rights reserved. Terms of Service - Copyright/IP Policy - Guidelines - Ad Feedback
NOTICE: We collect personal information on this site.
To learn more about how we use your information, see our Privacy Policy

http://us.f382.mail.yahoo.com/...



**Subject:** Gibson-Michaels v.Sheils C. Bair et al., Case No. 1:06CV01940-RMU
**Date:** Tue, 12 Dec 2006 15:51:59 -0500
**From:** "Lamoreaux, Tina A." <TLamoreaux@FDIC.gov>
**To:** "Yolanda Gibson-Michaels" <ygmichaels@yahoo.com>

Dear Ms. Gibson-Michaels:

In the above referenced complaint you named Robert Feldman, the Executive Secretary of the FDIC as a defendant. I am writing to request that you dismiss all claims against Mr. Feldman since none of the allegations in your complaint involve the Executive Secretary and as you acknowledge at the top of page 3 of your complaint the Chairman is the only proper party defendant in an action based on allegedly discriminatory employment practices. *See e.g. Jarrell v. U.S. Postal Service*, 753 F. 2d 1088, 1091 (D.C. Cir. 1985) (the head of the agency is the only proper defendant in a Title VII action); *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1989); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986); *McGuinness v. U.S. Postal Service*, 744 F. 2d 1318, 1322 (7th Cir. 1984) (the exclusive remedy for a claim that a federal agency discriminated against a handicapped employee is a suit against the agency's head.); *Ellis v. U.S. Postal Service*, 784 F.2d 835 (7th Cir. 1986).

If you consent to dismissing Mr. Feldman I will prepare a consent motion to submit to the court. Thank you for your consideration of this request, please email me your response.

Ex. B