## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**YOLANDA GIBSON-MICHAELS,**            )
                                        )
                    Plaintiff,          )
                                        )
            v.                          )        Case Number: 1:06CV01940 - RMU
                                        )
**SHEILA C. BAIR, et al.,**             )
                                        )
                    Defendants.         )
_____)

## ANSWER OF DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION, ITS CHAIRMAN AND EXECUTIVE SECRETARY

Defendants Sheila C. Bair, in her official capacity as Chairman of the Federal Deposit Insurance Corporation ("FDIC") and Robert Feldman, in his capacity as Executive Secretary of the FDIC responds to Plaintiff's complaint as follows:

### First Defense

Plaintiff has failed to state a claim for which relief may be granted.

### Second Defense

Plaintiff has failed to exhaust administrative remedies in this case.

### Third Defense

All conduct and actions on the part of Defendants concerning Plaintiff were wholly based on legitimate, nondiscriminatory, and non-retaliatory reasons.

### Fourth Defense

To the extent that Plaintiff has elected to use the negotiated grievance procedure of the Agency's Collective Bargaining Agreement, this Court lacks jurisdiction.

## Fifth Defense

Plaintiff has failed to comply with the time limits for pursuing administrative and judicial remedies for age, disability and Title VII discrimination claims.

## Sixth Defense

Plaintiffs' claims are barred by the statute of limitations, laches, res judicata, collateral estoppel, settlement and release, or accord and satisfaction.

## Seventh Defense

The head of the agency, in her official capacity, is the only proper defendant.

## Eighth Defense

The decisions Plaintiff challenges were based on reasonable business factors other than age.

## Ninth Defense

To the extent that Plaintiff's claims were brought before the Merit Systems Protection Board, plaintiff failed to appeal its ruling and this Court therefore lacks jurisdiction over those claims.

## Tenth Defense

Defendants deny Plaintiff is entitled to recover any damages or other relief; in the alternative, upon information and belief, Plaintiff's damage claims are barred in whole or part by reason of her failure to mitigate her alleged damages and/or the doctrine of after-acquired evidence; further, in the alternative, to the extent Plaintiff has mitigated her damages, Defendants are entitled to a credit or set-off.

2

**Eleventh Defense**

Defendants further respond to the numbered and unnumbered paragraphs of Plaintiff's complaint[1] as follows:

1. Answering the first unnumbered paragraph, beginning on page 2 of the Complaint under the heading "Introduction", this paragraph contains Plaintiff's assertion of jurisdiction and characterization of the present action, to which no response is required.  To the extent that an answer is deemed necessary, deny.

2. Answering the first unnumbered paragraph, beginning on page 3 of the Complaint, Defendants admit that the only proper party defendant in a civil action based on allegedly discriminatory employment practices by a federal agency is the head of the agency involved.

3. Answering the second unnumbered paragraph, on page 3 of the Complaint, this paragraph contains Plaintiff's assertion of jurisdiction and characterization of the present action, to which no response is required.  To the extent that an answer is deemed necessary, deny.

4. Answering the third unnumbered paragraph, on page 3 of the Complaint, Defendants admit that Plaintiff has filed EEO complaints with the FDIC's EEO office.  All remaining allegations of this paragraph are denied.

5. Answering the fourth unnumbered paragraph, on page 3 of the Complaint, this paragraph contains Plaintiff's assertion of jurisdiction and characterization of the

---

[1] Plaintiff did not consecutively number each of the paragraphs in her complaint.  As such, Defendants answer the unnumbered paragraphs of the complaint by referring, as best as possible, to the headings and page numbers of the complaint.

present action, to which no response is required.  To the extent that an answer is deemed necessary, deny.

6. Answering the fifth unnumbered paragraph, on page 3 of the Complaint, Defendants admit that Plaintiff is a black female whose date of birth is April 1, 1959.  The remaining allegations of this paragraph contain Plaintiff's assertion of jurisdiction and characterization of the present action, to which no response is required. To the extent that an answer is deemed necessary, deny.

7. Answering the sixth unnumbered paragraph, on page 3 of the Complaint, Defendants admit that Plaintiff is a former employee of the FDIC.  All other allegations of this paragraph are denied.

8. Answering the seventh paragraph, on page 3 of the Complaint, Defendants deny the allegations therein.

9. Answering numbered paragraph 1, on page 4 of the Complaint, Defendants deny the allegations therein.

10. Answering the first unnumbered paragraph on page 4 of the Complaint, under the heading "FDIC's Involuntary Removal of Plaintiff Reversed" Defendants admit that on November 14, 2005, in proceedings before the Merit Systems Protection Board (MSPB), the Administrative Judge found that Plaintiff's resignation from the FDIC was involuntary and the FDIC had constructively removed Plaintiff.

11. Answering the second unnumbered paragraph on page 4 of the Complaint, Defendants admit that on November 14, 2005, in proceedings before the MSPB, the Administrative Judge ordered the FDIC to cancel Plaintiff's resignation and reinstate her to her position as a Grade 11 Information Specialist effective

January 21, 2005, with appropriate back pay, interest and benefits. Defendants admit that the initial decision became final on December 16, 2005. All other allegations of this paragraph are denied.

12. Answering numbered paragraph 2, on page 4 of the Complaint, under the heading "Jurisdiction", this paragraph contains Plaintiff's assertion of jurisdiction and characterization of the present action, to which no response is required. To the extent that an answer is deemed necessary, Defendants admit that this is a civil action arising in part under 42 U.S.C. § 2000e-16 and 29 U.S.C. § 633a, but deny all other assertions and characterizations in this paragraph.

13. Answering numbered paragraph 3, on page 5 of the Complaint, under the heading "Venue," this paragraph consists of legal conclusions regarding venue, a response to which is not required. To the extent that a response is deemed necessary, Defendants deny the existence of any claims or causes of action on the part of Plaintiff, but admits that venue would be proper based on the allegations of the Complaint because Plaintiff was employed by the FDIC at its headquarters office in Washington, DC at the time of the alleged acts of discrimination took place. All other allegations of this paragraph are denied.

14. Answering numbered paragraph 4, on page 5 of the Complaint, Defendants admit that Plaintiff's date of birth is April 1, 1959 and that she is a United States citizen whose last known address is 2210 Anvil Lane, Temple Hills, MD. All other allegations of this paragraph are denied.

15. Answering numbered paragraph 5, on page 5 of the Complaint, Defendants admit that Sheila C. Bair is the Chairman of the FDIC, who in her official capacity is the

sole appropriate government defendant in this lawsuit. Defendants admit that Chairman Bair's predecessor was Martin J. Gruenberg who was acting Chairman (upon the resignation of Donald E. Powell) from November 16, 2005 until June 26, 2006. All other allegations of this paragraph are denied.

16. Answering numbered paragraph 5(a), on page 5 of the Complaint, Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. Answering numbered paragraph 5(b), on page 5 of the Complaint, Defendants admit that USEC Service Corporation provides contract security services at the offices of the FDIC in the District of Columbia and in Virginia. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

18. Answering numbered paragraph 5(c), on page 6 of the Complaint, Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19. Answering numbered paragraph 5(d), on page 6 of the Complaint, Defendants deny the allegations of this paragraph.

20. Answering numbered paragraph 5(e), on page 6 of the Complaint, Defendants admit that Jenekia Johnson is a former employee of the FDIC. All other allegations of this paragraph are denied.

21. Answering numbered paragraph 6, on page 7 of the Complaint, this paragraph consists of legal conclusions regarding jurisdiction, a response to which is not required. To the extent that a response is deemed necessary, Defendants deny the

existence of any claims or causes of action on the part of Plaintiff to the extent

she has failed to exhaust administrative remedies or otherwise fulfill statutory

prerequisites for some or all of her claims and/or matters raised in this Complaint

and/or has elected her remedy of using the negotiated procedure contained in the

Agency's Collective Bargaining Agreement.

22. Answering numbered paragraph 7, on page 7 of the Complaint, this paragraph

references statutory language from the Age Discrimination in Employment Act

("ADEA"), a response to which is not required.

23. Answering numbered paragraph 7a, on page 7 of the Complaint, this paragraph

references statutory language from the ADEA, a response to which is not

required.

24. Answering numbered paragraph 8, on page 7 of the Complaint, subject to

Defendants' affirmative defense that Plaintiff has failed to exhaust administrative

remedies or otherwise fulfill statutory prerequisites for some of her claims and/or

matters raised in her Complaint and/or has elected her remedy of using the

negotiated grievance procedure contained in the Agency's Collective Bargaining

Agreement, Defendants admit that Plaintiff has exhausted her administrative

remedies as to those claims accepted for investigation by the FDIC's Office of

Diversity and Economic Opportunity ("ODEO") in Agency Docket Nos.

FDICEO-040039 and FDICEO-040056. All other allegations of this paragraph

are denied.

25. Answering numbered paragraph 9, on page 8 of the Complaint, Defendants admit

the allegations of this paragraph.

26. Answering numbered paragraph 10, on page 8 of the Complaint, Defendants admit that Administrative Judge Henry granted Plaintiff's request to withdraw her cases from the EEOC's administrative hearing process in Agency Docket Nos. FDICEO-040039 and FDICEO-040056 on April 5, 2006.

27. Answering numbered paragraph 11, on page 8 of the Complaint, Defendants deny the allegations of this paragraph.

28. Answering the unnumbered paragraph in the middle of page 8 of the Complaint, under the heading "FDIC Continuous Violations of Plaintiff Right to Seek Relief", Defendants deny the allegations of this paragraph.

29. Answering numbered paragraph 12, on page 8 of the Complaint, Defendants deny the allegations of this paragraph.

30. Answering numbered paragraph 13, on page 9 of the Complaint, Defendants deny the allegations of this paragraph.

31. Answering the first unnumbered paragraph in the middle of page 9 of the Complaint, under the heading "Summary Background", Defendants admit the allegations of this paragraph.

32. Answering the second unnumbered paragraph on page 9 of the Complaint, under the heading "Summary Background", Defendants admit that Plaintiff received Special Act or Service awards on November 22, 1998, July 6, 1997, February 19, 1995, November 27, 1994 and December 2, 1990. Defendants further admit that Plaintiff received the following annual performance ratings: 9/00 – 8/01: 3 Exceeds Expectations; 9/01 – 8/02 Meets Expectations; 9/02 – 8/03 Meets

Expectations; 9/03 – 8/04 Meets Expectations. All other allegations of this paragraph are denied.

33. Answering the first unnumbered paragraph at the top of page 10 of the Complaint, Defendants admit the allegations of this paragraph.

34. Answering numbered paragraph 14, on page 10 of the Complaint, Defendants admit that Plaintiff sent an email on September 11, 2002, to Alva B. Vaden regarding a conversation she states she overheard between Anthony Boanton and Frank Nigro. All remaining allegations of this paragraph are denied.

35. Answering numbered paragraph 15, on page 10 of the Complaint, Defendants deny the allegations of this paragraph.

36. Answering numbered paragraph 16, on page 10 of the Complaint, Defendants admit that Deputy General Counsel Erica Cooper Bovenzi met with Plaintiff and her colleague Sherry Freeman on or about November 9, 2002, regarding management's recommendation that their positions be added to the surplus list. Defendants further admit that one of the information specialist positions was retained. Defendants deny the remaining allegations of this paragraph.

37. Answering numbered paragraph 17, on page 11 of the Complaint, Defendants admit that James Lantelme approved a voluntary morale building luncheon given on behalf of a fellow employee who had recently adopted a pet bird. Defendants deny the remaining allegations of this paragraph.

38. Answering numbered paragraph 18, on page 11 of the Complaint, Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Defendants admit that on December 23,

2003, Plaintiff sent an email to her first line supervisor Carl Polvinale requesting permission to move into office space. Defendants further admit that on January 8, 2004, Plaintiff sent an email to her second line supervisor James Lantelme stating that she no longer was interested in an office or additional office space.

39.  Answering numbered paragraph 19, on page 11 of the Complaint, Defendants admit that Plaintiff maintained work related files on her computer that were not accessible by other employees in her work group. These files were moved to another computer drive so that other employees could access the files. Defendants deny the remaining allegations of this paragraph.

40.  Answering numbered paragraph 20, on page 11 of the Complaint, Defendants admit that Plaintiff submitted a "advance leave request for personal illness" dated December 9, 2003. Defendants further admit that Plaintiff's first line supervisor approved Plaintiff's advance sick leave request marked serious health condition of self for December 5, 2003 (8 hours), December 8, 2003 (8 hours), December 10, 2003 (8 hours) and December 12, 2003 (8 hours) conditioned on Plaintiff submitting appropriate medical documentation on December 15, 2003. All other allegations of this paragraph are denied.

41.  Answering numbered paragraph 21, on page 11 of the Complaint, Defendants admit that Plaintiff signed a Certificate of Health Care Provider (Family and Medical Leave Act of 1993) on behalf of her son Andre E. Gibson dated January 28, 2004. Defendants further admit that on January 28, 2004, Plaintiff submitted a request for three hours of advanced family friendly sick leave for serious health condition of a family member which was approved by her first line supervisor

Carl Polvinale conditioned on the receipt of an updated doctor's letter. All other allegations of this paragraph are denied.

42. Answering numbered paragraph 22, on page 11 of the Complaint, Defendants admit that after the death of a coworker, Plaintiff requested that her work space be moved, which request was denied by her second line supervisor James Lantelme.

43. Answering numbered paragraph 23, on page 11 of the Complaint, Defendants admit that the time and attendance report for certification of pay period 04 for pay year 2004 notes at the bottom "perform s/l audit to correct balances". All other allegations of this paragraph are denied.

44. Answering numbered paragraph 24, on page 12 of the Complaint, Defendants admit that on March 1, 2004 James Lantelme and Carl Polvinale held a Weingarten meeting with Plaintiff regarding allegations that she had approached several employees asking whether they had received a Corporate Success Award ("CSA") and then displayed a document purportedly from the Chairman notifying her that she had received a CSA award. Defendants further admit that Mr. Lantelme did not have the document and that Plaintiff denied the incident took place. All other allegations of this paragraph are denied.

45. Answering numbered paragraph 25, on page 12 of the Complaint, Defendants admit that a position desk audit report was prepared for the Information Specialist position occupied by Plaintiff and provided to James Lantelme in May 2004. The position desk audit report was not issued because it contained factual inaccuracies regarding the duties she performed. All other allegations of this paragraph are denied.

11

46.  Answering numbered paragraph 26, on page 12 of the Complaint, Defendants admit that Plaintiff was on leave from April 7 – 9 and April 12, 2004. All other allegations of this paragraph are denied.

47.  Answering numbered paragraph 27, on page 12 of the Complaint, Defendants admit that Plaintiff requested advanced sick leave under FMLA for serious health condition of self for April 7 – 9, 2004 and April 12, 2004 dated April 13, 2004, which were approved by her first line supervisor on April 14, 2004 and subsequently denied by her second line supervisor because Plaintiff had an excessive negative sick leave balance over 160 hours and a positive annual leave balance in excess of 200 hours.  Defendants further admit that in order to process Plaintiff's time sheet her leave requests were entered utilizing 32 hours of annual leave.  Plaintiff later amended her FMLA leave requests and time sheet to reflect 32 hours of annual leave used.  All other allegations of this paragraph are denied.

48.  Answering numbered paragraph 28, on page 12 of the Complaint, Defendants admit that there was an investigation of a theft of money reported by Jenekia Johnson and Kristian Beard that began on April 13, 2004.  Defendanta are without knowledge or information sufficient to form a belief as to the truth of the first two sentences of this paragraph. The last sentence of this paragraph contains Plaintiff's quotation of a Bible verse, to which no response is required.

49.  Answering numbered paragraph 29, on page 13 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence of this paragraph.  Defendants admit that a decision was made by the management response team to investigate an alleged threat made by Plaintiff

to Jenekia Johnson.  As part of the investigation a collective decision was made to

tape record a conversation between Plaintiff and Jenekia Johnson. Defendants

further admit that on April 15, 2004, a Sony cassette recorder was placed in

Jenekia Johnson's purse, with her permission, to tape record her conversation

with Plaintiff.  All other allegations of this paragraph are denied.

50.  Answering numbered paragraph 30, on page 13 of the Complaint, Defendants

admit that Doug Fahey sent an email to Plaintiff requesting an investigatory

interview on April 19, 2004, at 2:22 pm.  Defendants further admit that the email

stated, *inter alia*,  the general subject of the interview was alleged conversations

that Plaintiff had with an FDIC intern on April 14 – 15, 2004, which reportedly

left the intern feeling threatened by Plaintiff.  All other allegations of this

paragraph are denied.

51.  Answering numbered paragraph 31, on page 13 of the Complaint, Defendants

admit that on April 19, 2004, Plaintiff sent an email to Carl Polvinale regarding

the alleged theft between Jenekia Johnson and Kristian Beard.  All other

allegations of this paragraph are denied.

52.  Answering numbered paragraph 32, on page 13 of the Complaint, Defendants

deny the first sentence of this paragraph. Defendants admit that on April 21, 2004,

Plaintiff sent an email message to OIG Special Agent Charles H. Becker which

transmitted an attached April 20, 2004 Memorandum from the Plaintiff to Senior

Counsel Carl Polvinale and Assistant General Counsel Jim Lantelme.  The subject

of the April 20, 2004, Memorandum was Violations of Family Medical Leave Act

(FMLA). Defendants further respond that the first two words of the second

sentence are denied.  The remainder of the second sentence is admitted. The third

sentence of the paragraph is denied.

53.  Answering numbered paragraph 33, on page 13 of the Complaint, Defendants

admit that on April 21, 2004, James Lantelme instructed Plaintiff to attend an

investigative meeting with Doug Fahey.  Defendants further admit that Mr.

Lantelme advised Plaintiff that her failure to attend the interview and cooperate

will result in disciplinary actions being taken against her.  Defendants deny the

last sentence of this paragraph.

54.  Answering numbered paragraph 34, on page 14 of the Complaint, Defendants

admit that Plaintiff sent an email to Mr. Lantelme on April 21, 2004, requesting

documentation that attendance at the investigative interview is mandatory.  All

other allegations of this paragraph are denied.

55.  Answering numbered paragraph 35, on page 14 of the Complaint, Defendants

admit that on April 22, 2004, Donna Schull, Plaintiff's union representative

requested the investigatory interview be rescheduled.  Defendants further admit

that Ms. Schull requested she be forwarded "the written statement of the person

making the allegation that Mrs. Gibson-Michaels threatened her".  Defendants are

without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of this paragraph.

56.  Answering numbered paragraph 36, on page 14 of the Complaint, Defendants

admit that Mr. Lantelme sent Plaintiff an email dated April 22, 2004, stating "I

have received your e-mail and your requests are duly noted."  Defendants further

admit that Mr. Lantelme advised Plaintiff that his prior orders remained in effect

and that she was again directed to appear and cooperate in an interview with Mr.

Fahey.  All other allegations of this paragraph are denied.

57.  Answering numbered paragraph 37, on page 14 of the Complaint, Defendants

admit that Plaintiff emailed, among others, the then FDIC OIG Assistant

Inspector General for Investigations, Samuel Holland, on April 22, 2004, at 3:02

pm.  All other allegations of this paragraph are denied.

58.  Answering numbered paragraph 38, on page 14 of the Complaint, Defendants

admit that on April 26, 2004 Mr. Lantelme advised Plaintiff that her attendance at

the rescheduled investigative interview was mandatory and directed her to meet

with Mr. Fahey at his office for purposes of the interview he requested and Mr.

Lantelme directed Plaintiff to cooperate in the interview. Defendants further

admit that Mr. Lantelme advised Plaintiff that failure to attend the interview and

cooperate would result in disciplinary action being taken against her.  All other

allegations of this paragraph are denied.

59.  Answering numbered paragraph 39, on page 14 of the Complaint, Defendants

admit that Plaintiff wrote a memorandum dated April 27, 2004, to Douglas Fahey

with a subject line entitled EEO case against James Lantelme, Assistant Director,

William Strickler, Penny Elgas, Administrative Manager (Legal Division) Bill A.

Kementz, Chief of Security, and Doug Fahey, Contractor, which document is the

best evidence of its contents.  All remaining allegations of this paragraph are

denied.

60. Answering numbered paragraph 40, on page 15 of the Complaint, Defendants are
    without knowledge or information sufficient to form a belief as to the truth of the
    allegations of this paragraph.

61. Answering numbered paragraph 41, on page 15 of the Complaint, Defendants are
    without knowledge or information sufficient to form a belief as to the truth of the
    allegations of this paragraph.

62. Answering numbered paragraph 42, on page 15 of the Complaint, Defendants
    admit that Plaintiff was given a routine records archiving assignment to remove
    old file folders and send them to storage. This was part of Plaintiff's job
    responsibility. Plaintiff was specifically instructed on several occasions not to
    move or lift boxes containing the archived file folders. Plaintiff was to notify her
    supervisor and he would arrange to have the boxes moved. All other allegations
    of this paragraph are denied.

63. Answering numbered paragraph 43, on page 15 of the Complaint, Defendants
    admit that Plaintiff sent an email dated May 11, 2004, to James Lantelme with the
    subject line "RE: yg-minterview.doc(For The Record)," which document is the
    best evidence of its contents. All other allegations of this paragraph are denied.

64. Answering numbered paragraph 44, on page 15 of the Complaint, Defendants
    admit that Plaintiff sent an email dated May 12, 2004, to Matthew T.
    Alessandrino with the subject line "RE: Violations of FMLA Act – Falsification
    of Time and Attendance," which document is the best evidence of its contents.
    Defendants further admit that on May 12, 2004, OIG Special Agent-in-Charge
    Matthew Alessandrino sent an email message to Plaintiff wherein he confirmed

that the OIG does not investigate disputes between employees and supervisors over approval or disapproval of leave. Defendants admit the second sentence of this paragraph. All other allegations of this paragraph are denied.

65. Answering numbered paragraph 45, on page 15 of the Complaint, Defendants admit that on May 26, 2004, Plaintiff claimed she had sustained an occupational injury on May 21, 2004, and submitted a claim to the Department of Labor, Office of Workers' Compensation Programs (OWCP). The Agency challenged the claim and on July 28, 2004, OWCP issued a Notice of Decision to Plaintiff and denied the injury claim. All remaining allegations of this paragraph are denied.

66. Answering numbered paragraph 46, on page 16 of the Complaint, Defendants admits that on May 25, 2004, Carter Silcox, Workers' Compensation Program Manager/Safety and Occupational Health Manager, CPEA sent Plaintiff an email concerning her Workers' Compensation claim and advising her, amongst other things, that she was not authorized to charge time to continuation of pay. All other allegations of this paragraph are denied.

67. Answering numbered paragraph 47, on page 16 of the Complaint, Defendants admit that on June 1, 2004, Plaintiff delivered a copy of a letter to FDIC OIG Deputy Inspector General Patricia Black. The letter was addressed to the FDIC Office of Inspector General, the FDIC Office of Diversity and Equal Opportunity and to Congressman Albert Wynn. The subject of the letter was Violation of 18 U.S. Code, Section 119 – Interception of Oral Communication. All other allegations of this paragraph are denied.

68. Answering numbered paragraph 48, on page 16 of the Complaint, Defendants admit on July 29, 2004 FDIC ODEO sent Plaintiff a certified letter entitled "Acceptance of Formal Discrimination Complaint" for FDICEO-040039. The claim accepted for investigation included Plaintiff's allegations concerning the tape recording of a conversation between Plaintiff and Jenekia Johnson on April 15, 2004.  All other allegations of this paragraph are denied.

69. Answering numbered paragraph 49, on page 16 of the Complaint, Defendants admit that on June 8, 2004, Penny Elgas sent an email to Plaintiff regarding the status of the desk audit, which is the best evidence of its contents.  Defendants further admit that in June 2004, Ms. Elgas reported to James Lantelme.  All remaining allegations of this paragraph are denied.

70. Answering numbered paragraph 50, on page 16 of the Complaint, Defendants admit that on June 8, 2004, Plaintiff sent an email to Penny Elgas regarding the status of the desk audit, which document is the best evidence of its contents.  All remaining allegations of this paragraph are denied.

71. Answering numbered paragraph 51, on page 17 of the Complaint, Defendants admit that a letter dated June 9, 2004, was addressed to Plaintiff from John H. Sturniolo, Claims Examiner, U.S. Department of Labor, Employment Standards Administration, Office of Workers' Compensation Programs stating, amongst other things, "It has been determined that you are not entitled to Continuation of Pay (COP) during you absence from work for the period beginning 5/24/04." All remaining allegations of this paragraph are denied.

72. Answering numbered paragraph 52, on page 17 of the Complaint, Defendants admit that by written noticed dated June 9, 2004, James Lantelme proposed Plaintiff's suspension from work without pay for ten calendar days for unprofessional and/or inappropriate behavior and for providing inaccurate information to an FDIC investigator. All remaining allegations of this paragraph are denied.

73. Answering numbered paragraph 53 on page 17 of the Complaint, Defendants admit that on or about July 12, 2004, James Lantelme introduced Stephen Hanas during a staff meeting as the new supervisor for the Legal Services Unit replacing Carl Polvinale.

74. Answering numbered paragraph 54 on page 17 of the Complaint, Defendants admit that on June 9, 2004, Plaintiff submitted a FOIA request of the desk audit report completed by Sharon Gibbons. Defendants further admit that Plaintiff's FOIA request #04-0346 was denied by Frederick Fisch by letter dated June 30, 2004. All other allegations of this paragraph are denied.

75. Answering numbered paragraph 55 on page 17 of the Complaint, Defendants admit that Janet Vorce sent an email to Plaintiff on June 28, 2004, stating "That no final desk audit report has been issued." All other allegations of this paragraph are denied.

76. Answering numbered paragraph 56 on page 17 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

77. Answering numbered paragraph 57 on page 18 of the Complaint, Defendants admit that a Notice of Right to File a Formal Discrimination Complaint was sent to Plaintiff on July 1, 2004, in FDICEO-040039.

78. Answering numbered paragraph 58 on page 18 of the Complaint, Defendants admit that on July 13, 2004, Plaintiff filed her formal discrimination complaint with the Agency, number FDICEO-040039. The complaint is the best evidence of its contents. All remaining allegations of this paragraph are denied.

79. Answering numbered paragraph 59 on page 18 of the Complaint, Defendants admit that the FDIC OIG received a copy of a July 22, 2004, letter from Plaintiff. The letter was addressed to the then FDIC Inspector General, Gaston Gianni, then Attorney General John Ashcroft, Congressman Albert Wynn, Senator Barbara Mikulski and the Board of Governors of Government Accountability. The subject of the letter was "FDICs Legal Division Ltr. To Albert R. Wynn dated July 15, 2004 Illegal Interception Oral Communications 18 U.S. Code Section 119." All remaining allegations of this paragraph are denied.

80. Answering numbered paragraph 60 on page 18 of the Complaint, Defendants admit that Plaintiff's formal EEO complaint number FDICEO-040039 was amended on August 3, 2004. All other allegations of this paragraph are denied.

81. Answering numbered paragraph 61 on page 18 of the Complaint, Defendants admit that on August 16, 2004, ODEO mailed a letter to Plaintiff dated August 13, 2004, and entitled "Revision of Incident 2 to formal Discrimination Complaint." Defendants further admit that the US Postal Service Domestic Return Receipt shows the letter was received on August 26, 2004.

82.  Answering numbered paragraph 62 on page 18 of the Complaint, Defendants admit the allegations of this paragraph.

83.  Answering numbered paragraph 63 on page 18 of the Complaint, Defendants admit that Plaintiff submitted a workman's compensation claim relating to an injury alleged to have occurred on or about May 21,2004, a time before Mr. Hanas was Plaintiff's supervisor.  That claim was denied by the U.S. Department of Labor, Office of Worker's Compensation Programs, on July 28 2004. Defendants further admit that Plaintiff submitted a worker's compensation claim to Stephen Hanas in August 2004, which alleged an injury suffered before he became Plaintiff's supervisor.  Mr. Hanas declined to sign as he had not been her supervisor at the time of the alleged injury. All remaining allegations of this paragraph are denied.

84.  Answering numbered paragraph 64 on page 19 of the Complaint, Defendants admit that a leave audit was conducted for Plaintiff's time and attendance records from 2002-2004 which was completed on August 19, 2004.  The leave audit was sent to Plaintiff by email attachment on September 3, 2004, by Stephen Hanas. All remaining allegations of this paragraph are denied.

85.  Answering numbered paragraph 65 on page 19 of the Complaint, Defendants admit that Stephen Hanas sent an email to Plaintiff on August 20, 2004, at 4:29 pm with the subject line "RE: Time Sheet for PP # 16."  The document is the best evidence of its contents.  All remaining allegations of this paragraph are denied.

86.  Answering numbered paragraph 66 on page 19 of the Complaint, Defendants admit that on August 20, 2004, Plaintiff sent an email to Stephen Hanas and

Dawn Doy-Johnson with the subject line "RE: Time Sheet for PP # 16." The document is the best evidence of its contents. All remaining allegations of this paragraph are denied.

87. Answering numbered paragraph 67 on page 19 of the Complaint, Defendants deny the allegations of this paragraph.

88. Answering numbered paragraph 68 on page 19 of the Complaint, Defendants admit that on September 10, 2004, ODEO mailed a letter to Plaintiff, dated September 8, 2004. The letter informed Plaintiff that Mr. Barry Cohen would be investigating FDICEO-040039.

89. Answering numbered paragraph 69 on page 19 of the Complaint, Defendants admit that on October 27, 2004, ODEO mailed a letter to Plaintiff, dated October 26, 2004, entitled "Partial Acceptance of Second Amendment to Formal Discrimination Complaint." This letter pertained to FDICEO-040039; it identified three additional claims made by Plaintiff designated 4, 5, 6 alleging reprisal. Claims 5 and 6 were accepted; claim 4 was dismissed for failure to state a claim. All other allegations of this paragraph are denied.

90. Answering numbered paragraph 70 on page 19 of the Complaint, Defendants admit that on September 14, 2004, the National Employee Treasury Union (NETU) submitted a grievance on behalf of Plaintiff to rescind the August 17, 2004 Notice of Decision – Five Calendar Day Suspension. Defendants further admit that Plaintiff's Step 4 grievance was denied on October 22, 2004. All other allegations of this paragraph are denied.

91.  Answering numbered paragraph 71 on page 20 of the Complaint, Defendants admit that Plaintiff filed 17 FOIA requests in 2004.  All other allegations of this paragraph are denied.

92.  Answering numbered paragraph 72 on page 20 of the Complaint, Defendants admit that on October 21, 2004, ODEO mailed a letter dated October 19, 2004, to Plaintiff and her attorney entitled "Notice of Right to File" regarding FDICEO – 040056. The US Postal Service Domestic Return Receipt shows it was delivered on October 22, 2004, and October 23, 2004, respectively to Plaintiff's attorney and Plaintiff. All other allegations of this paragraph are denied.

93.  Answering numbered paragraph 73 on page 20 of the Complaint, Defendants admit that on October 20, 2004, FDIC security was contacted by Plaintiff who alleged that she had been verbally assaulted by Stephen Hanas and physically assaulted by James Lantelme.  Defendants further admit that on the same date Plaintiff contacted the Federal Protective Service Police to report she had been assaulted.  FDIC investigated the alleged assaults; the results of the investigation are reported in Incident Report Number 0-0000000265.  All other allegations of this paragraph are denied.

94.  Answering numbered paragraph 74 on page 20 of the Complaint, Defendants admit the allegations of this paragraph.

95.  Answering numbered paragraph 75 on page 20 of the Complaint, Defendants admit that Plaintiff sent an email to Donna Schull, Chester Fisher and Bill Kmetz with the subject line entitled "Reassignment to another office/Assignment of

security to third floor". The email is the best evidence of its contents. All other allegations of this paragraph are denied.

96.  Answering numbered paragraph 76 on page 21 of the Complaint, Defendants admit that Plaintiff completed a "Request for FPS Police Report" that is dated October 22, 2004. All other allegations of this paragraph are denied.

97.  Answering numbered paragraph 77 on page 21 of the Complaint, Defendants admit the allegations of this paragraph.

98.  Answering numbered paragraph 78 on page 21 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

99.  Answering numbered paragraph 79 on page 21 of the Complaint, Defendants deny each of the allegations of this paragraph.

100.  Answering numbered paragraph 80 on page 21 of the Complaint, Defendants admit that Plaintiff's formal complaint, FDICEO – 040056, dated November 3, 2004, was faxed to ODEO on November 4, 2004. The complaint alleges discrimination on the bases of race, color, sexual orientation, age and reprisal. All other allegations of this paragraph are denied.

101.  Answering numbered paragraph 81 on page 21 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

102.  Answering numbered paragraph 82 on page 22 of the Complaint, Defendants admit that Plaintiff sent Stephen Hanas a memorandum dated November 4, 2004, requesting to work a flexible work schedule with credit hours. Defendants further

admit that Plaintiff sent an email to Stephen Hanas on November 5, 2004, regarding flexible work schedule – change of reporting hours. Mr. Hanas responded to Plaintiff in a memorandum dated November 5, 2005. These documents are the best evidence of their contents. All other allegations of this paragraph are denied.

103. Answering numbered paragraph 83 on page 22 of the Complaint, Defendants admit the allegations of this paragraph.

104. Answering numbered paragraph 84 on page 22 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

105. Answering numbered paragraph 85 on page 22 of the Complaint, Defendants admit that Plaintiff signed her affidavit, dated November 29, 2004, in FDICEO-040039 which is contained in the Supplemental Report of Investigation of Claims 5 and 6. All other allegations are denied.

106. Answering numbered paragraph 86 on page 22 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

107. Answering numbered paragraph 87 on page 22 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

108. Answering numbered paragraph 88 on page 23 of the Complaint, Defendants admit that Plaintiff signed a memorandum dated December 13, 2004, addressed to Officer Rickey Finkley, FDIC Security with the subject line "Physical Assault

Charges against Barry Leese, USEC contractor". The document is the best evidence of its contents. All other allegations of this paragraph are denied.

109. Answering numbered paragraph 89 on page 23 of the Complaint, Defendants admit that Plaintiff sent an email to John Harris, William Kmetz with copies to Barry Leese, Ophelia Jones, Rickey Finkley and Elisabeth Coll with the subject line "FW: Violations of FMLA Act –Falsification of Time and Attendance Reports". The document is the best evidence of its contents. All other allegations of this paragraph are denied.

110. Answering numbered paragraph 90 on page 23 of the Complaint, Defendants admit that on December 3, 2004, Plaintiff filed an amendment, via email, to FDICEO-040056, which alleged discrimination and harassment on the bases of race (African American), sex (female), and reprisal. All other allegations of this paragraph are denied.

111. Answering numbered paragraph 91 on page 23 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

112. Answering numbered paragraph 92 on page 23 of the Complaint, Defendants deny each of the allegations of this paragraph.

113. Answering numbered paragraph 93 on page 24 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

114. Answering numbered paragraph 94 on page 24 of the Complaint, Defendants admit that on January 11, 2005 Michael Moran, Chief, Complaints Processing

Branch sent a letter to Plaintiff's counsel, Nathaniel Johnson notifying him that an investigator had been assigned to investigate FDICEO-040056.  All other allegations of this paragraph are denied.

115.  Answering numbered paragraph 95 on page 24 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

116.  Answering numbered paragraph 96 on page 25 of the Complaint, Defendants admit that on April 20, 2005, James Lawrence sent an email to Plaintiff and her union representative, Donna Schull regarding the Settlement Agreement she signed on January 14, 2005.  The document is the best evidence of its contents.

117.  Answering numbered paragraph 97 on page 26 of the Complaint, Defendants admit that Plaintiff sent an email to James Lawrence and Michael Moran dated April 25, 2005, entitled "Re: Settlement Agreement – Response  to FDICs Affirmation of Error". The document is the best evidence of its contents.  All other allegations of this paragraph are denied.

118.  Answering numbered paragraph 98 on page 26 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

119.  Answering numbered paragraph 99 on page 26 of the Complaint, Defendants admit that Plaintiff sent an email to James Lawrence dated April 27, 2005, at 4:30 pm, entitled "Settlement Agreement" which stated " This serves to cancel my agreement."  All other allegations of this paragraph are denied.

120. Answering numbered paragraph 100 on page 26 of the Complaint, Defendant admits that Plaintiff sent two additional emails on April 27, 2005, entitled "Settlement Agreement": one at 4:41 pm to James Lawrence and another at 4:47 pm to James Lawrence, Michael Moran, Ophelia Jones and Donna Schull. The documents are the best evidence of their contents. All other allegations of this paragraph are denied.

121. Answering numbered paragraph 101 on page 27 of the Complaint, Defendants admit the allegations of this paragraph.

122. Answering numbered paragraph 102 on page 27 of the Complaint, Defendants admit that Plaintiff sent a letter addressed to Mr. Michael Moran, Supervisory EEO Specialist and Ms. Ophelia Jones, EEO Specialist, dated April 29, 2004. The letter contained the following heading: New Claims of EEO Reprisal, Retaliation, Age, Sex, Race, EEOC Whistleblower Retaliation against the Federal Deposit Insurance Corporation (FDIC) and the FDIC Office of Inspector General (OIG). Defendants further admit that Plaintiff sent an email dated May 25, 2005, to Ophelia Jones stating "[t]he Office of Special Counsel (OSC) is investigating the constructive discharge claim I filed against the FDIC." All other allegations of this paragraph are denied.

123. Answering numbered paragraph 103 on page 27 of the Complaint, Defendants deny the first sentence of this paragraph. Defendants admit that on May 2, 2005, James Lawrence sent an email to Plaintiff and her union representative advising her, amongst other things, that she would not be reinstated.

124. Answering numbered paragraph 104 on page 27 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

125. Answering numbered paragraph 105 on page 28 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph. All other allegations of this paragraph are denied.

126. Answering numbered paragraph 106 on page 28 of the Complaint, Defendants admit that Plaintiff filed an individual right of action appeal, docket number DC-1221-05-0594-W-1 with the MSPB on June 29, 2005, alleging that she engaged in protected whistleblowing activity and that she was coerced into resigning and settling her claims with the Agency. All other allegations of this paragraph are denied.

127. Answering numbered paragraph 107 on page 28 of the Complaint, Defendants admit that the EEOC served an Acknowledgement Order in EEOC No. 100-2005-00753X/Agency No. FDICEO-040039/040056 on October 26, 2005. All other allegations of this paragraph are denied.

128. Answering numbered paragraph 108 on page 28 of the Complaint, Defendants admit that Mary Laverty, Lead Human Resources Specialist sent Plaintiff an email on December 14, 2005, regarding a letter from FDIC Human Resources. Defendants further admit that the letter from Human Resources directed Plaintiff to report to the FDIC on December 19, 2005. All other allegations of this paragraph are denied.

129.  Answering numbered paragraph 109 on page 29 of the Complaint, Defendants admit the allegations of this paragraph.

130.  Answering numbered paragraph 110 on page 29 of the Complaint, Defendants admit that Plaintiff's former attorney Richard Patrick sent a letter to FDIC counsel dated January 6, 2006.  The document is the best evidence of its contents. All other allegations of this paragraph are denied.

131.  Answering numbered paragraph 111 on page 29 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

132.  Answering numbered paragraph 112 on page 29 of the Complaint, Defendants admit that FDIC counsel sent a letter to Plaintiff's former attorney Richard Patrick in response to his correspondence dated January 6, 2006, regarding the FDIC's compliance with the MSPB's Final Decision in MSPB Docket No. 0752-05-0633-C-1.  All other allegations of this paragraph are denied.

133.  Answering numbered paragraph 113 on page 30 of the Complaint, Defendants deny each of the allegations of this paragraph.

134.  Answering numbered paragraph 114 on page 30 of the Complaint, Defendants deny each of the allegations of this paragraph.

135.  Answering numbered paragraph 115 on page 30 of the Complaint, Defendants deny each of the allegations of this paragraph.

136.  Answering the second to the last unnumbered paragraph on page 30 of the Complaint, Defendants deny each of the allegations of this paragraph.

137. Answering the last unnumbered paragraph on page 30 of the Complaint, Defendants deny each of the allegations of this paragraph.

138. Answering the first unnumbered paragraph on page 31 of the Complaint, Defendants deny each of the allegations of this paragraph.

139. Answering the second unnumbered paragraph on page 31 of the Complaint, this paragraph contains Plaintiff's assertion of the law, to which no response is required. To the extent an answer is deemed necessary, Defendants deny each of the allegations of this paragraph.

140. Answering the third unnumbered paragraph on page 31 of the Complaint, Defendants deny each of the allegations of this paragraph.

141. Answering the fourth unnumbered paragraph on page 31 of the Complaint, Defendants deny each of the allegations of this paragraph.

142. Answering the allegations contained on page 32 of the Complaint Defendants state that these allegations purport to be quotes taken from pleadings filed in Armstrong v. Powell, an unrelated discrimination case pending in the United States District Court for the Western District of Oklahoma, Case No. CIV-03-255-C. To the extent these allegations constitute allegations of fact in this case, Defendants deny each of the allegations of this paragraph.

143. Answering the allegations contained on page 33 of the Complaint, Defendants state that these allegations purport to be quotes taken from pleadings filed in Armstrong v. Powell, an unrelated discrimination case pending in the United States District Court for the Western District of Oklahoma, Case No. CIV-03-

255-C.  To the extent these allegations constitute allegations of fact in this case, Defendants deny each of the allegations of this paragraph.

144.   Answering the allegations contained on page 34 of the Complaint, Defendants state that these allegations purport to be quotes taken from pleadings filed in Armstrong v. Powell, an unrelated discrimination case pending in the United States District Court for the Western District of Oklahoma, Case No. CIV-03-255-C.  To the extent these allegations constitute allegations of fact in this case, Defendants deny each of the allegations of this paragraph.

145.  Answering the allegations contained on page 35 of the Complaint, Defendants state that these allegations purport to be quotes taken from pleadings filed in Armstrong v. Powell, an unrelated discrimination case pending in the United States District Court for the Western District of Oklahoma, Case No. CIV-03-255-C.  To the extent these allegations constitute allegations of fact in this case, Defendants deny each of the allegations of this paragraph.

146.  Answering the allegations contained on page 36 of the Complaint, Defendants state that these allegations purport to be quotes taken from pleadings filed in Armstrong v. Powell, an unrelated discrimination case pending in the United States District Court for the Western District of Oklahoma, Case No. CIV-03-255-C.  To the extent these allegations constitute allegations of fact in this case, Defendants deny each of the allegations of this paragraph.

147.  Answering numbered paragraph 116 on page 37 of the Complaint, Defendants repeat the responses to paragraphs 1 through 115 and incorporate same by reference.

148.    Answering numbered paragraph 117 on page 37 of the Complaint, deny.

149.    Answering numbered paragraph 118 on page 37 of the Complaint, Defendants repeat the responses to paragraphs 1 through 115 and incorporate same by reference. All other allegations of this paragraph are denied.

150.    Answering numbered paragraph 119 on page 37 of the Complaint, Defendants admit that Plaintiff's date of birth is April 1, 1959. All other allegations of this paragraph are denied.

151.    Answering numbered paragraph 120 on page 37 of the Complaint, Defendants repeat the responses to paragraphs 1 through 115 and incorporate same by reference.

152.    Answering numbered paragraph 121 on page 38 of the Complaint, Defendants deny each of the allegations of this paragraph.

153.    Answering numbered paragraph 122 on page 38 of the Complaint, Defendants repeat the responses to paragraphs 1 through 115 and incorporate same by reference.

154.    Answering numbered paragraph 123 on page 38 of the Complaint, Defendants deny each of the allegations of this paragraph.

155.    Answering numbered paragraph 124 on page 38 of the Complaint, Defendants repeat the responses to paragraphs 1 through 115 and incorporate same by reference.

156.    Answering numbered paragraph 125 on page 38 of the Complaint, Defendants deny the allegations of this paragraph.

157.    Answering numbered paragraph 126 on page 38 of the Complaint, Defendants deny each of the allegations of this paragraph.

158.    Answering the unnumbered paragraph on the top of page 39, deny.

159.   Answering numbered paragraph 127 on page 39 of the Complaint, Defendants repeat the responses to paragraphs 1 through 112 and incorporate same by reference. All other allegations of this paragraph are denied.

160.   Answering numbered paragraph 128 on page 39 of the Complaint, Defendants repeat the responses to paragraphs 1 through 115 and incorporate same by reference. All other allegations of this paragraph are denied.

161.   Answering numbered paragraph 129 on page 39 of the Complaint, Defendants deny each of the allegations of this paragraph.

162.   Answering numbered paragraph 130 on page 39 of the Complaint, Defendants deny each of the allegations of this paragraph.

163.   Answering numbered paragraph 131 on page 40 of the Complaint, Defendants deny each of the allegations of this paragraph.

164.   Answering numbered paragraph 132 on page 40 of the Complaint, Defendants deny each of the allegations of this paragraph.

165.   Answering second unnumbered connected to paragraph 132 on page 40 of the Complaint, Defendants deny each of the allegations of this paragraph.

166.   Answering the unnumbered paragraph at the bottom of page 40 under the heading "Plaintiff Established Prima Facia Case," this paragraph consists of Plaintiff's interpretation of the law, a response to which is not required. To the extent that an answer is deemed necessary, deny.

167.   Answering the unnumbered paragraph at the top of page 41, this paragraph consists of Plaintiff's interpretation of the law, a response to which is not required. To the extent that an answer is deemed necessary, deny.

168.  Defendants deny the factual assertions made in Plaintiff's prayer for relief and

further deny that Plaintiff is entitled to the relief requested, or to any relief

whatsoever.  To the extent any allegations of Plaintiff's Complaint deemed to

require a response have not otherwise been answered by the Defendants, such

allegations are denied.

Plaintiff is not entitled to money damages or to a jury trial in connection with her

age discrimination claim and her Family Medical Leave Act claim.  Plaintiff is also not

entitled to punitive damages, whatsoever.

Having fully answered, defendant respectfully requests that this action be

dismissed with prejudice and that defendant be granted such other relief as the Court

deems appropriate.

Defendants reserve the right to assert additional defenses, affirmative or

otherwise, upon further investigation and discovery into the matters alleged.  Defendants

assert all applicable statutory limitations with respect to Plaintiff's damage claims.

**WHEREFORE**, Defendants request the Court enter judgment in their favor and

against Plaintiff, that the complaint be dismissed in its entirety with prejudice, that

Defendants recover costs in this action, and for such other relief as may be appropriate.

Respectfully submitted,

_____/s/_____

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


_____/s/_____

RUDOLPH CONTRERAS, # D.C. 434122
Assistant United States Attorney

                  /s/ _____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
202-514-7137

OF COUNSEL:
TINA LAMOREAUX, Esq.
Federal Deposit Insurance Corporation
Library of Congress

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 22nd day of January 2007, the foregoing answer was served by e-filing, except that Plaintiff is being served by first class mail, postage prepaid:

Yolanda C. Gibson-Michaels, <u>pro</u> <u>se</u>
2210 Anvil Lance
Temple Hills, MD 20748

_____/s/_____
CLAIRE WHITAKER
Assistant United States Attorney