IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| _____ | ) |
| YOLANDA C. GIBSON-MICHAELS | ) |
|  | ) |
|      Plaintiff | ) |
|  | )   Civil Action No. 1:06cv01940 (RMU) |
| vs. | ) |
|  | ) |
| SHEILA C. BAIR, *et al.* | ) |
|  | ) |
|      Defendants | ) |
| _____ | ) |

**REPLY OF WORKPLACE VIOLENCE RESEARCH INSTITUTE TO
PLAINTIFF'S OPPOSITION TO
DEFENDANT STEVE KAUFER'S MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f) and 8(a), and Local Rule 7,

Defendant Workplace Violence Research Institute ("WVRI"), by undersigned counsel, respectfully

replies to Plaintiff's Opposition to Defendant Steve Kaufer's Motion to Dismiss (the "Second

Opposition").  Plaintiff evidently had prepared but did not file, yet served on some but not all parties,

an earlier opposition (the "First Opposition"), which undersigned counsel learned of only indirectly

through Electronic Case Filing system notice of the Replies filed by Defendants USEC Corporation

and Securiguard, Inc. (Docket Nos. 20 and 21, Jan. 12, 2007).  WVRI filed a Reply to that initial

opposition on January 12, 2007 (the "First Reply," Docket No. 22), which WVRI incorporates herein

by reference.  As set forth in the First Reply, Plaintiffs' First Opposition confirmed each of the three

separate grounds on which the Complaint must be dismissed:

1. Pursuant to Rule 12(b)(6), the Complaint fails to state any claim on which relief can be granted against WRVI because there are no allegations of fact or reasonable inferences arising from well pleaded facts that support any claim against WRVI.

2. Pursuant to Rule 12(b)(6), the Complaint fails to state any claim on which relief can be granted against WRVI because under the federal statutes on which the Complaint bases its requests for relief (i) WVRI is not an "employer" or other potentially liable person and (ii) Plaintiff is not a WVRI "employee" or other person who may have an action against WVRI.

3. Pursuant to Rule 8(a)(2), the Complaint fails to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  Instead, the Complaint is a prolix, rambling, often incomprehensible document that is incapable of being answered in accordance with Rule 8(b).

## ARGUMENT

### 1. The Second Opposition Is Directed To A Nonparty And Is Of No Legal Consequence

The summons that this Court issued is to "Workplace Violence Research Institute."  The Court did not issue a summons to Steve Kaufer, and Plaintiff did not serve a summons naming Steve Kaufer and making his a party to this action.  *See* Exhibit 1, Docket No. 7.  *See also* the ECF Docket entry regarding issuance of summonses, which reads as follows:

> SUMMONS (13) Issued as to SECURIGUARD INCORPORATION, USEC CORPORATION, WORK VIOLENCE RESEARCH INSTITUTE, DOUGLAS R. FAHEY, JENEKIA J. JOHNSON, ROBERT FELDMAN, SHEILA C. BAIR, U.S. Attorney and U.S. Attorney General (jf, ) (Entered: 11/24/2006)

Thus, conforming to the summons actually issued and returned, WVRI only, and not Mr. Kaufer personally, is a defendant in this suit.  WVRI, the named party, filed the motion to which the Second Opposition responds.  *See* Docket No. 18, document titled "Motion of Workplace Violence

Research Institute to Dismiss for Failure to State a Claim on Which Relief Can be Granted and for Failure to Plead a Complaint in Accordance With Rule 8."

Plaintiff, however, titles this Second Opposition "Plaintiff's Opposition to Defendant Steve Kaufer's Motion to Dismiss," directs the Second Opposition at "Defendant Steve Kaufer" and refers repeatedly to "Mr. Kaufer," with nary a reference to WVRI except to state "Defendant Steve Kaufer is the Co-Founder of the Workplace Violence Research Institute." Second Opposition at 3. Since Mr. Kaufer is not a defendant, however, the Second Opposition is inconsequential on its face as support for the Complaint.

### 2. The Second Opposition Shows That The Complaint Fails To Allege Any Facts or to Support Any Inferences of Actionable Conduct by WVRI

WVRI showed in its original motion this truism about the Complaint: The only reference to WVRI and Mr. Kaufer is in "V. PARTIES," Complaint at 6. The Complaint does not name WVRI or Mr. Kaufer in any of the allegations following identification of the parties. There is, in short, absolutely nothing in the Complaint on which even a prospect of liability could be founded. The Second Opposition, like the First Opposition, does not, as it could not, refute this truism. Thus, there is no room under Rule 12(b)(6) to allow this Complaint to proceed against WVRI.

### 3. The Second Opposition Exacerbates the Complaint's Failure To Plead a Short and Plain Statement of the Claim Showing that Plaintiff is Entitled to Relief

The Second Opposition is Plaintiff's third tautological, rambling, largely *ad hominem* attack and, like the First Opposition, is itself a poster child for the merits of WVRI's Rule 8(a) argument. Thus, for example, Plaintiff rails: "ASIS members Douglas R. Fahey and Steve C. Kaufer both engaged into unprofessional, conspired, atrocious acts of professional negligence" and "Plaintiff is now caught between two alleged thieves due to the defamation of her character by Steve Kauffer,

Douglas R. Fahey, and FDIC." Second Opposition at 5 (emphasis omitted; errors in original). "Kaufer and Fahey co-conspired with FDIC officials in violations of Plaintiff's constitutional liberties, Title VII, race, age, parental rights, and defamation of Plaintiff's character." Second Opposition at 6 (errors in original). Stream-of-consciousness invective cannot substitute for allegations of fact, even for a pro se plaintiff. Adding new obloquy does not cure the Rule 8 deficiency; rather, it exacerbates the deficiency.

### 4. The Second Opposition Fails To Allege Facts or to Support Inferences of Actionable Conduct

Even assuming for purposes of argument that Plaintiff had named and served Mr. Kaufer and that he were a defendant in this action, there is still nothing alleged that Mr. Kaufer did that can form the basis for a claim for relief. Furthermore, there is no allegation, nor could there be because it would not be true, that Mr. Kaufer was a government official, was Plaintiff's employer or otherwise could be liable under any of the federal statutes and constitutional provisions on which Plaintiff relies, even were Mr. Kaufer a defendant. Thus, the Complaint fails under Rule 12(b)(6) on both the absence of facts constituting a claim for relief and the absence of law under which Mr. Kaufer, or WVRI, could be liable to Plaintiff.

### 5. The Second Opposition Does Not Match the First Opposition's Description of Events

The Mr. Kaufer that Plaintiff portrays in the Second Opposition is not the Mr. Kaufer that Plaintiff portrayed in the First Opposition, and in neither Opposition is the man Plaintiff describes the same as the Mr. Kaufer in the Complaint. WVRI showed in its motion that the Complaint contains nothing approaching a claim and virtually nothing about Mr. Kaufer save for identifying his

affiliation with WVRI.  The First Opposition contained only the following three references to WVRI
and/or Mr. Kaufer (any errors in original):

> i. Defendant Douglas Fahey while acting under the color of law denied
> Plaintiff due process protection, collected information, denied Plaintiff counsel,
> disseminating malicious accusations to the Workforce Violence Institute CEO Steve
> Kaufer to and including throughout the Securiguard and USEC 3rd party contractor
> security guard employees, and willfully caused Plaintiff's picture, personal family
> members medical information, and Plaintiff's severely autistic son's medical
> information to be disseminated, circulated, and permanently entered into the FDICs,
> Seuriguard, and USECs computerized data base.

Opposition at 11.

> ii. Defendant imposed a stigma upon Plaintiff that will foreclose future
> employment opportunities by having placed derogatory information regarding the
> investigative interview, interception of Plaintiff's oral communication, privacy,
> unauthorized released of intercepted communication ('tape recording') to the
> Workforce Violence Institute (3rd party contractor).

Opposition at 12.

> iii. Defendants should not be permitted to redefine common concepts or
> words simply to suit its personal and financial interests.  The meaning of being label
> as a 'threat' has been established in an investigative report, tape recorded,
> disseminated to other 3rd party contractor's i.e, Steve Kaufer CEO of the Workforce
> Violence Institute, colleague, and associate of Douglas R. Fahey whom are both
> members of the ASIS Institute.

Opposition at 17.[1]

In the Second Opposition, Plaintiff jettisons this picture of a passive, uninvolved Mr. Kaufer
in favor of a picture of an active wrongdoer.  Now, Plaintiff portrays Mr. Kaufer as a pillaging beast
on the fields of Plaintiff's reputation.  So, in the past two months, Mr. Kaufer has gone from a non-
factor barely worthy of mention in the Complaint, to a passive recipient of allegedly private

---

[1] These descriptions confirm the Complaint's deficiencies.  These expansions of the Complaint allege
that (i) Mr. Kaufer was a recipient of communications, not an instigator, and (ii) Mr. Kaufer was not
Plaintiff's employer, had no other legal relationship with Plaintiff and was not a government official.

information in the First Opposition, to an active, intentional evildoer in the Second Opposition.  The

metamorphosis of one man, in so little time and with no change in the underlying, long-past events,

hardly seems plausible.

## CONCLUSION

For the foregoing reasons and the reasons set for in WVRI's original motion (Docket No. 18)

and First Reply, Workplace Violence Research Institute respectfully prays that the Court dismiss the

Complaint without leave to amend and grant Workplace Violence Research Institute such other and

further relief as may be appropriate.

Dated: January 25, 2007

Respectfully submitted,

/s/ Harvey A. Levin
Harvey A. Levin (DC Bar No. 203869)
Thompson Coburn LLP
1909 K Street, N.W., Suite 600
Washington, DC 20006
Ph: 202-585-6900
Fax: 202-585-6969
Email address: hlevin@thompsoncoburn.com

Counsel for Defendant Workplace Violence Research Institute

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply was served by ECF and by first class mail, postage prepaid, this 25th day of January 2007 on:

Yolanda C. Gibson-Michaels
2210 Anvil Lane
Temple Hills, Maryland 20748

Claire M. Whitaker, Esquire
United States Attorney's Office
555 4th Street, NW
Suite E-4204
Washington, DC 20816

Scott D. Helsel, Esquire
Walton & Adams, P.C.
1925 Isaac Newton Square, Suite 250
Reston, VA 20910

Davis Zachary Thompson, Esquire
Kaufman Law, A Professional Corporation
11350 Random Hills Road, Suite 650
Fairfax, VA 22030

Jenekia J. Johnson
1414 Colony Road
Oxon Hill, Maryland  20748

/s/ Harvey A. Levin

3506420

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS )<br><br>Plaintiff )<br><br>vs. )<br><br>SHEILA C. BAIR, *et al.* )<br><br>Defendants ) | Civil Action No. 1:06cv01940 (RMU) |

**EXHIBIT 1**
**TO**
**REPLY OF WORKPLACE VIOLENCE RESEARCH INSTITUTE TO**
**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT STEVE KAUFER'S MOTION TO DISMISS**

**U.S. Department of Justice**
United States Marshals Service

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL

United States District Court
for the
District of __Columbia__

TO:

Work Vuolence Research Institute
1281 North Gene Autry Trail,Suite K
Palm Springs,Ca. 92262

Civil Action, File Number __CA-06-1940 RMU__

Yolanda c. Gibson-Michaels

V.

Sheila C. Bair,Chairman, etal

The enclosed summons and complaint are served pursuant to the Federal Rules of Civil Procedure.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within ____ days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within ____ days, you (or the party on whose behalf you ... red in serving a summons and complaint in any other manner permitted by law.

... s form, you (or the party on whose behalf you are being served) must answer the ... s sent. If you fail to do so, judgment by default will be taken against you for the

... ce and Acknowledgment of Receipt of Summons and Complaint By Mail was

Signature (USMS Official)

... RECEIPT OF SUMMONS AND COMPLAINT

... a copy of the summons and of the complaint in the above captioned manner at ...

Street Number and Street Name or P.O. Box No.

RECEIVED

City, State and Zip Code
DEC 4 - 2006

Signature  NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Relationship to Entity/Authority to Receive

Service of Process

Date of Signature

Form USM-299
(Rev. 6/95)

*(Left side — USPS certified mail return receipt card)*

SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Work Vuolence Research
Institute

COMPLETE THIS SECTION ON DELIVERY
A. Signature
X ☐ Agent  ☐ Addressee
B. Received by (Printed Name)  ☐ Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)
7004 2510 000p 2032 8345

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540