RECEIVED
FEB 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2007 FEB 12 PM 4:27
NANCY M.
MAYER-WHITTINGTON
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Nos.1:06CV01940 |
| ) | |
| SHELA C. BAIR, et.al. ) | |
| Defendants ) | |

PLAINTIFFS REPLY TO DEFENDANT DOUGLAS FAHEY'S RESPONSE TO
MOTION TO STAY COMPLAINT WITHOUT PREJUDICE TO
ENTER SETTLEMENT NEGOTIATIONS

Now Comes, Yolanda C. Gibson-Michaels (prose), Plaintiff in the above-entitled complaint and files a Reply to Defendant's Douglas R. Fahey, by and through his undersigned counsel, and for the following reasons set forth, provides the following:

1. Douglas R. Fahey, unlicensed contract employee did not have legal authority to engage into an unauthorized surveillance, interception of Plaintiffs oral communication, illegal search, false arrest (detained 3 hours), denied an attorney, and suspended from duty, involuntary removed **January 21, 2005** and **March 31, 2006** but for the gross negligence of Douglas R. Fahey, Securiguard, and USEC Services Corporation negligent hiring and retention of unauthorized personnel.

2. The FDIC, Douglas R. Fahey (unlicensed) contractor and other reported officials, in retaliation of Plaintiff's protected Whistleblower Disclosures (Sarbanes Oxley 2002) conspired against Plaintiff in violation of the Federal Anti-discrimination, whistleblower, and EEO retaliation statute.

1

## I. **State Wiretapping Statutes Also Apply to Employer Monitoring**

The Federal Electronic Communications Privacy Act, as amended by the USA PATRIOT Act, sets a minimum privacy protection for electronic communications, including those of employees. When employers engage in employee monitoring of electronic communications they must comply with both **Federal** and **State law**. The law states "When electronic monitoring reveals **"private"** employee communications **stop the monitoring** and **obtain legal advice before continuing to monitor**.

Douglas R. Fahey as confirmed by the Federal Deposit Insurance Corporation (FDIC) officials James T. Lantelme, William Kmentz, Randi Mendholshon, and the 25-year old intern involved in a Federal theft Jenekia Johnson confirmed by sworn affidavit that Douglas R. Fahey an unlicensed contractor initiated, recommended an interception Plaintiff's **oral communications** without a court order which was a private discussion of the King James Bible, Plaintiffs personal life, family, and son's disability of being severely autistic with a seizure disorder while inside a closed door office. Plaintiff personal private conversation was none of the FDICs, Douglas R. Fahey (unlicensed contractor), Securiguard, USEC Services Corporation, et.al. business.

Title I of the Electronic Communications Privacy Act of 1986 ("ECPA"), Interception of Electronic Communications ("The federal Wiretap Act"), **creates privacy rights in oral, wire, or electronic communications. Unlawful interception or disclosure/use of the contents of an oral, wire or electronic communication that has been intercepted in violation of the statute is prohibited**.

2

**Procuring another person to intercept or try to intercept an electronic communication is also a violation of Title I. Telephone conversations are wire communications. E-mail messages and conversations in Internet chat rooms are electronic communications.** Sworn Affidavits by FDIC confirmed that Douglas R. Fahey procured Jenekia Johnson to engage into an unlawful interception of Plaintiff's oral communication.

**Wherefore**, Plaintiff has a property right in addition to **criminal sanctions**, to bring a private right of action under this statute that permits individuals to sue for damages, including punitive damages and attorney's fees, when their privacy rights under the statute have been violated. **Criminal Liability. An Intentional violation of Title I is punishable by fines or imprisonment, or both; imprisonment is limited to not more than five years.** Douglas R. Fahey impersonated an investigator (unlicensed) in which the FDIC, Securiguard, Steve Kaufer, CEO, Workforce Institute, USEC Services Corporation and all other named defendants were aware that Douglas R. Fahey was unlicensed, paid under both Secirugard and USEC Services Corporation contracts while employed at the FDIC.

Securiguard's CEO Patricia Del Marvil had a duty, and USEC Services Corporation CEO, David Del Marvil had a duty, but failed to **report** and **remove** Douglas R. Fahey from the Securiguard and USEC Services contracts. Defendants' are liable to Plaintiff.

3

### Government Contractor Defense in Outsourcing

Defendants attempt to assert a "governmental contractor defense," is moot. See Scainetti v. United States, __ F.3d __, NYLJ Dec. 26, 2002, p. 32, cols. 1-3 (S.D.N.Y. 2002). The Federal Deposit Insurance Corporation (FDIC), Steve Kaufer, CEO, Workforce Violence Institute, Douglas R. Fahey, Jenkekia J. Johnson and other named defendants engaged into **gross negligence, willful misconduct,** Title VII, age, race, among other violations of Plaintiff.

Plaintiff was held against her will for well over 3 hours by Douglas R. Fahey (impersonator), false arrest (detention), denied counsel, interrogated. Interrogations require invocation of "Miranda Rights"

By enacting **Title III in 1968, Congress prohibited private citizens from using certain electronic surveillance techniques.** Defendants Douglas R. Fahey (unlicensed) contractor and Jenekia J. Johnson 25 year old intern, employed, hired, and supervised by her aunt (nepotism) was prohibited by ethics; both were private citizens. Prohibited in accordance to Title III.

**One of Title III's most restrictive provisions is the requirement that Federal investigative agencies submit requests for the use of certain types of electronic surveillance (primarily the non-consensual interception of wire and oral communications) to the Department of Justice for review** and **approval before applications for such interception may be submitted to a court of competent jurisdiction for an order authorizing the interception.** Specifically, in 18 U.S.C. § 2516(1), **Title III explicitly assigns such review** and **approval powers to the Attorney General.**

4

Plaintiff provided evidence to his Honorable Court that: (1) Douglas R. Fahey was unlicensed; (2) USEC Corporation confirmed that Douglas R. Fahey was not employed by Securiguard, (3) DOJ Criminal Division confirmed that Douglas R. Fahey did not have a Court order, (4) Metropolitan Police Department confirmed that Douglas R. Fahey was unlicensed. Defendants <u>violated Plaintiff</u> under Title VII, Parental Rights, Age, race, sex, harassment, false arrest, were <u>negligent</u>, and are liable to Plaintiff.

In 1986, Congress amended Title III by enacting the Electronic Communications Privacy Act of 1986. Specifically, Congress added a new category of covered communications, i.e., "<u>electronic communications</u>," <u>which would now be protected</u>, and <u>whose interception would be regulated, by Title III. Electronic communications</u> See 18 U.S.C. § 2510(12).

Because there are <u>severe penalties for the improper</u> and/<u>or unlawful use</u> and <u>disclosure of electronic surveillance evidence, including criminal, civil</u>, and <u>administrative sanctions</u>, as <u>well as the suppression of evidence</u>, it is essential that Federal prosecutors and law enforcement agents clearly understand when Departmental review and approval are required, and what such a process entails. See <u>18 U.S.C. §§ 2511, 2515, 2518(10), and 2520</u>.

<u>Wherefore</u>, Plaintiff has provided to this Honorable Court evidence throughout her pleadings upon which relief may be granted. Thank you.

                                                Respectfully submitted,

*[signature]*

Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland 20748
(301) 630-5062

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th **day of February 2007**, a copy of the foregoing Plaintiff Reply to Defendant Douglas R. Fahey Response was mailed by regular mail delivery to the following:

**Copies to:**

David Zachary Kaufman, Esq.
Kaufman Law Firm, A Professional Corporation
11350 Random Hills Road – Suite 800
Fairfax, Virginia 22030
Counsel for Defendants Securiguard, Inc.
  and USEC Corporation

Scott D. Helsel (D
Walton & Adams, PC
1924 Isaac Newton Square
Reston, Virginia 20190

Shelia C. Bair
Federal Deposit Insurance Corporaiton (FDIC)
550 17th Street, N.W. MB-6029
Washington, D.C. 20429

Kathleen Gunning, Counsel and Tina Lamoreaux, Counsel
Federal Deposit Insurance Corporation (FDIC)
3501 North Fairfax Drive
Arlington, Virginia

Jenekia J. Johnson, Prose Defendant
1414 Colony Road
Oxon Hill, Maryland 20748

Douglas R. Fahey
3716 Dalebrook Drive
Dumfries, Virginia 22015-1804

Patricia Del Marvil
Chairman CEO
Securiguard Incorporation
6858 Old Dominion Drive – Suite 307
McLean, Virginia 22101