IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YOLANDA C. GIBSON-MICHAELS )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>SHEILA C. BAIR, *et al.* )<br>)<br>Defendants ) | ) Civil Action No. 1:06cv01940 (RMU) |

## ANSWER OF WORKPLACE VIOLENCE RESEARCH INSTITUTE

Defendant Workplace Violence Research Institute ("WVRI"), by undersigned counsel, as and for its Answer and Affirmative Defenses to the Complaint, states as follows:

The paragraphs preceded by "Introduction" (pp. 2-4) plead matters to which no response is required. To the extent that a response is required, WVRI denies the "Introduction" paragraphs.

1. WVRI denies ¶ 1 of the Complaint.

WVRI is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the paragraphs preceded by "FDIC's Involuntary Removal of Plaintiff Reversed" (p. 4).

2. WVRI denies ¶ 2 of the Complaint.

3. WVRI admits ¶ 3 of the Complaint.

4. WVRI is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, ¶ 4 of the Complaint.

5. WVRI is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, ¶ 5 of the Complaint, except that WVRI admits that Steve Kaufer is affiliated with WVRI.

6. WVRI denies ¶ 6 of the Complaint.

7. WVRI denies ¶ 7 of the Complaint.

8. WVRI is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, ¶ 8 of the Complaint.

9. WVRI is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, ¶ 9 of the Complaint.

10. WVRI is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, ¶ 10 of the Complaint.

11. WVRI is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, ¶ 11 of the Complaint.

WVRI is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the paragraph preceded by "FDIC Continuous Violations of Plaintiff Right to Seek Relief" (p. 8).

12. WVRI is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, ¶ 12 of the Complaint.

13. WVRI is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, ¶ 13 of the Complaint.

WVRI is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the paragraphs preceded by "Summary Background" (p. 9).

WVRI is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the paragraphs preceded by "Summary Background Supported by Evidence" (p. 10).

14-115. WVRI is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, ¶¶ 14-115 of the Complaint.

WVRI is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the paragraphs preceded by "Statistical Pattern of Practice-FDIC Discrimination" (pp. 30-36).

116. In response to paragraph 116 of the Complaint, WVRI incorporates herein by reference the responses above to ¶¶ 1-115 and to the paragraphs preceded by the titles "Introduction," "FDIC's Involuntary Removal of Plaintiff Reversed," "FDIC Continuous Violations of Plaintiff Right to Seek Relief," "Summary Background," "Summary Background Supported by Evidence" and "Statistical Pattern of Practice-FDIC Discrimination."

117. WVRI denies ¶ 117 of the Complaint.

118. In response to paragraph 118 of the Complaint, WVRI incorporates herein by reference the responses above to ¶¶ 1-117 and to the paragraphs preceded by the titles "Introduction," "FDIC's Involuntary Removal of Plaintiff Reversed," "FDIC Continuous Violations of Plaintiff Right to Seek Relief," "Summary Background," "Summary Background Supported by Evidence" and "Statistical Pattern of Practice-FDIC Discrimination."

119. WVRI denies ¶ 119 of the Complaint.

120. In response to paragraph 120 of the Complaint, WVRI incorporates herein by reference the responses above to ¶¶ 1-119 and to the paragraphs preceded by the titles "Introduction,"

"FDIC's Involuntary Removal of Plaintiff Reversed," "FDIC Continuous Violations of Plaintiff Right to Seek Relief," "Summary Background," "Summary Background Supported by Evidence" and "Statistical Pattern of Practice-FDIC Discrimination."

121. WVRI denies ¶ 121 of the Complaint.

122. In response to paragraph 122 of the Complaint, WVRI incorporates herein by reference the responses above to ¶¶ 1-121 and to the paragraphs preceded by the titles "Introduction," "FDIC's Involuntary Removal of Plaintiff Reversed," "FDIC Continuous Violations of Plaintiff Right to Seek Relief," "Summary Background," "Summary Background Supported by Evidence" and "Statistical Pattern of Practice-FDIC Discrimination."

123. WVRI denies ¶ 123 of the Complaint.

124. In response to paragraph 124 of the Complaint, WVRI incorporates herein by reference the responses above to ¶¶ 1-123 and to the paragraphs preceded by the titles "Introduction," "FDIC's Involuntary Removal of Plaintiff Reversed," "FDIC Continuous Violations of Plaintiff Right to Seek Relief," "Summary Background," "Summary Background Supported by Evidence" and "Statistical Pattern of Practice-FDIC Discrimination."

125-132. WVRI denies ¶¶ 125-132 of the Complaint.

WVRI denies the paragraphs preceded by "Plaintiff Established Prima Facie Case."

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by Plaintiff's own misconduct.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint is barred by waiver, estoppel and laches.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint is barred by Plaintiff's failure to undertake a reasonable prefiling inquiry with respect to WVRI and persons associated with WVRI.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint with respect to WVRI and persons associated with WVRI is presented for an improper purpose.

**SIXTH AFFIRMATIVE DEFENSE**

The claims and legal contentions in the Complaint against WVRI and persons associated with WVRI are not warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law.

**SEVENTH AFFIRMATIVE DEFENSE**

The allegations and other factual contentions in the Complaint against WVRI and persons associated with WVRI do not have evidentiary support and are not specifically identified to be likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

WHEREFORE, WVRI respectfully prays that the Court (i) dismiss the Complaint with prejudice, (ii) award WVRI its costs and expenses including attorneys fees and (iii) grant WVRI such other and further relief as to which WVRI may be entitled.

Dated: March 26, 2007

        Respectfully submitted,

        <u>/s/ Harvey A. Levin</u>
        Harvey A. Levin (DC Bar No. 203869)
        Thompson Coburn LLP
        1909 K Street, N.W., Suite 600
        Washington, DC 20006
        Ph: 202-585-6900
        Fax: 202-585-6969
        Email address: hlevin@thompsoncoburn.com

        Counsel for Defendant Workplace Violence Research Institute

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Reply was served by ECF and by first class mail, postage prepaid, this 26th day of March 2007 on:

Yolanda C. Gibson-Michaels
2210 Anvil Lane
Temple Hills, Maryland 20748

Claire M. Whitaker, Esquire
United States Attorney's Office
555 4th Street, NW
Suite E-4204
Washington, DC 20816

Scott D. Helsel, Esquire
Walton & Adams, P.C.
1925 Isaac Newton Square, Suite 250
Reston, VA 20910

Davis Zachary Thompson, Esquire
Kaufman Law, A Professional Corporation
11350 Random Hills Road, Suite 650
Fairfax, VA 22030

Jenekia J. Johnson
1414 Colony Road
Oxon Hill, Maryland  20748


/s/ Harvey A. Levin