UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**YOLANDA GIBSON-MICHAELS,**  )
                                            )
      **Plaintiff,**             )
                                            )
      v.                              ) Civil Action No. 06-1940 (RMU)
                                            )
**SHEILA C. BAIR, et al.,**         )
                                            )
      **Defendants.**           )
_____)

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO PERMANENTLY SUPPRESS EVIDENCE AND MOTION FOR INJUNCTIVE RELIEF

    Defendants, Sheila C. Bair, in her official capacity as Chairman of the Federal Deposit Insurance Corporation, and Robert Feldman, in his official capacity as Executive Secretary of the Federal Deposit Insurance Corporation (hereinafter "Defendants" or "FDIC"), oppose Plaintiff's Motion to Permanently Suppress Evidence and for Injunctive Relief ("Motion") and respectfully request that the Motion be denied on the grounds that Plaintiff's motion is without merit and irrelevant to her discrimination claims in this case.

    As Plaintiff has pled claims in her complaint solely related to the alleged discrimination in her federal employment, the federal employment discrimination statutes, e.g., Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), the Rehabilitation Act of 1973, as amended, are the exclusive remedies for such claims. *See* e.g. Brown v. GSA, 425 U.S. 820, 829-32, 835 (1976); Shirley v. Devine, 670 F.2d 1188, 1191 n.7 (D.C. Cir. 1982); Thorne v. Cavazos, 744 F. Supp.348, 351-52 (D.D.C. 1990).  The statutory framework upon which she relies in her motion is not relevant here.  Moreover, because the parties have not agreed on a Scheduling Order, primarily because Plaintiff has failed to cooperate, any attempt by

Plaintiff to unilaterally set the parameters of discovery in this case should be rejected as inappropriate as well as premature.

## I. BACKGROUND

Pro se Plaintiff has brought suit against the FDIC for employment discrimination and other employment related claims.[1] In her motion, Plaintiff seeks to suppress "[p]retrial discovery, use, duplication and disclosure" of a tape recorded conversation between herself and a former FDIC student intern, Jenekia Johnson[2] under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-21, the federal statute governing the interception of wire and oral communications ("Title III").[3] *See* Motion, p. 1. Although a tape recording was produced in connection with an investigation into alleged misconduct by Plaintiff for making repeated threats and intimidating statements to Ms. Johnson, that tape recording did not serve as the basis of

---

[1] Specifically, Plaintiff has alleged racial, sexual and religious discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*.; age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*.; disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C.§ 791; violation of her rights under the Family Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq*.; and retaliation in violation of Title VII and the ADEA. Plaintiff also alleges the creation of a hostile work environment and "intention[al] infliction of emotional distress." *See* Complaint, pp. 3; 39-40.

[2] Ms. Johnson is a defendant in this action. Ms. Johnson is also a named defendant in two related cases: *Yolanda Gibson-Michaels v. Jenekia J. Johnson*, Case No. 1:06CV01939-RMU filed on November 14, 2006; and *Yolanda Gibson-Michaels v. Douglas R. Fahey and Jenekia J. Johnson*, Case No. 1:06CV01933-RMU filed on November 13, 2006. As of the date of this filing, Ms. Johnson has not been served in any of the three cases.

[3] Plaintiff's Motion also makes obscure references to various provisions of the Foreign Intelligence Surveillance Act of 1978, ("FISA"), 50 U.S.C.§1801 et seq. (FISA establishes procedures for the use of electronic surveillance in gathering foreign intelligence information.) Nowhere in Plaintiff's brief does she explain the applicability of the cited subsections to the relief she seeks under Title III and Defendants should not be required to guess as to the applicability of these statutory provisions.

2

any adverse personnel action that is the subject of Plaintiff's employment discrimination

case.[4]

## II. DISCUSSION

### A. Plaintiff's Motion is Premature and Irrelevant.

As the Parties have not filed their Meet and Confer Report pursuant to Local Civil Rule 16.3 and no Scheduling Order has been entered, Plaintiff's motion is premature. *See* LCvR Rule 16.3. Moreover, as the tape recording did not serve as the basis of any adverse personnel action in this employment litigation, it is irrelevant. Although Defendant FDIC opposes Plaintiff's motion as premature and irrelevant, it believes that the tape recording should not be relied on by either party in this litigation. Accordingly,

---

[4] As part of the investigation, Ms. Johnson was interviewed by FDIC contract investigator Douglas Fahey. To aid the investigation, Ms. Johnson agreed to use a concealed tape recorder to record her conversation with Plaintiff. FDIC managers believed that the results of the investigation demonstrated that disciplinary action against Gibson-Michaels was warranted. On June 9, 2004, the FDIC proposed that Plaintiff be suspended from work without pay for ten days for unprofessional and /or inappropriate behavior. On August 17, 2004, the deciding official determined that Plaintiff's conduct warranted a five-day suspension from duty and pay. In her decision, the deciding official explicitly stated that she did not listen to the tape recording of the conversation nor did she rely on the portions of the transcript from the taped conversation contained in the agency record as she felt it was unnecessary in determining whether the underlying conduct took place. Should the Court desire a copy of the deciding official's decision at this stage of the proceedings, Defendants will promptly file it with the Court.

should the Court consider suppressing the tape recording, its use should be prohibited by both Plaintiff and Defendants.

### B. There is No Legal Basis for Suppressing the Tape Under Title III.

There is no legal basis for suppressing the tape recording and Plaintiff has pointed to none. Tape recordings are not actionable where one party to the conversation consented to the tape being made. The tape recording that Plaintiff seeks to suppress was lawful. Plaintiff's Motion either overlooks or ignores the consent exception to Title III set forth in subsection 2511(2)(d). This subsection provides that it is legal for a person to intercept a wire, oral, or electronic communication if the person is a party to the communication or if one of the parties to the communication has given prior consent to the interception, unless the communication is intercepted for the purpose of committing a criminal or tortuous act. *Id.* Ms. Johnson's conversation with Plaintiff was properly recorded under 18 U.S.C. § 2511(2)(d). Indeed, Plaintiff's own Motion confirms that Ms. Johnson consented to tape record her conversations with Gibson-Michaels. *See* October 4, 2004 Affidavit of Jenekia Johnson, Plaintiff's Motion, pp. 41-42. Moreover, Plaintiff has neither alleged, nor established any facts to show that the FDIC tape recorded the conversation for any purpose prohibited under the statute. Accordingly, Plaintiff's Motion to suppress the tape recording and request for permanent injunction is meritless and should be denied.

### C. The Suppression of the Tape Recording is Substantively Irrelevant to Plaintiff's Discrimination Claims Against the FDIC.

As noted above, Title VII, the ADEA and the Rehabilitation Act as amended, are the exclusive remedies for Plaintiff's employment-related discrimination claims. Brown v. GSA, 425 U.S. at 829-32; Shirley v. Devine, 670 F.2d at 1191 n.7 ; Thorne v.

4

Cavazos, 744 F. Supp. at 351-52.  Contrary to Plaintiff's assertions, the FDIC has not relied upon the tape recorded conversation in support of any decision to discipline Plaintiff for misconduct while employed at the FDIC.  Therefore, the contents of the tape are substantively irrelevant to the Plaintiff's employment discrimination claims asserted against the FDIC.[5]

### III. CONCLUSION

For the reasons set forth herein, the FDIC respectfully requests that this Court deny Plaintiff's Motion.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
555 4th St., N.W.
Room E4204
Washington, D.C. 20530

OF COUNSEL:
TINA A. LAMOREAUX, Esq.
Federal Deposit Insurance Corporation

---

[5] Defendant FDIC would note, however, that had the FDIC relied upon the contents of the tape, which the deciding official expressly stated she did not, the use of such evidence would not be illegal or improper under federal law.  Nevertheless, the FDIC has no interest in utilizing the statements contained on the tape recording in this proceeding.