UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS, :
:
    Plaintiff, :
:
v. :    CASE NO. 1:06CV01940 (RMU)
:
SECURIGUARD, INC., et al. :
:
    Defendants. :

**DEFENDANT SECURIGUARD, INC. AND USEC CORPORATION'S
OPPOSITION TO PLAINTIFF'S MOTION TO PERMANENTLY
SUPPRESS EVIDENCE AND MOTION FOR INJUNCTIVE RELIEF**

Defendants Securiguard, Inc. ("Securiguard") and "USEC Corporation"[1] ("USEC") (collectively "the Security Guard Defendants"), by counsel, oppose the Plaintiff's "Motion To Permanently Suppress Evidence And Motion For Injunctive Relief" ("the Plaintiff's Motion").[2]

The Plaintiff's Motion appears, in essence, to be a motion *in limine* asking the Court to rule that the contents of a tape-recorded oral conversation between the Plaintiff and an FDIC student intern, Jenikia Johnson, are inadmissible. The tape recording was made by Ms. Johnson as part of a formal investigation into an allegation that the Plaintiff had made threatening statements to Ms. Johnson at work. Neither the tape recording, nor a transcript of its contents, have been submitted to the Court.

The principal basis on which the Plaintiff seeks to exclude the tape recording is her contention that it was unlawfully made and obtained. This is demonstrably incorrect.

---

[1] USEC's proper name is USEC Service Corporation.

[2] The Plaintiff has also filed the same motion in the related case of *Gibson-Michaels v. Securiguard, Inc., et al.*, Case No. 1:06CV01938 (RMU), which the Security Guard Defendants also oppose.

As explained in greater detail in the Security Guard Defendants' pending motion to dismiss, one of the participants to the conversation – Ms. Johnson – tape recorded it. Therefore, the tape recording violates neither federal nor District of Columbia law. See 18 U.S.C. § 2511(c) and (d) (generally permitting a person, whether or not "acting under color of law," to intercept an oral communication where such person is a party to the communication); D.C. Code § 23-542(b)(2) and (3) (same). Simply put, the tape recording and its contents cannot be held to be inadmissible on this basis.

Any other argument that the Plaintiff might make for exclusion of the tape recording is, at best, premature. This case is still at the pleadings stage, with dispositive motions pending for decision. The nature of the Plaintiff's claims remain hazy – indeed, this lawsuit appears to involve only employment-related claims, which are particularly misplaced against the Security Guard Defendants, since the FDIC was the Plaintiff's employer – hampering the Security Guard Defendants in their ability to defend any of the Plaintiff's claims (if there are any) that might survive dispositive motions. There has not even been any discovery yet; indeed, the Plaintiff has refused to join with the Defendants in filing a joint report following the meet-and-confer session held pursuant to Local Civil Rule. 16.3. The tape recording (which undersigned counsel has never even heard) may, or may not, be offered as evidence, but the Security Guard Defendants cannot even make such a determination on that issue at the present stage of these proceedings.

Because the Plaintiff's Motion is based on a demonstrably wrong proposition of law and is also premature, the Security Guard Defendants respectfully request that it be denied.

Respectfully submitted,

/s/
Scott D. Helsel (DC Bar No. 455763)
WALTON & ADAMS, P.C.
1924 Isaac Newton Square
Suite 250
Reston, VA 20190
(703) 790-8000 (voice)
(703) 790-8016 (fax)

*Counsel for the Defendants Securiguard, Inc. and USEC Service Corporation*

## CERTIFICATE OF SERVICE

I hereby certified that I caused a true and correct copy of this document to be served by ECF for all counsel of record and by first class mail, postage prepaid, on each of the following on this 10th day of April 2007:

Yolanda C. Gibson-Michaels, *Pro Se*
2210 Anvil Lane
Temple Hills, MD 20748

David Rose, Esquire
Rose & Rose
1320 19th Street, NW, Suite 601
Washington, DC 20036-1655

/s/
Scott D. Helsel

3