IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
    Plaintiff,              )
                                  )
          v.                   ) Civil Action: **06CV01940 (RMU)**
                                  )
SHELA C. BAIR, et.al.         )
    Defendants            )

**PLAINTIFFS' OPPOSITION TO WORKPLACE VIOLENCE
RESERCH INSTITUTE, AND JOINDER OF WORKPLACE
VIOLENCE RESEARCH INSTITUTE IN OPPOSITIONS, TO
PLAINTIFF'S MOTIONS TO SUPPRESS EVIDENCE, FOR
INJUNCTIVE RELIEF, FOR SETTLEMENT CONFERENCE AND
FOR OTHER RELIEF**

Comes Now, Yolanda C. Gibson-Michaels (prose), Plaintiff in Opposition to the Federal Deposit Insurance Corporation and Workforce Violence Research Institution, and Joinder of Workplace Violence Institution Oppositions To Plaintiff's Motion To Suppress Evidence and Injunctive Relief et.al, In support thereof, Plaintiff states the following:

    FDIC and Defendants' by and through the abuse of the Court System has denied Plaintiff her right to due process, right to suppress evidence clearly in violation of the procedures, use, disclosure and reliance on evidence of an illegal interception of oral communications; and improperly Joined Oppositions.

1

I. **Legal Standard for Due Process** - Plaintiff's motion to suppress evidence and injunctive relief is warranted. The Federal Deposit Insurance Corporation (FDIC) et.al., Steve Kaufer, CEO of the Workforce Violence Institute, et.al, willfully deprived Plaintiff **of life, liberty, property, without due process of law.**" *See* U.S. CONST. Amend. V.

II. **Background**

The Supreme Court described the exclusionary rule as: **"A protection for 'the victim of an unlawful invasion of privacy' §2515 serves not only to protect the privacy of communications, [but also to ensure that the courts do not become partners to illegal conduct] the evidentiary prohibition was enacted also to protect the integrity of court and administrative proceedings....excludes all derivative evidence."**

Plaintiff's **Motion to Suppress Evidence** is applicable to all claims and Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) (Title VII). Amended under **42 of the United States Code, Section 2000e**. Title VII as admended, prohibits employment discrimination based on **race, color, religion, sex** and **national**. The statute under **section 1977 (42 U.S.C. 1981),** provides for the recovery of **compensatory** and **punitive damages** of **intentional violations of Title VII**.

The Department of Justice (DOJ) guidelines **provide restrictions**, the requirement that a **high-level Department official specifically approve** the use of these types of electronic surveillance **[prior to an Assistant United States Attorney obtaining a court order authorizing interception]** as well as **emergency interception procedures** and **restrictions on the disclosure** and **evidentiary use of information obtained through electronic surveillance**. By enacting **Title III in 1968, [Congress prohibited private citizens]** from using certain electronic surveillance techniques.

The Wire and Electronic Communications Interception and Interception of Oral Communications Act (formally known as the "Title III" Wiretap Act, 18 U.S.C §§ 2510-2520,), **requires a court order issued by a judge who must decide that there is probable cause to believe that a crime has been, is being or is about to be committed**.

A. **Authorization of Wire, Oral, and Electronic Interception**

DOJ USAM Section 9-7.100 **require restrictions** upon the use of electronic surveillance by **law enforcement agents** enacted in recognition of the **restrictions against unlawful searches** and **seizures** contained in the **Fourth Amendment** to the United States Constitution. *See, e.g., Katz v. United States,* 389 U.S. 347 (1967).

3

**B.** One of Title III's most **restrictive provisions** is the requirement that **Federal investigative agencies** **submit requests for the use of certain types of electronic surveillance (primarily the non-consensual interception of wire and oral communications).** The Department of Justice **must review** and **approval before applications for such interception may be submitted to a court of competent jurisdiction for an order authorizing the interception**.

**C.    Exclusion From Evidence**

The Wiretap Act provides **broad** and **sweeping exclusionary rules 18 U.S.C. §2515 provides**: Whenever any **wire** or **oral communication** has been intercepted, **no part of the contents of such communication** and **[no evidence derived there from may be received in evidence in any trial]**, **[hearing]**, or **]other proceeding in]** or **[before any court]**, **[grand jury]**, **department**, **officer**, **agency**, **regulatory body**, **legislative committee**, or **other authority of the United States**, **a State**, or **a political subdivision** thereof disclosure of that information would be in violation.

18 U.S.C. §2511(1)(d) prohibits the **"use"** of the contents of **any wire**, **oral** or **electronic communication by any person**, **knowing** or **having reason to know that the information was obtained through by interception in violation of the [Wiretap] Act**.

4

In one case, **during discovery**, an **[Attorney] who wrote to opposing counsel suggesting that he might introduce telephone conversations that his client illegally recorded was held liable for damages**. See **Leach** v. **Bryam, 68 F.Supp.2d 1072 (D.Minn, 1999)**. See **Rodgers** v. **Wood, 910 F.2d 444** (7th Cir. 1990).

An attorney who used tapes of illegally intercepted communications to **frame deposition questions** and **[later introduced them in a court hearing was criminally convicted]**. See U.S. v. Wuliger, 981 F.2d 1497 (6th Cir. 1992)(**reversing conviction due to improper jury instructions**). See **Bess** v. **Bess**, 929 F.2d 1332 (8th Cir. 1991). The **statutes of limitation does not require a claimant have actual knowledge of the violation**; it demands only that the claimant have had a reasonable opportunity to discover it. See **Davis** v. **Zirkelbach, 149 F.3d 614, 618(7th Cir. 1998).**

D.   **Criminal Penalties**

The statute, constitution, and cases cited involve [*attorneys who used*], [*endeavor to use in discovery*], or **disclosed illegally intercepted communications. These attorneys were sued**, **held liable for statutory damages, criminally prosecuted** and **suspended** or **disbarred from practice**.

**Disclosing the contents of an illegally intercepted communication to another person is also prohibited**. See 18 U.S.C. §2511(1)(c). See e.g., **Rogers** v. **Wood**, 910 F.2d 444 (7th Cir, 1990); **Leach** v. **Bryam**, 68 F.Supp. 1079 (D. Minn. 1999). This provisions is applicable to Steve Kaufer, CEO, Workforce Violence Institute, et.al.(Defendant).

Douglas R. Fahey (Defendant) confirmed that he provided evidence, reports, emails, and transcripts of intercepted communications to Steve Kaufer, CEO, Workforce Violence Institute. Mr. Kaufer accepted, used, and provided his professional opinion with the use of an illegal intercept, of Plaintiffs character. Mr. Kaufer's Counsel confirmed that Plaintiff contacted Mr. Kaufer by and through Counsel's own Motion to Dismiss.

The FDIC, Steve Kaufer, and named Defendant's continue to disregard the rule of law. Steve Kaufer, CEO, with the use of and reliance upon an illegal intercept, willfully characterized and label Plaintiff as a 'veiled threat' with knowledge that Plaintiff had previously contacted him regarding the illegal wire in violation of 18 U.S.C. – Section 119; confirmed by his own Counsel of Record. It is clear that the FDIC and named Defendant's (D.C. Bar Attorney) have engaged into unethical, unprofessional conduct and behavior in violation of a Prose litigants rights to Constitutional due process, justice, and fairness in the tribunals.

6

The D.C. Circuit has outright recognized the **"right of a federal job applicant to seek injunctive relief from an agency's violation of his constitutional rights in general**." See **Hubbard** v. **U.S. E.P.A. Admin.**, 809 F.2d 1, 11 (D.C.Cir. 1986). See **O'Donnell** v. **Barry**, 148 F.3d 1126, 1143-44 (D.C. Cir. 1998), citing **Kartseva** v. **Department of State**, 37 F.3d 1524, 1527-29 (D.C.Cir.1994).

E. **Conclusion**

The Wiretap Act provides **broad** and **sweeping exclusionary rules 18 U.S.C. §2515 provides**: Whenever any **wire** or **oral communication** has been intercepted, **no part of the contents of such communication** and **no evidence derived there from may be received in evidence in any trial**.

**Wherefore**, the FDIC, Steve Kaufer, CEO, Workforce Violence Institution, and named Defendants by and through its own unlawful misconduct, malfeasance, negligence, frame-up, and attempts to obstruct justice, attempt to deny Plaintiff due process, Procedural Due Process, Title VII violations, and other 18 U.S.C violations enumerated above are now in a attempt to allege an 'improper' purpose of Plaintiff's right to due process.

**Wherefore**, Plaintiff is entitled to due process, procedural due process, and relief by granting Plaintiff's Motion to Suppress Evidence and Injunctive Relief. Defendant's oppositions, motions, and arguments are moot. Defendants have not adduce any evidence, and will not be able to aver from facts, affidavits, false information provided to the U.S. Congress, U.S. Senate, DOJ Criminal Division, Metropolitan Police Department and FDIC sworn affidavits that Douglas R. Fahey introduced the use of the illegal wire.

Respectfully submitted,

Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland 20748
(301) 630-5062

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **13th day of April 2007**, copies were mailed to:

**Copies to:**

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, N.W. – Suite 600
Washington, DC  20006

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia  22030
Securiguard, Inc./USEC Corporation

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia  20190

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C.  20530

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS  )
    Plaintiff,                )
    v.                          ) Civil Action: **06CV01940 (RMU)**
                             )
SHELA C. BAIR, et.al.       )
    Defendants              )

## ORDER

It is upon consideration of Plaintiff's Opposition To Defendant's Opposition To Plaintiff's Motion to Permanently Suppress Evidence and Motion for Injunctive Relief on this _____ day of _____, 2007 is Granted.

_____
Judge

**Copies to:**

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, N.W. – Suite 600
Washington, DC  20006

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia  22030

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia  20190

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C.  20530

10