IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
    Plaintiff, )
)
)
v. ) Civil Action No(s). **1:06CV01940** RMU
)
SHELA C. BAIR, et.al. )
    Defendants )

**Plaintiffs Opposition In Response to Defendant Workforce Violence Research Institute Answer to Plaintiff's Complaint**

COMES NOW the Plaintiff, Yolanda C. Gibson-Michaels, and Responds In Opposition to Defendant Workplace Violence Research Institute ("WVRI") Answer to Plaintiff's Complaint, and as to each and every count thereof state as follows:

**Count 1 – First Offense**

Steve Kaufer, CEO, Workforce Violence Institute is with knowledge and information sufficient to form a belief as to the truth of Plaintiff's complaint against the Workforce Violence Institute. Plaintiff complaint states a claim upon which relief can be granted.

RECEIVED
APR 1 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### Count 2 – Second Offense (Dirty Hands)

Steve Kaufer, CEO, Workforce Violence Institute is liable to Plaintiff, upon his "Dirty Hands" of a willful indulgence, impropriety in relation to the matter in which relief is sought. Plaintiff's complaint is not tolled. Defendant's willful misconduct, use, disclosure, and acceptance of evidence in violation of 18 U.S.C. – 119; provides remedies for continuous violations of EEO and Use of wire interceptions.

Defendants violation of the Wiretap act of its use, disclosure, and reliance (Dirty Hands) of an unlawful interception of Plaintiff's oral communication ill-gotten by Douglas R. Fahey (unlicensed guard)(acting under the color of law). Misconduct was fabricated by James T. Lantelme malicious, intentional, and vicarious initiation of a leading question to named Defendant Jenekia Johnson when he asked if she felt threaten by Plaintiff "Feelings of Threat" over a quotation of a bible verse Ms. Johnson confirmed she has heard plenty of times before the actual quote from Plaintiff.

2

### Count 3 – Third Offense (Principal Actors)

Steve Kaufer, CEO, Workforce Violence Institute acceptance, use, and reliance on e-mails, investigative reports, affidavits, illegal recording, and other unauthorized possession of Plaintiff's files, personal data intercepted by Douglas R. Fahey (unlicensed) contract guard (Defendant) deems Kaufer liable to Plaintiff upon which relief is sought.

### Count 4 – Fourth Offense (Admission by WVRI)

Steve Kaufer, CEO, Workforce Violence Institute affirmed on page 2 of Memorandum of Points and Authorities submitted to this Honorable Court on 22nd of December, 2006, that: ....

> """V. Parties," Complaint at 6, with reads as follows(emphasis not added):"(c) Steve Kaufer, CEO Work Violence Research Institute, 1281 North Gene Autry Trail-Suite K, Palm Springs, ca 92262. Plaintiff contacted Steve Kaufer at or around 1:25pm on September 9, 2005. Mr. Kauffer stated that Work Violence research Institute has 'relations' with the FDIC. He stated he needed to contact the FDIC. Plaintiff requested, and Steve Kaufer provided his fax number. Plaintiff provided evidence ignored by Steve Kaufer and FDIC on January 19, 2006 that Douglas R. Fahey was not authorized to engage into an unauthorized interception of oral communications. Steve Kaufer was non-responsive.

**Mr. Kaufer received, accepted, and provided controversial inflammatory, derogatory, degrading investigative report, comments, notes provided by an unlicensed investigator Douglas R. Fahey (Acting under the Color of Law)."**

"The Complaint identifies Fahey as follows: (contractor) and managed to work for the FBI September 2004. Complaint paragraph 30 & 39. An attachment to the complaint purporting to be an FDIC Modification of Contract with Securiguard, Inc. identifies Fahey as "key Personnel" of FDIC contractor Securiguard. Another attachment to the complaint purporting to be a letter dated <u>October 12, 2004</u> from one Barry Cohen (who identifies himself as a contractor EEO Investigator who is <u>investigating the EEO Complaint of FDIC Yolanda Gibson-Michaels</u>) to Fahey addresses the letter to :

>   Mr. Douglas Fahey
>   C/O USEC Corporation
>   7532 Leesburg Pike
>   Suite 402
>   Falls Church, VA  22043...."

### Count 5– Fourth Offense (Admission by WVRI)

Steve Kaufer, CEO, Workforce Violence Institute affirmed that he was contacted by Plaintiff. Affirmation confirms that Steve Kaufer, CEO, Workforce Violence Institute that he had knowledge, sufficient information, was contacted by Plaintiff on **September 9, 2005** regarding the impropriety, illegal wire, and evidence that Douglas R. Fahey named Defendant was in fact a unlicensed guard by which Steve Kaufer accepted, used, disclosed and relied upon at the time Kaufer labeled Plaintiff as a 'veil threat'

4

The Wiretap Act provides **broad** and **sweeping exclusionary rules 18 U.S.C. §2515 provides**: Whenever any **wire** or **oral communication** has been intercepted, **no part of the contents of such communication** and **[no evidence derived there from may be received in evidence in any trial]**, **[hearing]**, or **]other proceeding in]** or **[before any court]**, **[grand jury]**, **department**, **officer**, **agency**, **regulatory body**, **legislative committee**, or **other authority of the United States**, **a State**, or **a political subdivision** thereof disclosure of that information would be in violation.

### Count 6– Sixth Offense

Steve Kaufer, CEO, Workforce Violence Institute accepted, used, and relied upon evidence in used against Plaintiff with knowledge that Plaintiff apprised Steve Kaufer of the 'origin' of the **"Fruits of the Wire"** in violation of 18 –U.S.C. 119 release, disclosure, and use. Plaintiff claims against Steve Kaufer are warranted.

### Count 7– Seventh Offense (Fabrication, Fraud, Deception)

Steve Kaufer, CEO, Workforce Violence Institute accepted, used, and relied upon evidence in used against Plaintiff with knowledge that Plaintiff had apprised Mr. Kaufer of the 'origin' of the "Fruits of the Wire" in violation of 18 –U.S.C. 119 release, disclosure, and use. Defendant's response on page 2, numbers 5 through 13 are rendered moot.

Defendant confirmed that: "V. Parties Complaint at 6, with reads as follows(emphasis not added):"(c) Steve Kaufer, CEO Work Violence Research Institute, 1281 North Gene Autry Trail-Suite K, Palm Springs, ca 92262. Plaintiff contacted Steve Kaufer at or around 1:25pm on September 9, 2005. Mr. Kauffer stated that Work Violence research Institute has 'relations' with the FDIC. He stated he needed to contact the FDIC. Plaintiff requested, and Steve Kaufer provided his fax number. Plaintiff provided evidence ignored by Steve Kaufer and FDIC on January 19, 2006 that Douglas R. Fahey was not authorized to engage into an unauthorized interception of oral communications. Steve Kaufer was non-responsive.

### Count 8– Eighth Offense

Plaintiff's is entitled to all claims. Plaintiff is covered. Plaintiff has requested summary judgment and punitive damages.

### Count 9 – Ninth Offense

Plaintiff's has standing and all claims will survive. Steve Kaufer accepted, used, collected emails, investigative report, tape recordings, transcripts used to damage Plaintiff's outstanding FDIC tenure.

Steve Kaufer labeled Plaintiff as a 'veil threat' with knowledge that Plaintiff quoted an innocent bible verse inside a closed door office.

### Count 10 – Tenth Offense

Steve Kaufer, CEO Workforce Violence Institute "relations" with the FDIC served to label, defame, and characterize Plaintiff as a **veil threat** or **threat** without legal authority established by a contractual agreement, legal services agreement, or a consultant of the true relationship with the FDIC. Steve Kaufer **'relations'** serve to defame, discriminate, label, profile Plaintiff on behalf of the FDIC. Steve Kaufer's clandestine relationship wit the FDIC served to label by a willful discriminatory practice in violation of Title VII protections of Plaintiff's race, age, color, religion, parental rights; and other claims before this Honorable Court.

**WHEREFORE**, Plaintiff's Offense in response to Steve Kaufer, Workforce Violence Institute provides Plaintiff is entitled to relief.

Respectfully submitted,

Yolanda C. Gibson-Michaels
2210 Anvil Lane
Temples Hills, Maryland  20748

7

# CERTIFICATE OF SERVICE

I herby Certify that on this **1$th day of April 2007**, a copy of the foregoing **Plaintiff's Response In Opposition of Steve Kaufer, CEO, Workforce Violence Institute** was mailed to named defendants:

**Copies to:**

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, N.W. – Suite 600
Washington, DC  20006

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia  22030

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia  20190

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C.  20530

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS   )
    Plaintiff,   )
       )
    v.   ) Civil Action: **06CV01940 (RMU)**
       )
SHELA C. BAIR, et.al.   )
    Defendants   )

## ORDER

It is upon consideration of **PLAINTIFFS' RESPONSE IN OPPOSTION TO STEVE KAUFER, WORKPLACE VIOLENCE INSTITUTE** is hereby by **Granted** on this _____ day of _____, 2007.

_____
Judge

**Copies to:**

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, N.W. – Suite 600
Washington, DC  20006

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia  22030

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia  20190

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C.  20530

9