# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
      Plaintiff,         )
                       )
         v.           ) Civil Action: **06CV01940 (RMU)**
                       )
SHELA C. BAIR, et.al.        )
      Defendants     )

## PLAINTIFFS' RESPONSE TO SECURIGUARD, INC. AND USEC CORPORATION'S RESPONSE TO PLAINTIFF'S REQUEST FOR <u>APPOINTMENT OF COUNSEL</u>

Plaintiff Yolanda C. Gibson-Michaels (prose), response to Defendants

Securiguard, Inc. ("Securiguard") and USEC Services Corporation

(collectively the Security Guard Defendants) response to Plaintiff.

Defendant's believes or disbeliefs are irrelevant.

Defendant's **FDIC**, **Securiguard**, **USEC Services Corporation**, and

the **Workforce Violence Institute** knowing, willful, intentional, negligent

hiring and retention of an unlicensed contract security guard **Douglas R.**

**Fahey** caused Plaintiff irreparable harm, damages, defamation of character

by and through the unlawful interception of Plaintiff's oral communication,

in violation of Title VII, age, race, sex, religion and other claims pending

adjudication before this Honorable Court.

RECEIVED

APR 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## I.    Securiguard and USEC Services Contractors Negligence

On **October 31, 2004**, the FDICs EEO contract investigator Barry Cohen stated that: **"During my interview with Mr. Kmetz, he informed that Mr. Fahey was working with the FBI and undergoing training. Mr. Kmetz informed that Mr. Fahey had worked as a contractor for Securiguard.  On October 12, 2004, I called Securiguard in an effort to locate Mr. Fahey, I was told that Mr. Fahey was not employed by Securiguard and was told to contact USEC Corporation.  I contacted USEC Corporation and was told that Mr. Fahey was no longer employed by USEC Corporation..."** USEC Services Corporation (Prime Contractor) was aware, confirmed and acknowledges that **Douglas R. Fahey was not employed by Securiguard** (subcontractor).

Furthermore, the FDIC confirmed that Douglas R. Fahey is employed at the **Federal Bureau of Investigation (FBI)** which is a **Division of the Department of Justice (DOJ)** whom represents the **Federal Deposit Insurance Corporation (FDIC)(Defendants)**.

USEC Services Corporation, Securiguard, and the Federal Deposit Insurance Corporation (Principal) knowingly, willfully, and intentionally allowed an unlicensed security guard (contractor) to violate Plaintiff's Federally Protected Rights. See United States v. Hagarty, 388 F.2d 713, 717 (7th Cir. 1968) (**holding that surveillance installed by criminal investigators violated the Fourth Amendment where purpose of surveillance was "to detect criminal activity"** Also see United States v. Kahan, 350 F. Supp. 784, 791 (S.D.N.Y. 1972). See United States v. Blok, 188 F.2d 1019, 1021 (D.C. Cir. 1951) (**concluding that a government supervisor [cannot] consent to a law enforcement search of a government employee's desk**); See Taketa, 923 F.2d at 673; Kahan, 350 F. Supp. at 791. The rationale for this result is that the Fourth Amendment **cannot permit one government official to consent to a search by another**. See Blok, 188 F.2d at 1021 (**"Operation of a government agency and enforcement of criminal law do not amalgamate to give a right of search beyond the scope of either"**).

## II.  U.S. DISTRICT COURT ADMINISTRATIVE OFFICE REPORTING REGULATIONS ON INTERCEPTED WIRE, ORAL, OR ELECTRONIC COMMUNICATIONS

The United States District Court, Washington, D.C. Office of Administrative Reporting in strict compliance to Title 18, United States Code, Section 2519; the Administrative Office is required to transmit to Congress a report on the number of applications for orders authorizing or approving the interception of wire, oral, or electronic communications.

These regulations are issued in accordance with Title 18, U.S.C., Section 2519(3), and prescribe the form of the annual reports required to be filed with the Director of the Administrative Office of the United States.

The United States District Court compliance to the U.S. Congress requires that: Wire, Oral, or Electronic Interception Reports must be filed by:     **A.** any state or **federal judge approving** or denying an application for a order authorizing the interception of a wire, oral, or electronic communication; and

**B.** Any state or **Federal prosecuting official who has authorized an application for a order to permit an interception of wire**, **oral**, or **electronic communication by an investigative** or **law enforcement officer**.

4

## III.    **Time of Filing**

Reports by judges are to be submitted according to the following timetable: **(a)**. if the application is approved, the report is to be submitted on or before the 30th day following the expiration of the order and all extensions of it, or **(b)** if the application is denied, the report is to be submitted on or before the 30th day following the denial. **(c)** Reports by prosecuting officials are required to be filed in January of each year for each application whose period of interception expired during the previous calendar year.

Strict guidelines require that a **[police officer]** or **[police informant]** **is a party to the communication**; (The key words are a **Police Officer**, or **Police Informant)** U.S. States District Court, the District of Columbia, 18 U.S.C. Code **"one party consent"** is only **applicable to an Agent**, **Officer** or **Police Informant**) The FDICs EEO Investigator Mr. Barry Cohen confirmed that Douglas R. Fahey was not employed by Securiguard.  The Metropolitan Police Department, Washington, D.C. confirmed that Douglas R. Fahey didn't have a unlicensed.  The Department of Justice (DOJ) Criminal Division confirmed that Douglas R. Fahey didn't have a Court Order (acting under the color of law) established.

C. when only a **body microphone** is used;

D. when a pen register (**a mechanical device attached to telephone lines to record on paper tape all numbers dialed from that line**) **is used alone**. A **pen register, used in conjunction with any wiretap that does come within the statutory prohibition, must be reported.**

Procedure requirements of a lawful wiretap, interception of oral communications are available at the United States District Court, Washington, D.C. Office of Administration. **The first eight items of information required are as follows**:

1. **Judge Authorizing** or **Denying the Intercept** - **Provide the name of the judge(s) authorizing** or denying the interception and the name of their jurisdiction.

2. **Source** - **Official Making Application** - **Provide the name of the investigative** or **law enforcement officer making application** and the name of their county, or agency.

**Douglas R. Fahey** (unlicensed contractor) and **Jenekia Johnson** prohibited by ethics as Ms. Johnson confirmed she was hired, paid, and employed by her aunt (nepotism) were prohibited.

6

The requirements of an offense that would require a **Court Order** or application for an extension of the order are ***terrorism***, ***computer fraud***, ***gambling***, ***narcotics***, ***racketeering***, etc.

Plaintiff's innocent personal discussion as a mentor with examples of her life, family, and a mere quote from the King James version of the Holy Bible inside a closed door office **(reasonable expectation of privacy)** did not rise to a level of ***Terrorism***, ***Computer fraud***, ***Gambling***, ***Narcotics***, **Racketeering**.  Plaintiff provided evidence that James T. Lantelme by his own hatred towards Plaintiff initiated a **"Feelings of Threat"**.

The D.C. Circuit has outright recognized the **"right of afederal job applicant to seek injunctive relief from an agency's violation of his constitutional rights in general**." See Hubbard v. U.S. E.P.A. Admin., 809 F.2d 1, 11 (D.C.Cir. 1986).  See *Ellsberg v. Mitchell,* 709 F.2d 51 (D.C. Cir.1983) See 18 U.S.C. – 119, 18 U.S.C. § 1028 to **knowingly transfer** or **use**, **without lawful authority**. Title III, §§ 801–804, 82 Stat. 211, 9-7.100 Authorization of Applications for Wire, Oral, 5 U.S.C. § 552a, **§ 2518.**

In summary, the **FDIC**, **Securiguard**, **USEC Services Corporation**, and the **Workforce Violence Institute** (Defendants) subjected themselves to egregious liability by acting on a false statement, **malice, hatred** of James T. Lantelme's retaliation against Plaintiff.

7

James T. Lantelme is the same manager whom approved a **3 hour**

**Baby Shower for a Bird** as confirmed by **1 of 118 Admissions** of facts by

the Federal Deposit Insurance Corporation (FDIC)(Defendant) Answer to

Plaintiffs Complaint.

Respectfully submitted,

Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland  20748
(301) 630-5062

8

# CERTIFICATE OF SERVICE

I herby certify that on this 26th day of April 2007, a copy of the

foregoing Plaintiff's Response To Securiguard, Inc., and USEC Services

Corporation Response to Plaintiff's Request for Appointment of Counsel.

**Copies to:**

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, N.W. – Suite 600
Washington, DC  20006

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia  20190

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia  22030

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C.  20530

9