IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
    Plaintiff,    )
                            )
    v.           ) Civil Action: **06CV01940 (RMU)**
                            )
SHELA C. BAIR, et.al.     )
    Defendants    )

### PLAINTIFFS' OPPOSITION TO DOUGLAS R. FAHEY'S OPPOSTION TO PLAINTIFF'S MOTION TO PERMANETLY SUPPRESS EVIDENCE AND MOTION FOR INJUNCTIVE RELIEF

Now comes, the Plaintiff Yolanda C. Gibson-Michaels (prose), In Opposition to Douglas R. Fahey (Defendant) contractor's Opposition to Plaintiff's Motion to Permanently Suppress Evidence and Motion for Injunctive Relief by and through herself (prose) states that Douglas R. Fahey (unlicensed) contract security guard Oppositions are moot. See *Katz v. United States, 389 U.S. 347.* Plaintiff was denied due process, procedural due process, 1st, 2nd, 4th, 5th Amendments, Miranda rights, Denied Counsel; detained (false arrest) by a guard contractor acting under the color of law.


RECEIVED
APR 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Courts apply the **Fourth Amendment** [**"Fruit of the poisonous tree Doctrine**. See **U.S.** v. **Smith**, 155 F.3d 1051, 1060 (9th Cir. 1998) and the **Fourth Amendment** **search-and-seizure jurisprudence.** Section 2515 rule applies to all **court proceedings**, **Federal** and **State, administrative agencies, legislatures**. See United States v. Janis, 428 U.S. 433 (1976), See United States v. Calandra, 414 U.S. 338 (1974). See 18 U.S.C. § 2511. See 18 U.S.C §§ 2510-2520,), **requires a court order issued by a judge who must decide that there is probable cause to believe that a crime has been, is being or is about to be committed**.

Defendant Douglas R. Fahey by and through his own actions engaged into a prohibited interception of Plaintiff's oral communications. **See 18 U.S.C. §2515.**

**Wherefore,** the wire tap act is clear, there are no ambiguities, by which it states, in part, that: "Any **wire** or **oral communication** has been intercepted, **no part of the contents of such communication** and [**no evidence derived there from may be received in evidence in any trial**], [**hearing**], or ]**other proceeding in**] or [**before any court**], [**grand jury**], **department, officer, agency, regulatory body, legislative committee**, or **other authority of the United States, a State**, or **a political subdivision** thereof disclosure of that information would be in violation.

The amended Wiretap Act prohibits the [**unauthorized interception" of oral, wire** and **electronic communications**] See 18 U.S.C. §2510. See U.S.C. §2701(a) and 18 U.S.C. §2510 (15)." 18 U.S.C. §2511(1)(d). Also See **Leach** v. **Bryam, 68 F.Supp.2d 1072 (D.Minn, 1999)**. See **Rodgers** v. **Wood, 910 F.2d 444** (7th Cir. 1990). See **Bess** v. **Bess**, 929 F.2d 1332 (8th Cir. 1991).

**Wherefore**, Defendant Douglas R. Fahey by and through his Counsel Oppositions, Motions, Objections, Opinions and Arguments are moot.

**Wherefore**, Plaintiff is entitled to Motion Suppress Evidence\Injunctive Relief, Punitive, Penalties, and other Damages assessed against Douglas R. Fahey.

Respectfully submitted,

Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland 20748
(301) 630-5062

## CERTIFICATE OF SERVICE

I herby certify that on this 26th **day of April 2007**, a copy of the foregoing Plaintiff's Response To Securiguard, Inc., and USEC Services Corporation Response to Plaintiff's Request for Appointment of Counsel.

**Copies to:**

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, N.W. – Suite 600
Washington, DC  20006

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia  22030

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia  20190

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C.  20530

4