# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
      Plaintiff,          )
                           )
        v.            ) Civil Action: **06CV01940 (RMU)**
                           )
SHELA C. BAIR, et.al.        )
      Defendants        )

## PLAINTIFFS' OPPOSITION TO DEFENDANT DOUGLAS FAHEY'S OPPOSITION TO PLAINTIFF'S MOTION TO PERMANENTLY SUPPRESS EVIDENCE and MOTION FOR INJUCTIVE RELIEF

Now comes, the Plaintiff Yolanda C. Gibson-Michaels (prose),

Opposition to Defendant Securiguard, Inc. and USEC Services Corporation

Opposition to Plaintiff's Motion to Permanently Suppress Evidence and

Motion for Injunctive Relief among other responses, states the following:

    **I.**    **Defendants characterization of Plaintiff's Motion (in limine) <u>Non sequitur</u>**

Plaintiff's Motion to Suppress\Injunctive Relief was filed in violation

of Defendant's unlawful interception of Plaintiff's Oral Communication.

Aggrieved is defined by 18 U.S.C. – Section 119 - § 2510,

"<u>**aggrieved person**</u>" means **a person who was a party to any intercepted**

**wire, oral, or electronic communication** or a <u>**person against whom the**</u>

<u>**interception was directed**</u>; See <u>**§ 2521. Injunction.**</u>

RECEIVED

APR 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

A requirement of 'probable cause' instructs a magistrate judge that **baseless searches shall not proceed**. See *U.S. v. U.S. District Court*, 407 U.S. at 316. The Fourth Amendment was adopted to assure that **Executive abuses of the power to search would not continue in our new nation**. See *United States v. Karo*, 468 U.S. 705 (1984). It also **requires prior warrants for any reasonable search**, based upon **prior-existing probable cause**, as well as particularity as to persons, places, and things, and the interposition of a neutral magistrate between Executive branch enforcement officers and citizens. '**A governmental action to regulate speech may be justified only upon showing of a compelling governmental interest**' See *Clark v. Library of Congress*, 750 F.2d 89, 94 (D.C. Cir. 1984). **§ 205. Activities of officers and employees in claims against and other matters affecting the Government**

## II.    Defendants' Good Faith Defense

The statute provides that: "A good faith reliance on a court order under the chapter, a request pursuant to section 3125 of the title, a legislative authorization, or a statutory authorization is a complete defense against any **civil** or **criminal action** brought under this chapter or any other law." Defendants don't have a good faith defense. Defendant's arguments are moot; will not aver.

2

### III.   U.S. DISTRICT COURT ADMINISTRATIVE OFFICE REPORTING REGULATIONS

The United States District Court, (D.C.) Office of Administrative Reporting requires strict compliance to Title 18, United States Code, Section 2519.  Regulations are issued in accordance with Title 18, U.S.C., Section 2519(3), and prescribe the form of the annual reports required to be filed with the Director of the Administrative Office of the United States.

### IV.   Wire, Oral, or Electronic Interception Strict Requirements

A. any state or **federal judge approving** or denying an application for a order authorizing the interception of a wire, oral, or electronic communication; and

B. Any state or **Federal prosecuting official who has authorized an application for a order to permit an interception of wire**, **oral**, or **electronic communication by an investigative** or **law enforcement officer**.  Strict guidelines require that a **[police officer]** or **[police informant]** is a party to the communication; (The key words are a **Police Officer**, or **Police Informant** Defendant's repeated non-sequitor arguments of **one party consent** is **only applicable to an Agent**, **Officer** or **Police Informant**).

The FDIC, relied upon, used, duplicated tapes, and accepted into evidence the interception of Plaintiff's oral communication by an unlicensed contractor Douglas R. Fahey while acting under the color of law. See **Sec. § 554. Adjudications-** "An **employee** or **agent engaged in the performance of investigative** or **prosecuting functions for an agency in a case** **[may not]**, **in that** or *a* **[factually related case]**, **[participate]** or **[advise in the decision]**, **[recommended decision]**, or **[agency review pursuant to section 557 of this title, except as witness or counsel in public proceedings]**" Douglas Fahey (unlicensed) contractor simultaneously employed by Securiguard and USEC Services Corporation investigative report created in violation of 18 U.S.C. – 119, reads on page 24, that: **"Conclusion – There is evidence to suggest that GIBSON-MICHAELS did make inappropriate comments to JOHNSON, which supports her allegations that she felt threatened by GIBSON-MICHAELS. A copy of this report, a copy of the recorded tape, and a copy of GIBSON-MICHAELS' statement were provided to LANTELME on 3 May 2004"** The FDIC by and through its own discovery (MSPB) affirmed in writing that Plaintiff was not removed for **Insubornation** or **Performance**. The FDIC and Contractors relied upon and used evidence as confirmed to the U.S. Congress and Senate.

4

Wherefore, Plaintiff's Motion to Suppress Evidence and Injunctive

Relief is warranted as an **"Aggrieved"** Plaintiff in this matter pending before

this Honorable Court. Thank you.

Respectfully submitted,

Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland  20748
(301) 630-5062

5

## CERTIFICATE OF SERVICE

I herby certify that on this ___*26th*___ of April 2007, a copy of the

foregoing Plaintiff's Response To Securiguard, Inc., and USEC Services

Corporation Response to Plaintiff's Request for Appointment of Counsel.


**Copies to:**

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, N.W. – Suite 600
Washington, DC  20006

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia  22030

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia  20190

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C.  20530

6