IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
    Plaintiff,          )
                         )
    v.                    ) Civil Action: **06CV01940 (RMU)**
                         )
SHELA C. BAIR, et.al.        )
    Defendants         )

**PLAINTIFFS' RESPONSE TO DEFENDANT'S DOUGLAS R. FAHEY RESPONSE TO PLAINTIFF'S MOTION TO STRIKE MEET AND CONFER SCHEDULE AND REQUEST FOR <u>SETTLEMENT CONFERENCE</u>**

Now comes, the Plaintiff Yolanda C. Gibson-Michaels (prose), Response to Douglas R. Fahey (unlicensed)(Defendant) contractor's Response to Plaintiff's Motion to Strike Meet and Confer Schedule and Request for Settlement Conference and states that Douglas R. Fahey (unlicensed) contract security guard acting under the color of law Motions, Objections, Arguments, Statements are baseless and moot.

    Counsel for Defendant Douglas R. Fahey infers that Plaintiff's complaint…"pertains to parties other than Mr. Fahey…" but for Douglas R. Fahey's impersonation under the Color of Local, State, and Federal law, Plaintiff's protected speech (religious) inside a closed door office would have not been violated by an unlicensed contractor – Douglas R. Fahey.

RECEIVED
APR 2 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

See Nardone v. United States, 302 U.S. 379, ruled that Section 605 **prohibited all telephone wiretapping, even when done by Federal Government officers**. Also See *Katz v. United States, 389 U.S. 347*. Plaintiff was denied due process, procedural due process, 1st, 2nd, 4th, 5th Amendments, Miranda rights, Denied Counsel; detained (false arrest) by a guard contractor acting under the color of law.

Courts apply the **Fourth Amendment ["Fruit of the poisonous tree Doctrine**. See U.S. v. **Smith**, 155 F.3d 1051, 1060 (9th Cir. 1998) and the **Fourth Amendment search-and-seizure jurisprudence.** Section 2515 rule applies to all **court proceedings**, **Federal** and **State, administrative agencies, legislatures**. See United States v. Janis, 428 U.S. 433 (1976), See United States v. Calandra, 414 U.S. 338 (1974).

The Metropolitan Police Department for the District of Columbia confirmed that Douglas Fahey didn't have a license; DOJ Criminal Division confirmed that Fahey didn't have obtained a Court Order by the U.S. District of Columbia. See 18 U.S.C. § 2511. See 18 U.S.C §§ 2510-2520,), **requires a court order issued by a judge who must decide that there is probable cause to believe that a crime has been, is being or is about to be committed**. Defendants are not able to aver; arguments are **moot**.

The Wiretap Act provides **broad** and **sweeping exclusionary rules 18 U.S.C. §2515 provides**: Whenever any **wire** or **oral communication** has been intercepted, **no part of the contents of such communication** and **[no evidence derived there from may be received in evidence in any trial]**, **[hearing]**, or **]other proceeding in]** or **[before any court]**, **[grand jury]**, **department**, **officer**, **agency**, **regulatory body**, **legislative committee**, or **other authority of the United States**, **a State**, or **a political subdivision** thereof disclosure of that information would be in violation.

The amended Wiretap Act prohibits the **[unauthorized interception" of oral**, **wire** and **electronic communications]** The Wiretap Act protects the privacy of three types of communications which are statutorily defined as "oral communications," "wire communications" and "electronic communications." 18 U.S.C. §2510. See U.S.C. §2701(a) and 18 U.S.C. §2510 (15)." 18 U.S.C. §2511(1)(d) prohibits the **"USE"** of the contents of **any wire**, **oral** or **electronic communication by any person**, **knowing** or **having reason to know that the information was obtained through by interception in violation of the [Wiretap] Act**. . See **Leach** v. **Bryam, 68 F.Supp.2d 1072 (D.Minn, 1999)**. See **Rodgers** v. **Wood, 910 F.2d 444** (7th Cir. 1990). See **Bess** v. **Bess**, 929 F.2d 1332 (8th Cir. 1991).

3

The Stored Communications Act contains very different and broader language: **"Any person aggrieved by an violation of [the Stored Communications Act] in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity which engaged in that violation 18 U.S.C. §2707(a)"** Disclosing the contents of an illegally intercepted communication to another person is also prohibited. See 18 U.S.C. §2511(1)(c). See e.g., **Rogers** v. **Wood**, 910 F.2d 444 (7th Cir, 1990); **Leach** v. **Bryam**, 68 F.Supp. 1079 (D. Minn. 1999). See **Hubbard** v. **U.S. E.P.A. Admin.**, 809 F.2d 1, 11 (D.C.Cir. 1986). See **O'Donnell** v. **Barry**, 148 F.3d 1126, 1143-44 (D.C. Cir. 1998), citing **Kartseva** v. **Department of State**, 37 F.3d 1524, 1527-29 (D.C.Cir.1994).

**Wherefore**, Plaintiff is entitled to an Appointment of Counsel, Motion to Suppress Evidence\Injunctive Relief, Punitive, Penalties, and other Damages assessed against Douglas R. Fahey.

Respectfully submitted,

Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland 20748
(301) 630-5062

4

## CERTIFICATE OF SERVICE

I herby certify that on this 26th day of April 2007, a copy of the foregoing Plaintiff's Response To Securiguard, Inc., and USEC Services Corporation Response to Plaintiff's Request for Appointment of Counsel.

**Copies to:**

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, N.W. – Suite 600
Washington, DC  20006

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia  22030

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia  20190

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C.  20530