UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| YOLANDA C. GIBSON-MICHAELS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1940 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 8, 9, 14, 18 |
| | : | | |
| SHEILA C. BAIR, Chairman, | : | | |
| Federal Deposit Insurance Corp., *et al.*, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANTS' MOTIONS TO DISMISS

**I.  INTRODUCTION**

The *pro se* plaintiff alleges that she was subject to employment discrimination by the Federal Deposit Insurance Corporation ("FDIC") based on her age, religion, disability, sex and race, in violation of Title VII of the Civil Rights Act of 1964 (Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the Rehabilitation Act,  29 U.S.C.§§ 791 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*  In addition to the FDIC, the plaintiff names the Securiguard Corporation, the USEC Corporation, the Work Violence Research Institute, Douglas R. Fahey, and Jenika Johnson as defendants.  With the exception of the FDIC and defendant Johnson, who has not been served, the defendants move to dismiss.  Because the plaintiff has failed to state a claim against the Securiguard Corporation, the USEC Corporation, the Work Violence Research Institute, and Fahey, the court grants their motions to dismiss.

## II.  BACKGROUND

The plaintiff is a 47 year old black female and a former information specialist employed by the FDIC.  Compl. at 3.  She alleges that the FDIC discharged her after the agency engaged in a series of discriminatory acts and retaliated against her for filing complaints with the Equal Employment Opportunity Commission ("EEOC").  *Id.* at 3-4.  The plaintiff claims that beginning in September, 2002, her supervisor began a pattern of discriminatory conduct.  *Id.* at 10.  Among other actions, the plaintiff alleges that her supervisor denied her a change in office space, refused to grant her leave under the FMLA, and ordered her to attend a baby shower.  *Id.* at 10-12.

The plaintiff further alleges that on April 14, 2004, two interns at the FDIC informed her that $500.00 were stolen from the office.  *Id.* at 12.  The interns accused each other of the theft.  *Id.*  In response, the plaintiff quoted to them a verse from the Bible.  *Id.*  Unbeknownst to the plaintiff, one of the interns, defendant Johnson, had a tape-recorder in her purse.  *Id.* at 13.  The plaintiff claims this taping was approved by FDIC management.  *Id.*

Johnson complained that she felt threatened by the plaintiff.  *Id.*  As a result, the FDIC conducted an investigation.  *Id.*  Defendant Fahey was in charge of the investigation.  *Id.*  According to the plaintiff, Fahey is an employee of the USEC Corporation and Securiguard Corporation, which contract services with the FDIC.  *Id.* at 5-6.  The plaintiff states that she contacted defendant Work Violence Research Institute about the illegal taping of her conversation, but that it never responded.  *Id.* at 6.[1]

The plaintiff refused to attend an interview with Fahey or to otherwise cooperate in the investigation.  *Id.* at 13. Her supervisor informed her that failure to cooperate in the investigation

---

[1] The complaint does not offer any further information on this defendant.

could result in disciplinary action against her. *Id.* at 13-14. The plaintiff then filed an EEOC complaint. *Id.* at 14. Thereafter, the plaintiff alleges that she was subject to retaliatory actions by her supervisor, including harassment, false allegations against her, and threats of physical harm. *Id.* at 19-24.

### III.  ANALYSIS

#### A.  Legal Standard for Rule 12(b)(6) Motion to Dismiss

In ruling on motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. FDIC.*, 132 F.3d 753, 761 (D.C. Cir. 1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "'Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

#### B.  The Plaintiff Fails to State a Claim

The defendants move to dismiss on the ground that the complaint does not comply with Federal Rule of Civil Procedure 8(a). The defendants also assert that the plaintiff fails to state a valid discrimination claim against them because they were not the plaintiff's employer.

Rule 8(a) of the Federal Rules of Civil Procedure provides that at a minimum a complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends [and] (2) a short and plain statement of the claim showing that the pleader is entitled to

relief." Although *pro se* pleadings are to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* litigant, like any other litigant, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987). The complaint must give fair notice to the defendant of the claims being asserted so that the defendant can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *See Conley*, 355 U.S. at 47; *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint that contains vague and conclusory accusations and no specific facts regarding the alleged wrongdoing does not allow a defendant to frame an intelligent defense and are subject to dismissal. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994).

Although the complaint is prolix, repetitive and confusing at times, it does provide specific details and provides adequate notice of the basis of the plaintiff's claims. The plaintiff's statutory citations and factual allegations provide sufficient notice to the defendants and, thus, the complaint satisfies the requirements of Rule 8(a).

The defendants also contends that the plaintiff cannot maintain a discrimination claim against them because they were never plaintiff's employer. Title VII and the ADEA make it unlawful for an employer to discriminate against an employee. 29 U.S.C. § 621(b) and 42 U.S.C. § 2000e. The extent of the alleged employer's right to control the "means and manner" of the worker's performance is the most important factor in determining whether an employer/employee relationship exists for Title VII purposes. *Spirides v. Reinhardt*, 613 F.2d 826, 831 (D.C. Cir. 1979). If the alleged employer has the "right to control and direct the work of an individual, not only as to the result to be achieved, but also as to the details by which the result is achieved, an

employer/employee relationship is likely to exist." *Redd v. Summers*, 232 F.3d 933, 938 (D.C. Cir. 2000) (citation omitted).

The plaintiff does not assert anywhere in the 45-page complaint that, other than the FDIC, the remaining defendants were her employer. In fact, the complaint states that the action is against the FDIC and that she is a "former employee" of that agency. Compl. at 1-2. None of the other named parties employed plaintiff. Because the moving defendants were not plaintiff's employer for the purposes of federal anti-discrimination statutes, they are not liable for the actions alleged in the complaint.

The complaint also fails to state a claim under the Rehabilitation Act and the FMLA. To establish a prima facie case of employment discrimination under the Rehabilitation Act, a plaintiff must show that she has a disability under the Act's definition and that she suffered an adverse employment action because of her disability. *Duncan v. WMATA*, 240 F.3d 1110, 1114 (D.C. Cir. 2001) (en banc); *Thompson v. Rice*, 422 F. Supp. 2d 158, 166 (D.D.C. 2006). The plaintiff has not alleged any facts regarding the nature of her claimed disability. *See generally* Compl. The complaint merely cites the Rehabilitation Act. Therefore, the court dismisses the plaintiff's Rehabilitation Act claim.

The court also dismisses the plaintiff's FMLA claim because federal employees do not have a private right of action under the FMLA. *Sullivan-Obst v. Powell*, 300 F. Supp. 2d 85, 99 (D.D.C. 2004). As the plaintiff is pursing this claim as a former employee of the FDIC, she cannot bring a claim under the FMLA.

## IV.  CONCLUSION

For all of the foregoing reasons, the court grants the motions to dismiss, thereby dismissing the claims against Securiguard Corporation, USEC Corporation, Work Violence Research Institute, and Douglas R. Fahey.  An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of May, 2007.

                                                                             /s/
                                                RICARDO M. URBINA
                                            United States District Judge