**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| YOLANDA C. GIBSON-MICHAELS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1940 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 62, 64, 66 |
| | : | | |
| SHEILA C. BAIR, Chairman, | : | | |
| Federal Deposit Insurance Corp., *et al.*, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM ORDER**

**DENYING THE PLAINTIFF'S MOTIONS TO VACATE**
**AND TO STAY THE PROCEEDINGS**

**I. INTRODUCTION**

The *pro se* plaintiff alleges that she was subject to employment discrimination by the Federal Deposit Insurance Corporation ("FDIC") based on her age, religion, disability, sex and race, in violation of Title VII of the Civil Rights Act of 1964 (Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the Rehabilitation Act, 29 U.S.C.§§ 791 *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* In addition to the FDIC, the plaintiff names the Securiguard Corporation, the USEC Corporation, the Work Violence Research Institute, Douglas R. Fahey, and Jenika Johnson as defendants. With the exception of the FDIC and defendant Johnson, who has not been served, the defendants moved to dismiss. Because the plaintiff failed to state a claim against the Securiguard Corporation, the USEC Corporation, the Work Violence Research Institute, and Fahey, the court granted their motions to dismiss. Plaintiff has now filed a motion to vacate the dismissal order and to stay the proceedings to enable her to obtain counsel. Because the plaintiff

does not provides a valid basis for vacating the dismissal or staying the proceedings, the court denies the plaintiff's motion.

## II.  BACKGROUND

The plaintiff is a 47 year old black female and a former information specialist employed by the FDIC.  Compl. at 3.  She alleges that the FDIC discharged her after the agency engaged in a series of discriminatory acts and retaliated against her for filing complaints with the Equal Employment Opportunity Commission ("EEOC").  *Id.* at 3-4.  The plaintiff claims that beginning in September, 2002, her supervisor began a pattern of discriminatory conduct.  *Id.* at 10.  Among other actions, the plaintiff alleges that her supervisor denied her a change in office space, refused to grant her leave under the FMLA, and ordered her to attend a baby shower.  *Id.* at 10-12.

The plaintiff further alleges that on April 14, 2004, two interns at the FDIC informed her that $500.00 were stolen from the office.  *Id.* at 12.  The interns accused each other of the theft.  *Id.*  In response, the plaintiff quoted to them a verse from the Bible.  *Id.*  Unbeknownst to the plaintiff, one of the interns, defendant Johnson, had a tape-recorder in her purse.  *Id.* at 13.  The plaintiff claims this taping was approved by FDIC management.  *Id.*

Johnson complained that she felt threatened by the plaintiff.  *Id.*  As a result, the FDIC conducted an investigation.  *Id.*  Defendant Fahey was in charge of the investigation.  *Id.*  According to the plaintiff, Fahey is an employee of the USEC Corporation and Securiguard Corporation, which contract services with the FDIC.  *Id.* at 5-6.  The plaintiff states that she contacted defendant Work Violence Research Institute about the illegal taping of her conversation, but that it never responded.  *Id.* at 6.[1]

---

[1]     The complaint does not offer any further information on this defendant.

The plaintiff refused to attend an interview with Fahey or to otherwise cooperate in the investigation. *Id.* at 13. Her supervisor informed her that failure to cooperate in the investigation could result in disciplinary action against her. *Id.* at 13-14. The plaintiff then filed an EEOC complaint. *Id.* at 14. Thereafter, the plaintiff alleges that she was subject to retaliatory actions by her supervisor, including harassment, false allegations against her, and threats of physical harm. *Id.* at 19-24.

### III.  ANALYSIS

The resolution of a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure is a matter of the court's discretion and "need not be granted unless the [court] finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (internal quotation marks and citation omitted). "[A] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, nor is it a vehicle for presenting theories or arguments that could have been advanced earlier." *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F.Supp.2d 138, 140 (D.D.C. 2003) (internal quotation marks and citations omitted). "While the [C]ourt has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure." *Id.* (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)).

Rule 60(b) provides, in pertinent part, that "upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding [where] . . . it is no longer equitable that the judgment should have prospective application; or [for] any other reason justifying relief

from operation of the judgment." Fed. R. Civ. P. 60(b). For such a motion to be granted, there must be a "significant change in circumstances." *Hammond v. Kempthorne*, 448 F.Supp.2d 114, 119 (D.D.C. 2006) (quoting *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 383 (1992)).

Plaintiff contends that the dismissal order should be vacated because the court did not apply Rule 5.1 of the Federal Rules of Civil Procedure. That statute provides that a party challenging the constitutionality of a federal statute must promptly file notice with the court and serve notice on the Attorney General of the United States. Fed. R. Civ. P. 5.1 (a)(1)-(2). If these conditions are satisfied, the court must "certify to the Attorney General . . . that there is a constitutional challenge to a federal statute." Fed. R. Civ. P. 5.1(b).

Rule 5.1 is not applicable here. Plaintiff's complaint does not challenge the constitutionality of a federal statute, but rather alleges that defendants have violated the Constitution and federal statutes. The constitutional validity of these statutes is not at issue in this case. Moreover, plaintiff has not provided any evidence that she served notice of a constitutional challenge on the Attorney General.

The remainder of plaintiff's motion merely reasserts arguments previously considered and rejected by the court. Plaintiff has not provided any basis for vacating the dismissal order or for staying the proceedings.

## IV.  CONCLUSION

For all of the foregoing reasons, it is this 2nd day of August, 2007

ORDERED that plaintiff's motion to vacate [62] is DENIED.  It is

FURTHER ORDERED that plaintiff's motions to stay proceedings [64] [66] are DENIED.

/s/
RICARDO M. URBINA
United States District Judge