IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

AUG 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

YOLANDA C. GIBSON-MICHAELS    )
    Plaintiff,    )
              )
              )
v.    )    06-CV-1940 (RMU)
              )
SHELA C. BAIR, et.al.    )
    Defendants    )

**PLAINTIFFS MOTION TO RECLUSE DEPARTMENT OF JUSTICE (DOJ) REPRESENTATION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC), et.al.**

Now Comes, Yolanda C. Gibson-Michaels (prose), Plaintiff in the above-entitled complaint and files a *__Motion to Recluse the Department of Justice (DOJ) Representation of the Federal Deposit Insurance Corporation (FDIC)__* in support thereof, Plaintiff states the following:

**I.    JURISDICTION AND VENUE**

This Court has both subject matter jurisdiction over this action and personal jurisdiction over Plaintiffs' claims pursuant to Electronic Communication Privacy Act of 1986, Omnibus Crime Control and Safe Streets Act of 1968, 5 U.S.C. § 552a.

**II.    ANALYIS**

Courts have ruled that U.S. Attorneys engaged into a prohibition of conduct that "**seriously interfered with the administration of justice**" as proscribed by the Code of Professional Responsibility under DR 1-102(A)(5) as "**prejudicial to the administration of justice.**"

> **"The prosecutor is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore ... is not that [he] shall win a case, but that justice shall be done .... He may prosecute with earnestness and vigor -- indeed, he should do so. But, while he may strike hard blows,[he is not at liberty to strike foul ones. See Berger v. U.S., 295 U.S. 78, 88 (1935) (Sutherland, J.). Nor should his boss, the nation's Top Prosecutor, be able to make it otherwise."**

1. On **January 21, 2007**, U.S. Attorney Jeffery A. Taylor, AUSA Claire M. Whitaker and AUSA Rudolph Contreras filed a notice with the Clerk of the Court to enter appearance of Claire M. Whitaker, Assistant U.S. Attorney, as counsel of record for defendants Shelia C. Bair, Chairman, Federal Deposit Insurance Corporation (FDIC) and Robert Feldman, Executive Secretary.

2. **February 17, 2007** - AUSA Whitaker solicited a propose settlement of claims against the FDIC. AUSA Whitaker breached her duty to settle claims on behalf of the FDIC willful violations of 18 U.S.C. - 119.

3. **March 21, 2007** - AUSA Whitaker engaged into an inappropriate meet-and-confer with defendants. AUSA Claire Whitaker received evidence with Plaintiff's original complaint that defendant Douglas R. Fahey impersonated a Federal Investigator, didn't have a licensed confirmed by the Metropolitan Police Department, and DOJ Criminal Division. See 18 U.S.C. § 2511- Interception and disclosure of wire, oral, or electronic communications, 18 U.S.C. § 402 18 U.S.C. § 912 impersonation of an officer or employee of the United States, 18 U.S.C 241 Conspiracy Against Rights, 18 U.S.C. 242 Deprivation Of Rights Under Color Of Law, 18 U.S.C. 245. The statutory framework relies upon the United States Department of Justice (DOJ) procedures approved by United States Attorney strict guidelines.

The Department of Justice must _review_ and _approve_ before applications for such interception may be submitted to a court of competent jurisdiction for an **order authorizing the interception.** The D.C. Circuit has outright recognized the "right of a federal job applicant to seek injunctive relief from an agency's violation of his _constitutional rights in general_." See Hubbard v. U.S. E.P.A. Admin., 809 F.2d 1, 11 (D.C.Cir. 1986). The FDIC, in writing, confirmed to U. S. Senate and U.S. Congress that: **"Ms. Gibson-Michaels specifically complaint about one of her conversations with a co-worker being tape-recorded by that co-worker and relied upon by management." See Dorris v. Absher, 179 F.3d 420 (6th Cir. 1999)(coworkers in a small office had a reasonable expectation of privacy).**

The Department of Justice (DOJ) AUSA Claire Whitaker engaged into willful obstruction of justice, unethical misconduct, conflict of interest, filed motions in opposition of my right to _suppress evidence_ and **injunctive relief in violation** of 18 U.S.C violations enumerated above. Courts apply the **Fourth Amendment ["Fruit of the poisonous tree Doctrine**. See **U.S. v. Smith**, 155 F.3d 1051, 1060 (9th Cir. 1998) and the **Fourth Amendment search-and-seizure jurisprudence.** Section 2515 rule applies to all **court proceedings, Federal** and **State, administrative agencies, legislatures**.

The Supreme Court described the exclusionary rule as: **"A protection for 'the victim of an unlawful invasion of privacy' §2515 serves not only to protect the privacy of communications, [but also to ensure that the courts do not become partners to illegal conduct] the evidentiary prohibition was enacted also to protect the integrity of court and administrative proceedings....excludes all derivative evidence.**

The Wiretap Act provides **broad** and **sweeping exclusionary rules 18 U.S.C. §2515 provides**: Whenever any **wire** or **oral communication** has been intercepted, **no part of the contents of such communication** and [**no evidence derived there from may be received in evidence in any trial**], [**hearing**], or ]**other proceeding in**] or [**before any court**], [**grand jury**], **department**, **officer**, **agency**, **regulatory body**, **legislative committee**, or **other authority of the United States**, **a State**, or **a political subdivision** thereof disclosure of that information would be in violation.

**Wherefore**, I move this court to seek an immediate recusal of the Department of Justice (DOJ) appointed counsels U.S. Attorney Jeffery A. Taylor, AUSA Claire M. Whitaker and AUSA Rudolph Contreras unprofessional misconduct, and inability to recluse themselves from the defense of the Federal Deposit Insurance Corporation (FDIC).

Respectfully submitted,

*[signature]* 8/7/07
Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland  20748
(301) 630-5062

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of August 2007, a copy of the foregoing **PLAINTIFFS MOTION** was mailed by certified mail to named defendants:

**Copies to:**

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, N.W. – Suite 600
Washington, DC 20006

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia 22030

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia 20190

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C. 20530

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS )<br>       Plaintiff, )<br>)<br>)<br>       v. )<br>)<br>SHELA C. BAIR, et.al. )<br>       Defendants ) | 06-CV-1940 (RMU) |

## ORDER

It is upon consideration of **PLAINTIFFS MOTION TO RECLUSE DEPARTMENT OF JUSTICE (DOJ) REPRESENTATION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION (FDIC), et.al.** is hereby by Granted on this _____ day of _____, 2007.

_____
Judge

**Copies to:**

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, N.W. – Suite 600
Washington, DC 20006

David Zachary Kaufman, Esq.
Kaufman Law Firm
11350 Random Hills Road – Suite 800
Fairfax, Virginia 22030

Scott D. Helsel
Walton & Adams,
1924 Isaac Newton Square
Reston, Virginia 20190

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C. 20530

6