IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS )<br>Plaintiff, )<br>)<br>v. )<br>SHELA C. BAIR, et.al. )<br>Defendants ) | Civil Action: **06CV01940 (RMU)** |

RECEIVED
SEP 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLAINTIFFS' MOTION TO PERMANENTLY SUPPRESS
WIRETAP EVIDENCE**

Comes Now, Yolanda C. Gibson-Michaels (prose), Plaintiff in the above-entitled action and files a Motion to permanently suppress wiretap evidence in Pre-trial discovery, use, duplication and disclosure in violation of 18 U.S.C. – 119, 18 U.S.C. § 1028 to **knowingly transfer** or **use**, **without lawful authority**; and in violation of the Omnibus Crime Control and Safe Streets Act of 1968, Title III, §§ 801–804, 82 Stat. 211, 9-7.100 Authorization of Applications for Wire, Oral, and Electronic Interception Orders; Privacy Act, 5 U.S.C. § 552a, **§ 2518. Procedure for interception of wire, oral, or electronic communications.**

I.   **JURISDICTION AND VENUE**

This Court has both subject matter jurisdiction over this action and personal jurisdiction over Plaintiffs' claims, Motion to Suppress Evidence and Injunctive Relief, pursuant to Omnibus Crime Control and Safe Streets Act of 1968, Title III, §§ 801–804, Privacy Act, 5 U.S.C. § 552a, § 2518 Procedure for interception of wire, oral, or electronic communications.



1

II. **STATUTE**

The statute provides that whenever any **wire** or **oral communication** has been intercepted**, no part of the contents of such communication** and no **evidence derived there from may be received in evidence in any trial**, **hearing**, or **other proceeding in or before any court**, **grand jury**, **department**, **officer**, **agency**, **regulatory body**, **legislative committee**, or other **authority** of the United States, a State, or **a political subdivision** thereof if the disclosure of that information would be in violation of the statute.

III. ***BACKGROUND***

1.   On April 14-15, 2004, Plaintiff was approached by Jenekia J. Johnson a 25-year old intern, employed, supervised, and hired by her aunt (**nepotism**) involved in an alleged Federal Theft. Plaintiff had no knowledge that Ms. Johnson concealed a hidden tape placed inside her purse by Douglas R. Fahey (unlicensed security guard), while **acting under the color of law.**

2.   The Federal Deposit Insurance Corporation ("FDIC") repeatedly attempt to circumvent the law, obstruct justice, and provided false misleading information to U.S. Congressman Albert W. Wynn, U.S. Senator Barbara A. Mikulski, Agent Cheryl Davis and Agent Baker Homeland Security by which the FDIC affirmed to Agent Cheryl Davis that the original and duplication of tapes were lost which is false. The Federal Deposit Insurance Corporation ("FDIC") relied upon the use of the interception of Plaintiff's oral communication and evidence derived there from to unlawfully effectuate Plaintiff on January 21, 2005, and March 32, 2006.

3.  FDIC admitted to U.S. Senator Barbra Mikulski that a contract employee Douglas R. Fahey (unlicensed) impersonator **allowed** another employee to intercept Plaintiff's oral communication. FDIC relied upon evidence intercepted, developed an investigative interview report from the contents of the illegal wire, distributed reports among FDIC senior managers, security personnel and sent a copy outside the FDIC to Steve Kaufer, CEO, Workforce Violence Institute. See **18 U.S.C. Section 913**

4.  Plaintiff confirmed on **August 1, 2007**, by and through the U.S. Banking Committee's representative that the FDIC admitted that it **did not follow procedures** regarding the illegal wire tap, that the **FDIC admitted that it erred**, the contractor was no longer employed at the FDIC, and Plaintiff was reinstated. Plaintiff informed the Banking Committee that she was not reinstated.

5.  The FDIC and Defendants (pending appeal) continues to use evidence intercepted by an unlicensed contract security guard (Douglas R. Fahey), to and including unlawful **duplication, possession, release**, and **reliance upon** evidence intercepted and used to involuntary remove Plaintiff from Federal services on January 21, 2005 and March 31, 2006. Plaintiffs' Motion to Permanently Suppress evidence intercepted and collected in violation of the wiretap statute is warranted.

6.  Plaintiff has incurred irreparable damages because of the continued **existence, use, possession** of **intercepted evidence, recordings, duplication**, and the Defendants unauthorized reliance upon evidence intercepted in violation of 18 U.S.C. §119, enacted by Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended, 18 U.S.C. §§ 2510-2521 (2000 & West Supp. 2005), is often referred to as "Title III.

Historically Courts have argued that: *"A court itself must determine whether the circumstances are appropriate for the claim of privilege, and yet do so without forcing a disclosure of the very thing the privilege is designed to protect. Reynolds, See 345 U.S. at 8."* Courts reversed *Ellsberg v. Mitchell,* 709 F.2d 51 (D.C. Cir.1983). See *Ellsberg,* 709 F.2d at 68. The District Court concluded that, under the statutory language, **"an individual violates the federal Act by intentionally disclosing the contents of an electronic communication when he or she knows or has reason to know that the information was obtained through an illegal interception, even if the individual was not involved in that interception."** The Court held that: **"[t]he First Amendment protects the disclosures made by respondents in this suit. (a) Title III of the Omnibus Crime Control and Safe Streets Act of 1968. As amended, prohibits the interception of wire, electronic, and oral communications. Title 18 U.S.C. § 2511(1) (a) applies to the person who willfully intercepts such communications and subsection (c) to any person who, knowing or having reason to know that the communication was obtained through an illegal interception, willfully discloses its contents."**

## IV. SUMMARY ARGUMENT

FDIC violated the Wiretap statute when they acquired a face to face interception of Plaintiffs oral communication on April 14-15, 2004, relied upon, used, duplicated, stored, and released stored contents outside the Federal Deposit Insurance Corporation to 3rd party contractors. The Wiretap Act was enacted in 1968 to prohibit the unauthorized interception of wire and oral communications.

The Act defined "wire communications" as "any communication made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable or other connection." Intercept was the "the aural acquisition of the See United States v. Turk, 526 F.2d 654, 658 (5th Cir. 1976). The Act was subsequently found to meet **Fourth Amendment requirements constituting a reasonable balance between Governmental needs and the protected rights of our citizens**, in *United States v. Cavanagh*, 807 F.2d 787 (9th Cir. 1987), and *United States v. Duggan*, 743, F.2d 59 (2d Cir.1984). A requirement of 'probable cause' instructs a magistrate judge that **baseless searches shall not proceed**. See *U.S. v. U.S. District Court*, 407 U.S. at 316. The Fourth Amendment was adopted to assure that **Executive abuses of the power to search would not continue in our new nation**. See *United States v. Karo*, 468 U.S. 705 (1984). It also requires **prior warrants for any reasonable search**, based upon **prior-existing probable cause**, as well as particularity as to persons, places, and things, and the interposition of a neutral magistrate between Executive branch enforcement officers and citizens. Courts have ruled that, a governmental action to regulate speech may be justified only upon showing of a compelling governmental interest' See *Clark v. Library of Congress,* 750 F.2d 89, 94 (D.C. Cir. 1984).

## Conclusion

For all of the reasons outlined above, Plaintiff petitions this Court to grant Plaintiff's Motion to Permanently Suppress evidence.

It is well-settled that a plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.* 126 S.Ct. 1837, 1839 (2006).

Plaintiff has suffered two involuntary removals on January 21, 2005 and March 31, 2006, deprived of property rights, salary, critical medical benefits, and continued to be harmed by Defendant's willful use of evidence in violation of the wiretap statue.

Respectfully submitted,

_____  9/11/07
Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland 20748
(301) 630-5062

6

## CERTIFICATE OF SERVICE

I herby Certify that on this 11th **Day of September**, a copy of the foregoing **Plaintiff's Motion to Permanently Suppress Evidence** was mailed to:

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C. 20530

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
    Plaintiff, )
     )
    v. ) Civil Action: **06CV01940 (RMU)**
     )
SHELA C. BAIR, et.al. )
    Defendants )

## ORDER

It is upon consideration of **PLAINTIFFS' MOTION TO PERMANENTLY SUPPRESS EVIDENCE** is hereby by **Granted** on this _____ day of _____, 2007.

_____
Judge

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C. 20530