IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| YOLANDA C. GIBSON-MICHAELS | ) | |
|     Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **06-CV-1940 (RMU)** |
| | ) | |
| SHELA C. BAIR, et.al. | ) | |
|     Defendants | ) | |

**PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANTS' OPPOSITION
TO PLAINTIFFS MOTION TO RECLUSE**

Now comes Plaintiff Yolanda C. Gibson-Michaels and files Plaintiff's Opposition to Federal Defendant's Opposition to Plaintiffs Motion to Recluse the Department of Justice (DOJ) representation of Defendant and all attempts by duly appointed officers of the U.S. Department of Justice to appear on behalf of the Federal Deposit Insurance Corporation (FDIC). Defendants by and through its on actions departed from Local Rule L.Cvr.16.3 upon making an application to appoint a magistrate judge to oversee pre-trial matters on Friday, March 23rd 2007 without Plaintiffs' consent. See Exhibit A (attached hereto). Plaintiff motion has merit. AUSA prohibition to represent the FDIC is governed by Title 28, Chapter I, Part 45 – Department of Justice (DOJ) guidelines under Sec. 45.2 Disqualification arising from personal or political relationship.

Department of Justice guidelines state, in part, that:

(a) Unless authorized under paragraph (b) of this section, no employee shall participate in a criminal investigation or prosecution if he has a **personal** or **political relationship** with:

RECEIVED
SEP 1 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(1) Any person or organization substantially involved in the conduct that is the subject of the investigation or prosecution; or (2) Any person or organization which he knows has a specific and substantial interest that would be directly affected by the outcome of the investigation or prosecution. (b) An employee assigned to or otherwise participating in a criminal investigation or prosecution who believes that his participation may be prohibited by paragraph (a) of this section shall report the matter and all attendant facts and circumstances to his supervisor at the level of section chief or the equivalent or higher.

If the supervisor determines that a personal or political relationship exists between the employee and a person or organization described in paragraph (a) of this section, he shall relieve the employee from participation unless he determines further, in writing, after full consideration of all the facts and circumstances, that: (1) The relationship will not have the effect of rendering the employee's service less than **fully impartial** and **professional**; and (2) The employee's participation would not **create an appearance of a conflict of interest** likely to affect the public perception of the integrity of the investigation or prosecution.

(c) For the purposes of this section: (1) **Political relationship means a close identification with an elected official**, a candidate (whether or not successful) for elective, public office, **a political party**, or a campaign organization, arising from service as a principal adviser thereto or a principal official thereof. See Order No. 993-83, 48 FR 2319, Jan. 19, 1983. Redesignated at 61 FR 59815, Nov. 25, 1996]

2

It's indisputable that the Federal Deposit Insurance Corporation ("FDIC") Shelia C. Bair is an appointee of United States President George W. Bush ("Republican") and has a close relationship and political relationship with the Department of Justice (DOJ) U.S. Attorney Alberto Gonzales ("Republican") appointed official by and through President George W. Bush.

The Department of Justice (DOJ), the U.S. Attorney and AUSA are prohibited to engage into conduct that **"seriously interferes with the administration of justice"** as proscribed by the Code of Professional Responsibility under DR 1-102(A)(5) as **"prejudicial to the administration of justice.**

Plaintiff filed a motion for an Oral Hearing on March 26, 2007 pending before the Court. On **Friday, March 16, 2007**, AUSA Attorney Claire Whitaker commenced a **meet-and-confer** telephone conference in lieu of the DOJs prior discussion with former counsel Attorney David Rose to file a motion to move proceedings to Magistrate Judge Kay for settlement proceedings. The FDIC and DOJ are both aware of the FDICs departure from strict statutory guidelines and liabilities in willful violations of 18 U.S.C. - 119.

On August 1, 2007, Plaintiff confirmed with the U.S. Banking Committee point-of-contact that the FDIC admitted that its unauthorized interception of Plaintiffs oral communication in violation of the wiretap statute was an error, the FDIC did not follow the procedures. The FDIC OIG Jon T. Rymer was aware but failed to correct the FDIC continued use, collection, duplication, and reliance of evidence in violation of 18 U.S.C. – 119 and related statutes.

On August 22, 2007, FDIC OIG Jon T. Rymer confirmed via telephone at 4:40pm that he received additionally evidence of the FDIC use of an illegal wire, unlicensed guard without a court order to engage into an interception of Plaintiff's oral communication without a court order. FDIC OIG Jon T. Rymer stated: (1) that it was his job as the FDIC Office of Inspector General (OIG) to follow the law; (2) he had requested Plaintiff's file. Plaintiff's Motion to Recluse DOJs attempt to shield the FDIC and culpable Defendants from assessment of criminal fines and sanctions assessed against the FDIC on behalf of Plaintiff.

Moreover, Counsel for the Defendant failed to sufficiently provide pro se plaintiff with any plain language notice of potential adverse consequences. The fair notice requirement naturally follows from a policy of liberal construction in favor of pro se litigants. It's noted that litigants have a statutory right to self-representation in civil matters. 28 U.S.C. § 1654 (1982). They must be ensured meaningful access to the courts. **See Bounds v. Smith,** 430 U.S. 817, 823 (1977); **Wolff v. McDonnell,** 418 U.S. 539, 579 (1974); **Johnson v. Avery,** 393 U.S. 483, 485 (1969); **Hatfield v. Bailleaux,** 290 F.2d 632, 637 (9th Cir. 1961). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The United States Supreme Court agrees with an interpretation of Rule 56 to provide fair notice to pro se litigants, in either motions for summary judgment, or motions to dismiss, because it effectuates the purpose of the Federal Rules to eliminate **"procedural booby traps"** which could prevent "unsophisticated litigants from ever having their day in court." **Surowitz v. Hilton Hotels Corp.,** 383 U.S. 363, 373 (1966); See also *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 56 (9th Cir. 1961)

Counsel for defendants made absolutely no attempt to provide such fair notice to the Plaintiff, and this alone is sufficient to defeat the Defendant's proffered attempt to submit a dispositive motion to dismiss in violation of Plaintiff's right to a jury trial. See 3650 U.S.C. § 1805(f) 3750 U.S.C. § 1805(e) (1) 3850 U.S.C. § 1806(c) 3950 U.S.C. § 1804(a) (7) (E) (ii), § 1805(a) (5) 4050 U.S.C. § 1805(b) 4150 U.S.C § 1803 4250 U.S.C § 1805 27.36.

**Wherefore**, Plaintiff moves this court to Deny Defendants Opposition of Plaintiff's Motion to Dismiss.

Respectfully submitted,

_____
Yolanda C. Gibson-Michaels  9/11/07

## CERTIFICATE OF SERVICE

I Hereby Certify that on this *11th day of September*, a copy of the foregoing **Plaintiffs Opposition to Defendants Oppossiton of Plaintiff's Motion to Recluse** was mailed to: *hand-delivered*:

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C. 20530

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| YOLANDA C. GIBSON-MICHAELS )<br>    Plaintiff, )<br>)<br>)<br>v.     )<br>)<br>SHELA C. BAIR, et.al. )<br>    Defendants ) | | 06-CV-1940 (RMU) |

## ORDER

It is upon consideration of **PLAINTIFFS MOTION IN OPPOSITION TO FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION TO RECLUSE** is hereby by Granted on this _____ day of _____, 2007.

_____
Judge

**Copy to:**

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C. 20530

7