IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
OCT 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS ) | |
| Plaintiff, ) | |
| ) | Civil Action: **06-CV-1940 (RMU)** |
| v. ) | |
| SHELA C. BAIR, et.al. ) | |
| Defendants ) | |
| ) | |

## PLAINTIFFS' MOTION FOR EVENDTIARY HEARING

Plaintiff moves this court for an Evidentiary Hearing of all evidence that the government may seek to introduce, use in discovery, use to dismiss claims, dispostive motions, and continued use of evidence as the direct result of the interception of Plaintiff's oral communication against her at the trial of this action, or in the alternative pre-trial hearing or meet-and-confer. The Federal Deposit Insurance Corporation (FDIC) and Defendants continue to rely upon evidence from the interception of Plaintiff's oral communication.

Plaintiff moves this court to schedule an **Evidentiary Hearing** and order the Federal Deposit Insurance Corporation (hereafter FDIC) to produce to the Plaintiff in advance of a trial date all Court approved **wiretap interceptions, warrants, justifications, approved orders, original tape recording for inspection and review**, all duplication of tape recordings, the FDIC (Government) will produce the **Sony Cassette tape recording used for intercept, approvals to use Sony Cassette Tape recorder, transcripts, approval of equipment providers, investigative equipment; wiretap affidavits** issued to Douglas R. Fahey (unlicensed contractor) in connection with the interception of Plaintiffs oral communication on April 14-15, 2004.

1

## I. JURISDICTION AND VENUE

This Court has both subject matter jurisdiction over this action and personal jurisdiction over Plaintiffs' claims, Motion to Suppress Evidence and Injunctive Relief, pursuant to Omnibus Crime Control and Safe Streets Act of 1968, Title III, §§ 801–804, Privacy Act, 5 U.S.C. § 552a, § 2518 Procedure for interception of wire, oral, or electronic communications.

## II. STATUTE

The statute provides that whenever any **wire** or **oral communication** has been intercepted**, no part of the contents of such communication** and no **evidence derived there from may be received in evidence in any trial**, **hearing**, or **other proceeding in or before any court**, **grand jury**, **department**, **officer**, **agency**, **regulatory body**, **legislative committee**, or other **authority** of the United States, a State, or **a political subdivision** thereof if the disclosure of that information would be in violation of the statute.

## III. Plaintiff Established Standing

It is well established that Article III of the U.S. Constitution limits the federal court's jurisdiction to "cases" and "controversies". *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have a genuine case or controversy, the plaintiff must establish standing. "[T]he core component of standing is essential an unchanging part of the case-or-controversy requirement of Article III." See *Lujan v. Defenders of Wildlife*.

2

To establish standing under Article III, a plaintiff must satisfy the following three requirements: (1) "**the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is** (a) **concrete** and **particularized**, and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of" and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 560-561.

Courts have argued that to determine whether a Plaintiff has standing to challenge a warrantless intercept or the constitutionality thereof it must examine the nature of the injury-in-fact which they have alleged. The injury must be ...'distinct and palpable,' and not 'abstract' or 'conjectural' or 'hypothetical.'" *National Rifle Association of America v. Magaw,* 132 F.3d 272, 280 (6th Cir. 1997) (citing *Allen v. Wright,* 468 U.S 737, 751 (1982)).

Intercepts are conducted upon certification by the Attorney General, and seventy-two hours for other defined exigencies. See 3650 U.S.C. § 1805(f) 3750 U.S.C. § 1805(e) (1) 3850 U.S.C. § 1806(c) 3950 U.S.C. § 1804(a) (7) (E) (ii), § 1805(a) (5) 4050 U.S.C. § 1805(b) 4150 U.S.C § 1803 4250 U.S.C § 1805 27.36.

A requirement of 'probable cause' instructs a magistrate judge that **baseless searches shall not proceed**. See *U.S. v. U.S. District Court*, 407 U.S. at 316. The Fourth Amendment was adopted to assure that **Executive abuses of the power to search would not continue in our new nation**. See *United States v. Karo*, 468 U.S. 705 (1984). The statute also **requires prior warrants for any reasonable search**, based upon **prior-existing probable cause**, as well as particularity as to persons, places, and things, and the interposition of a neutral magistrate between Executive branch enforcement officers and citizens. '**A governmental action to regulate speech may be justified only upon showing of a compelling governmental interest**' See *Clark v. Library of Congress*, 750 F.2d 89, 94 (D.C. Cir. 1984).

Accordingly, Plaintiff request that the FDIC provides Court authorized approval, orders in accordance to the Wiretap statute which provided Jenekia J. Johnson (private citizen) to Act as an Agent, Deputy, or law enforcement official on behalf of Douglas R. Fahey (impersonator) and; Affidavits issued related to the FDIC in its continued use, duplication, possession, disclosure of evidence in connection with the interception of Plaintiff's oral communication without a court order by an unlicensed contract security guard Douglas R. Fahey and Jenekia J. Johnson.

The District Court concluded that, under the statutory language, **an individual violates the federal Act by intentionally disclosing the contents of an electronic communication when he or she knows or has reason to know that the information was obtained through an illegal interception, even if the individual was not involved in that interception.**

The Court held that: **Title III of the Omnibus Crime Control and Safe Streets Act of 1968. As amended, prohibits the interception of wire, electronic, and oral communications. Title 18 U.S.C. § 2511(1) (a) applies to the person who willfully intercepts such communications and subsection (c) to any person who, knowing or having reason to know that the communication was obtained through an illegal interception, willfully discloses its contents.** The Act was subsequently found to meet <u>**Fourth Amendment requirements constituting a reasonable balance between Governmental needs and the protected rights of our citizens**</u>, in *United States v. Cavanagh*, 807 F.2d 787 (9th Cir. 1987), and *United States v. Duggan*, 743, F.2d 59 (2d Cir.1984). A requirement of 'probable cause' instructs a magistrate judge that <u>**baseless searches shall not proceed**</u>. See *U.S. v. U.S. District Court*, 407 U.S. at 316.

The Fourth Amendment was adopted to assure that **Executive abuses of the power to search would not continue in our new nation.** See *United States v. Karo*, 468 U.S. 705 (1984). It also **requires <u>prior warrants for any reasonable search</u>**, based upon <u>**prior-existing probable cause**</u>, as well as particularity as to persons, places, and things, and the interposition of a neutral magistrate between Executive branch enforcement officers and citizens.

**This motion is brought on two grounds**: (1) First, the government has failed to establish "necessity" for issuance of a wiretap order, as required under 18 U.S.C. 2518(1)(c) and (3)(c). Suppression of the wiretap evidence is warranted on this basis alone. (2) Second, if suppression is not granted, Defendants will continue to use, posses, duplicated, rely upon, disclose and falsely label Plaintiff as a threat because she quoted a bible verse inside a closed door office.

The FDIC (Defendants) provided misleading statements, affidavits, and omissions, such that an evidentiary hearing should be conducted See **Franks vs. Delaware, 438 U.S. 154** (1978); and its progeny. In connection with the conduct of the hearing, discovery should be ordered, to wit, production of wiretap affidavits issued to the FDIC to engage into Plaintiff's interception of her oral communications on April 14, 2004 and April 15, 2004 in that the FDIC continues to rely upon wiretap evidence which is a violation of the statute.

### IV.   *DISCUSSION*

Historically Courts have argued that: **"A court itself must determine whether the circumstances are appropriate for the claim of privilege, and yet do so without forcing a disclosure of the very thing the privilege is designed to protect. Reynolds, See 345 U.S. at 8."** Courts reversed *Ellsberg v. Mitchell,* 709 F.2d 51 (D.C. Cir.1983) on appeal in the District of Columbia Circuit with respect to the plaintiffs' claims regarding the Government's admitted wiretaps, **because there was no reason to "suspend the general rule that the burden is on those seeking an exemption from the Fourth Amendment warrant requirement to show the need for it."** See *Ellsberg,* 709 F.2d at 68.

Specifically, courts have ruled that a **governmental action to regulate speech may be justified only upon showing of a compelling governmental interest**' See *Clark v. Library of Congress,* 750 F.2d 89, 94 (D.C. Cir. 1984).

V.   *CONCLUSION*

For all of the reasons outlined above, Plaintiff moves this Honorable court to grant Plaintiff's Motion for an Evidentiary Hearing. Plaintiff will demonstrate at the **Evidentiary Hearing** based on oral argument and Evidence presented to this Court that the FDIC did not follow strict wiretap procedures, guidelines, orders, and substantially relied upon necessity in attempt to entrap, incriminate and harass Plaintiff. Thank you.

Respectfully submitted,

*(signature)* 10/30/07
Yolanda C. Gibson-Michaels (Prose)
2210 Anvil Lane
Temple Hills, Maryland 20748

## CERTIFICATE OF SERVICE

I Hereby Certify that on this 30th **Day of October 2007**, a copy of Plaintiff's Motion for an Evidentiary Hearing was mailed to:

Copy to:

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C. 20530

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
      Plaintiff, )
            ) Civil Action: **06-CV-1940 (RMU)**
      v. )
SHELA C. BAIR, et.al. )
      Defendants )
_____ )

## ORDER

It is upon consideration of Plaintiff's Motion for Evidentiary Hearing _____ day of _____, 2007, is hereby **Granted**.

_____
Judge

Copy To:

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C. 20530

9