# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

YOLANDA GIBSON-MICHAELS, )
)
Plaintiff, )
)
v. ) Civil Action No. 1:06-cv-1940 (RMU)
)
SHEILA C. BAIR, Chairman, )
ROBERT FELDMAN, et.al. )
)
Defendants )
)

## PARTIES JOINT RULE 16.3 REPORT

Pursuant to Local Rule 16.3 and the Court's Order for Initial Scheduling Conference, the parties submit the following report:

1. **Dispositive Motions/Discovery Timeframe**: Federal defendants will file a dispositive motion thirty (30) days after the Court enters a scheduling order, and propose that oppositions and replies be due in accordance with the rules of Court. Plaintiff will file a Motion for Summary Judgment on all claims, Motion for evidentiary, injunctive relief, Motion for Statutory damages, relief, and suppression of evidence in violation of the FDIC et al., willful violation of the wiretap statute Court has ruled on all dispositive motions by order dated **May 3, 2007** and **August, 2007**. Plaintiff provides that the Courts Docket clerk corrected record to reflect that Plaintiff's original complaint requested a demand for jury trial (attached hereto)

2. **Joinder/Amendment/Narrowing**: None are anticipated by Federal defendants. None are anticipated by the Plaintiff

1

3. **Assignment To Magistrate Judge**: Plaintiff does not object to assignment to Magistrate-Judge Kay for all purposes involving settlement; and believe that the assignment would be appropriate for discovery disputes, disclosures, and mediation. Federal defendants do not wish for this matter to be assigned to a Magistrate Judge for all purposes, but believe the assignment would be appropriate for discovery disputes and mediation.

4. **Settlement Possibility**: Federal defendants do not believe settlement is possible in this case. Plaintiff believe she is entitled to settlement; dispute resolution and settlement in violation of mandatory statutes that requires a mandatory remedies.

5. **Alternative Dispute Procedures**: Federal defendants do not believe that Alternative Dispute Resolution is appropriate for this matter. Plaintiff would like to settle the matter; and believes Alternative Dispute Resolution is appropriate in lieu of the Defendants continued use of evidence in violation of the wiretap statute; FMLA and other prohibited mandatory statutory violations.

6. **Summary Judgment**: See No. 2, above.

7. **Initial Disclosures**: The parties agree that Fed. R. Civ. R. 26(a)(1) initial disclosures will be exchanged ten days after the entry of the Court's scheduling order. Plaintiff provides that the Courts Docket clerk corrected record to reflect that Plaintiff's original complaint requested a demand for jury trial (attached hereto)

8.   **Discovery**: Federal defendants believes that discovery should be stayed pending a ruling on dispositive motions. Court has ruled on all dispositive motions by order dated **May 3, 2007** and **August, 2007**, Plaintiff claims of age, race, sexual harassment, religion, retaliation survived. Docket clerk corrected record to reflect that Plaintiff's original complaint requested a jury trial (attached hereto) If claims survive Federal defendants' motion, it is proposed that a scheduling conference should be held to discuss the schedule in the context of the surviving claims.

9.   Experts: See No. 8. None have been identified at this time.

10.  Class Action Procedures: Not applicable.

11.  **Bifurcation of Discovery or Trial**: Federal defendants do not believe that bifurcation is necessary. Plaintiff believes that an evidentiary hearing on the issue of interception of oral communications should be held; Franks hearing known as an evidentiary hearing, statutory relief (remedies), injunctive relief, and suppression of evidence is before the court. Defendant does not believe that this issue is before the Court for resolution and would object to such a hearing.

12.  **Proposed Date For The Pretrial Conference**: The parties propose that a pretrial conference be set 30 days after discovery and a ruling on subsequent dispositive motions. Plaintiff provides that the Courts Docket clerk corrected record to reflect that Plaintiff's original complaint requested a **demand for jury trial** (attached hereto)

13. <u>Trial Date</u>: The parties propose that a trial date be set at the pretrial conference. Plaintiff proposed that FDIC is ordered to settle all statutory violations, mandatory cause of action claims or assessed mandatory civil and criminal statutory violations $100.00 per day in violation of the statute; to and including mandatory prosecution of Corporate officials.

14. The parties have agreed to preserve records relating to this case. Plaintiff notes that she does not believe that records pertaining to the interception of her oral communications should be kept without Court authority. Plaintiff reserves the right to receive all evidence; and exclude all evidence unlawfully intercepted by the FDIC, Douglas R. Fahey, Jenekia J. Johnson, Steve Kaufer, CEO, Securiguard, USEC Incorporation, et.al., Plaintiff provides that the Courts Docket clerk corrected record to reflect that Plaintiff's original complaint requested a demand for jury trial (attached hereto).

This report has been submitted by Plaintiff. AUSA Attorney Claire Whitaker representing the FDIC failed to submit reported as agreed upon by both parties. Plaintiff request that this court enters parties Joint Rule 16 – and provide a Scheduling Order to allow Plaintiff to advance her case before a Jury. Thank you.

_____ 11/9/07
Yolanda C. Gibson-Michaels
2210 Anvil Lane, Temple Hills
Maryland 20748

_____
AUSA Claire Whitaker
FDIC - DOJ

4

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:06-cv-01940-RMU
### Internal Use Only

GIBSON-MICHAELS v. BAIR et al
Assigned to: Judge Ricardo M. Urbina
Cases: 1:07-cv-01812-RMU
       1:07-cv-01813-RMU
Case in other court: 07-05265
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 11/14/2006
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**YOLANDA C. GIBSON-MICHAELS**        represented by   **YOLANDA C. GIBSON-MICHAELS**
2210 Anvil Lance
Temple Hills, MD 20748
(30) 630-5062
PRO SE

V.

**Defendant**

**SHEILA C. BAIR**        represented by   **Claire M. Whitaker**
*Chairman, Federal Deposit Insurance Corporation*
UNITED STATES ATTORNEY'S OFFICE
555 4th Street, NW
Suite E-4204
Washington, DC 20816
(202) 514-7137
Fax: (202) 514-8780
Email: claire.whitaker@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**SECURIGUARD INCORPORATION**
*TERMINATED: 05/03/2007*        represented by   **Scott D. Helsel**
WALTON & ADAMS, P.C.
1925 Isaac Newton Square
Suite 250
Reston, VA 20190
(703) 790-8000
Fax: (703) 790-8016
Email: shelsel@walton-adams.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**USEC CORPORATION**
*TERMINATED: 05/03/2007*

represented by **Scott D. Helsel**
(See above for address)
*TERMINATED: 05/03/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**WORK VIOLENCE RESEARCH INSTITUTE**
*TERMINATED: 05/03/2007*

represented by **Harvey A. Levin**
THOMPSON COBURN, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006-1167
(202) 585-6900
Fax: (202) 585-6969
Email: hlevin@thompsoncoburn.com
*TERMINATED: 05/03/2007*
*ATTORNEY TO BE NOTICED*

### Defendant

**DOUGLAS R. FAHEY**
*TERMINATED: 05/03/2007*

represented by **David Zachary Kaufman**
KAUFMAN LAW, A PROFESSIONAL CORPORATION
11350 Randall Hill Road
Suite 650
Fairfax, VA 22030
(703) 764-9080
Fax: (703) 764-0014
Email: david@dzklaw.com
*TERMINATED: 05/03/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**JENEKIA J. JOHNSON**

### Defendant

**ROBERT FELDMAN**
*Executive Secretary - Federall Deposit Insurance Corporation*

represented by **Claire M. Whitaker**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|