IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
         Plaintiff, )
                   )   Civil Action: 06CV01940 (RMU)
         v. )
SHELA C. BAIR, et.al. )
        Defendants )

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF INJUNCTIVE RELIEF

Comes Now, Yolanda C. Gibson-Michaels (prose), and files a **Motion for Reconsideration for Injunctive Relief.** Plaintiffs' Motion is in accordance to Defendants' violation of wiretap statute 18 U.S.C. – 119, 18 U.S.C. § 1028 to knowingly transfer or use, without lawful authority; and in violation of the Omnibus Crime Control and Safe Streets Act of 1968, Title III, §§ 801–804, 82 Stat. 211, 9-7.100 Authorization of Applications for Wire, Oral, and Electronic Interception Orders; Privacy Act, 5 U.S.C. § 552a, § 2518. In the case of Bartnicki et al. *v.* Vopper, aka Williams, et al, Supreme Court of the United States, Argued December 5, 2000 - Decided May 21, 2001.

# RECEIVED

NOV 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*1*

The District Court concluded that, under the statutory language, **an individual violates the federal Act by intentionally disclosing the contents of an electronic communication when he or she knows or has reason to know that the information was obtained through an illegal interception, even if the individual was not involved in that interception.**

The Court held that: **"[t]he First Amendment protects the disclosures made by respondents in this suit. (a) Title III of the Omnibus Crime Control and Safe Streets Act of 1968.** The United States District Court, Washington, D.C. Wiretap records confirmed that **Year 2004** there were no **Reported Use of Wiretap**, and **No Orders Authorized**.

The statute provides that whenever any wire or oral communication has been intercepted, no part of the contents of such communication and **no evidence** derived there from may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of the statute.

**Wherefore**, in the interest of justice and fairness of the tribunal,

Plaintiff's Motion for Reconsideration for Injunctive Relief must be granted.

Respectfully submitted,

_____ 11/21/07
Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland  20748
(301) 630-5062

## CERTIFICATE OF SERVICE

I hereby certify that on this 21ˢᵗ **Day of November 2007**, a copy of

the foregoing Plaintiff's Motion for Reconsideration of an Evidentiary

Hearing was mailed to:

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C.  20530

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
           Plaintiff,        )
                      )  Civil Action: 06CV01940 (RMU)
          v.        )
SHELA C. BAIR, et.al.      )
       Defendants    )

## ORDER

It is upon consideration of Plaintiff's Motion for Reconsideration of

Injunctive Relief is hereby by Granted on this _____ day of _____,

2007.


                         _____
                         Judge


Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C. 20530