IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
          Plaintiff, )
              ) Civil Action: 06CV01940 (RMU)
          v. )
SHELA C. BAIR, et.al. )
          Defendants )

## PLAINTIFFS' MOTION FOR RECONSIDERATION TO PERMANENTLY SUPPRESS WIRETAP EVIDENCE

Comes Now, Yolanda C. Gibson-Michaels (prose), Plaintiff in the above-entitled action and files a Motion For Reconsideration of Order dated **November 13, 2007** which dismiss Plaintiff's Motion to Permanently Suppress Wiretap Evidence.  In support thereof, Plaintiff states the following:

The FDIC (Federal Defendants) continues to possess, rely upon, use, and duplicate evidence of an unauthorized interception of Plaintiff's oral communication without a court order on April 14-15, 2004.  Defendants relied upon the evidence to effectuate Plaintiffs' involuntary removal form the Federal Government no January 14, 2005 and March 31, 2006.

Defendants intend to use evidence in Pre-trial discovery in violation of 18

**RECEIVED**
U.S.CV-ED.

NOV 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## I.    **<u>Plaintiff Established Standing</u>**

It is well established that Article III of the U.S. Constitution limits the federal court's jurisdiction to **<u>"cases" and "controversies".</u>** *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff established that she satisfied requirements: (1) **<u>"the individual suffered an injury in fact – an invasion of a legally protected interest which is</u>** (a) <u>concrete</u> and **<u>particularized</u>**, and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of" and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 560-561. Courts have argued that to determine whether an individual has standing to challenge a warrant less intercept or the constitutionality thereof it must examine the nature of the injury-in-fact which they have alleged. The injury must be ...'distinct and palpable,' and not 'abstract' or 'conjectural' or 'hypothetical.'" *National Rifle Association of America v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997) (citing *Allen v. Wright,* 468 U.S 737, 751 (1982)).

The United States District Court is aware that intercepts are conducted upon certification by the Attorney General, and seventy-two hours for other defined exigencies. See 3650 U.S.C. § 1805(f) 3750 U.S.C. § 1805(e) (1) 3850 U.S.C. § 1806(c) 3950 U.S.C. § 1804(a) (7) (E) (ii), § 1805(a) (5) 4050 U.S.C. § 1805(b) 4150 U.S.C § 1803 4250 U.S.C § 1805 27.36.

The statute also **requires prior warrants for any reasonable search**, based upon **prior-existing probable cause**, as well as particularity as to persons, places, and things, and the interposition of a neutral magistrate between Executive branch enforcement officers and citizens.

**This motion for Reconsideration of Judges Order is brought on two grounds**: (1) First, the Federal Deposit Insurance Corporation (FDIC) Defendants allowed an unlicensed contract guard Douglas R. Fahey to engaged into an intercept of Plaintiff's oral communication with the use of a non-Agent. FDIC did not establish "necessity" nor did the FDIC have a Court order to engage into or allow an unlicensed security guard to engage a private citizen into an intercept. Secondly, if a Motion to Suppress Wiretap Evidence is not granted the FDIC will continue to use, posses, duplicated, rely upon, disclose evidence and falsely subject Plaintiff to ridicule, hatred, and label Plaintiff as a threat because she quoted a bible verse.

This Court has a duty to protect Plaintiff from violations of the wiretap statute. See **Franks vs. Delaware, 438 U.S. 154** (1978); and its progeny. Historically Courts have argued that: **"A court itself must determine whether the circumstances are appropriate for the claim of privilege, and yet do so without forcing a disclosure of the very thing the privilege is designed to protect. Reynolds, See 345 U.S. at 8."**

Furthermore, the District Court concluded that, under the **statutory language, an individual violates the Federal Act by intentionally disclosing the contents of an electronic communication when he or she knows or has reason to know that the information was obtained through an illegal interception, even if the individual was not involved in that interception.**

The Court held that: **Title III of the Omnibus Crime Control and Safe Streets Act of 1968. As amended, prohibits the interception of wire, electronic, and oral communications. Title 18 U.S.C. § 2511(1) (a) applies to the person who willfully intercepts such communications and subsection (c) to any person who, knowing or having reason to know that the communication was obtained through an illegal interception, willfully discloses its contents.**

4

The Act was subsequently found to meet **Fourth Amendment requirements constituting a reasonable balance between Governmental needs and the protected rights of our citizens**, in *United States v. Cavanagh*, 807 F.2d 787 (9th Cir. 1987), and *United States v. Duggan*,743, F.2d 59 (2d Cir.1984). A requirement of **'probable cause'** instructs a **Magistrate judge** that **baseless searches shall not proceed**. See *U.S. v. U.S. District Court*, 407 U.S. at 316.

**Wherefore,** for all of the reasons outlined above, Plaintiff moves this court to grant Plaintiff's Motion for Reconsideration of Judges Order to Dismiss Plaintiff's Motion to Permanently Suppress Wiretap Evidence.

Respectfully submitted,

Yolanda C. Gibson-Michaels (Prose)
2210 Anvil Lane
Temple Hills, Maryland  20748
(301) 630-5062

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this ___21st___ **Day of November 2007**, a copy of

Plaintiff's Motion for Reconsideration to Suppress Wiretap evidence was

mailed to:

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C.  20530

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
         Plaintiff, )
                                 ) Civil Action: 06CV01940 (RMU)
           v. )
SHELA C. BAIR, et.al. )
        Defendants )

## ORDER

It is upon consideration of PLAINTIFFS' MOTION FOR

RECONSIDERATION TO PERMANENTLY SUPPRESS WIRETAP

EVIDENCE is hereby by Granted on this _____ day of _____, 2007.


_____
Judge


Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C. 20530

7