IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA C. GIBSON-MICHAELS ) | |
| Plaintiff, ) | |
| ) | Civil Action: 06CV01940 (RMU) |
| v. ) | |
| SHELA C. BAIR, et.al. ) | |
| Defendants ) | |

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF AN EVIDENTIARY HEARING

Comes Now, Yolanda C. Gibson-Michaels (prose), Plaintiff in the above-entitled action and files a **Motion for Reconsideration of an Evidentiary Hearing** of Judges Order dated November 13, 2007. Plaintiffs' Motion is in accordance to Defendants' violation of wiretap statute 18 U.S.C. – 119, 18 U.S.C. § 1028 to knowingly transfer or use, without lawful authority; and in violation of the Omnibus Crime Control and Safe Streets Act of 1968, Title III, §§ 801–804, 82 Stat. 211, 9-7.100 Authorization of Applications for Wire, Oral, and Electronic Interception Orders; Privacy Act, 5 U.S.C. § 552a, § 2518. Procedure for interception of wire, oral, or electronic communications.



RECEIVED
NOV 21 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

I.  **JURISDICTION AND VENUE**

This Court has both subject matter jurisdiction over this action and personal jurisdiction over Plaintiffs 'claims and Motion for Reconsideration of an Evidentiary Hearing pursuant to Omnibus Crime Control and Safe Streets Act of 1968, Title III, §§ 801–804, Privacy Act, 5 U.S.C. § 552a, § 2518 Procedure for interception of wire, oral, or electronic communications.

II.  **STATUTE**

The statute provides that whenever any wire or oral communication has been intercepted, no part of the contents of such communication and **no evidence** derived there from may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of the statute. Defendants unauthorized reliance upon evidence intercepted in violation of 18 U.S.C. §119, enacted by Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended, 18 U.S.C. §§ 2510-2521 (2000 & West Supp. 2005), is often referred to as "Title III.

Courts have argued that: "A court itself must determine whether the circumstances are appropriate for the claim of privilege, and yet do so without forcing a disclosure of the very thing the privilege is designed to protect. Reynolds, See 345 U.S. at 8." Courts reversed Ellsberg v. Mitchell, 709 F.2d 51 (D.C. Cir.1983). See Ellsberg, 709 F.2d at 68. The District Court concluded that, under the statutory language, "an individual violates the federal Act by intentionally disclosing the contents of an electronic communication when he or she knows or has reason to know that the information was obtained through an illegal interception, even if the individual was not involved in that interception." The Court held that: "[t]he First Amendment protects the disclosures made by respondents in this suit. (a) Title III of the Omnibus Crime Control and Safe Streets Act of 1968. Title 18 U.S.C. § 2511(1) (a) applies to the person who willfully intercepts such communications and subsection (c) to any person who, knowing or having reason to know that the communication was obtained through an illegal interception, willfully discloses its contents."

A requirement of 'probable cause' instructs a **Magistrate judge** that baseless searches shall not proceed. See U.S. v. U.S. District Court, 407 U.S. at 316.

The Fourth Amendment was adopted to assure that Executive abuses of the power to search would not continue in our new nation. See **United States** v. **Karo**, 468 U.S. 705 (1984). The statute requires prior warrants for any reasonable search, based upon prior-existing probable cause, as well as particularity as to persons, places, and things, and the interposition of a neutral magistrate between Executive branch enforcement officers and citizens.

For all of the reasons outlined above, Plaintiff petitions this Court to grant Plaintiff's Motion for Reconsideration for an Evidentiary Hearing.

Respectfully submitted,  11/21/07

Yolanda C. Gibson-Michaels (prose)
2210 Anvil Lane
Temple Hills, Maryland  20748
(301) 630-5062

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st **Day of November 2007**, a copy of the foregoing Plaintiff's Motion for Reconsideration of an Evidentiary Hearing was mailed to:

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C. 20530

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YOLANDA C. GIBSON-MICHAELS )
    Plaintiff, )
                                       ) Civil Action: 06CV01940 (RMU)
    v. )
SHELA C. BAIR, et.al. )
    Defendants )

## ORDER

It is upon consideration of Plaintiff's Motion for Reconsideration of an Evidentiary Hearing is hereby by Granted on this _____ day of _____, 2007.

_____
Judge

Claire Whitaker, U.S. Attorney
555 4th Street, N.W. E-4204
Washington, D.C. 20530