UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **YOLANDA GIBSON-MICHAELS**  )  <br> ) <br> Plaintiff,  ) <br>  ) <br> v.  ) <br>  ) <br> **SHEILA C. BAIR, et al.**  ) <br>  ) <br> Defendants.  ) <br>  ) | Case Number: 1:06CV01940- RMU |

# MEMORANDUM IN OPPOSITION TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Plaintiff Yolanda Gibson-Michaels, by and through her undersigned counsel, respectfully asks this honorable Court to deny Defendant's Supplemental Memorandum in Support of Defendant's Motion to Dismiss or for Summary Judgment and allow Plaintiff to submit her response by August 21, 2008, the date previously consented to by opposing counsel.  The grounds for this request are as follows.

This honorable Court granted Defendant a significant amount of time in which to prepare a dispositive motion regarding this matter.  Defendant filed this motion with the Court on July 9, 2008.  The motion included a nine (**9**) page statement of material facts, a forty one (**41**) page memorandum of points and authorities, and **202** pages of exhibits.

At the Court's status conference Your Honor indicated that the Court would freely grant the Plaintiff extensions of time to respond to Defendant's dispositive motion.  On July 15, 2008, Plaintiff conferred with Defendant and Defendant consented to an extension to August 21, 2008, to reply to Defendant's dispositive motion.  This honorable

Court granted and denied Plaintiff's motion, in part, and ordered that Plaintiff's opposition be filed on or before August 1, 2008; however, Plaintiff did not receive notice of this minute order.

## DISCUSSION

Local Civil Rule 7(b) states that "[i]f…a memorandum is not filed within the prescribed time, the Court *may* treat the motion as conceded." (emphasis added). The rule clearly contemplates circumstances in which the Court, at its discretion, does not have to consider a motion conceded. Plaintiff submits that this is one of those rare circumstances.

Defendant relies on *Twelve John Does v. Dist. Of Columbia*, 117 F.3d 571 (D.C. Cir. 1997); however, that case is distinguishable. In *Twelve John Does*, the District of Columbia filed a motion for reconsideration in response to a *Protective Order* granted in favor of the Plaintiffs. *Id*. at 577. The District had *notice* of when its response to the motion was due; however, the District did not file a response because it believed that the Plaintiff's abandoned the motion. *Id*. Although the Appeals Court indicated that it freely enforces the District Court's decision to treat motions in which no response is filed as conceded, the Court did not base its decision on that ground. *Id*. The Appeals Court clearly indicated in no uncertain terms that the District Court did not exercise its *discretion* to treat the motion as conceded; the District Court decided the motion on its merits. *Id*. (emphasis added).

This honorable Court should not treat Defendant's motion to dismiss or for summary judgment as conceded. Plaintiff respectfully requests that this honorable Court allow Plaintiff to file its response by August 21, 2008. This honorable Court indicated it

would freely grant Plaintiff extensions and Defendant consented to an extension to August 21, 2008.

## CONCLUSION

In honoring the spirit of the adversarial process, Plaintiff respectfully requests that this honorable Court allow Plaintiff to respond to Defendant's dispositive motion by August 21, 2008.

Respectfully submitted,

/s/ James Q. Butler
James Q. Butler, Esq.
D.C. Bar# 490014
Attorney for Plaintiff
Butler Legal Group, PLLP
818 18th Street N.W. Suite 630
Washington, D.C. 20006
(202) 223-6767- office
(202) 223-3039 – fax
James@butlerlawfirmdc.com