# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| YOLANDA GIBSON-MICHAELS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1940 (RMU) |
| | : | | |
| v. | : | Document No.: | 90 |
| | : | | |
| SHEILA C. BAIR *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM ORDER

The complaint in this matter was filed November 14, 2006 and named seven defendants, all of which have since been dismissed except Sheila Bair, Chairman of the Federal Deposit Insurance Corporation. *See* Order, May 3, 2007; Min. Entry (June 30, 2008). On July 9, 2008, the defendant filed a motion to dismiss or for summary judgment, arguing that all of the plaintiff's claims should be dismissed because either they had not been administratively exhausted or they failed to state a claim upon which relief could be granted. *See* Mem. in Supp. of Def.'s Mot. to Dismiss or for Summ. J. at 1-2.

By prior Order, the plaintiff's response was due July 22, 2008. Min. Entry (June 30, 2008). Counsel for the plaintiff requested a 30-day extension of time, which was granted in part and denied in part by Minute Order, requiring the plaintiff to file her opposition to the defendant's motion to dismiss on or before August 1, 2008. Min. Order (July 16, 2008). The plaintiff did not timely seek an additional extension of time and did not timely file a response. On August 11, 2008, the defendant filed a supplemental memorandum noting that the plaintiff's response was past due. On August 12, the court issued a Memorandum Order granting the defendant's motion to dismiss as conceded. Mem. Order (Aug. 12, 2008). Simultaneously,

counsel for the plaintiff submitted a "Memorandum in Opposition to Defendant's Supplemental Memorandum" in which counsel requested that the court decline to treat the defendant's motion to dismiss as conceded.  Pl.'s Mem. in Opp'n to Def.'s Suppl. Mem.  In pertinent part, counsel claims that "Plaintiff did not receive notice of th[e] minute order [issued July 16, 2008]."  *Id.*

The Clerk of the Court's electronic case record shows that more than a dozen ECF notices were sent to counsel at the e-mail address provided when counsel entered his appearance in this case nearly eight months ago.  The record indicates that two ECF notices were e-mailed to counsel on July 16, 2008:  (1) the notice of the Minute Order issued that date, which counsel asserts was not received; and (2) the "Set/Reset Deadlines" notice stating the new deadline of August 1, 2008.  Counsel does not explain why he failed to receive this particular notice, but presumably has had no previous or subsequent issues receiving notices.  Notably, counsel for the plaintiff does not suggest that he failed to receive notice of the August 1 deadline in the "Set/Reset Deadlines" notice.

If a response to a motion is not filed within the prescribed time, the Court may treat the motion as conceded.  Local Civil Rule 7(b).  A claim that notice was not received is insufficient grounds for avoiding the penalty authorized by the rule.  *See, e.g., Fox v. Am. Airlines, Inc.,* 389 F.3d 1291, 1294 (D.C. Cir. 2004) (affirming the district court's dismissal under Local Civil Rule 7(b) and holding that attorneys are "obligated to monitor the court's docket" and the failure to do so will not excuse an untimely filing).  Indeed, "[c]ounsel is under an obligation to check with reasonable frequency on the status of a pending case, a duty . . . which now may be discharged over the [i]nternet . . . ."  *United States v. Baylor,* 162 Fed. Appx. 1, 2 (D.C. Cir. 2005) (citing *Fox*, 398 F.3d at 1294).  Accordingly, even crediting the unexplained assertion that

he did not receive just one of several ECF notices e-mailed to him over the past eight months,

counsel has offered insufficient grounds to overlook his failure to monitor the docket.  For the

foregoing reasons, it is this 12th day of August, 2008,

ORDERED that the Memorandum Order issued earlier today be **VACATED**; and it is

**FURTHER ORDERED** that the defendant's motion [Dkt. # 90] to dismiss the

complaint is **GRANTED** as conceded.  This is a final, appealable Order.  *See* Fed. R. App.

P. 4(a).

**SO ORDERED.**

RICARDO M. URBINA
United States District Judge