UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
**YOLANDA GIBSON-MICHAELS**      )
                                                        )
              **Plaintiff,**         )
                                                       )
              **v.**                        ) Case Number: 1:06CV01940- RMU
                                                         )
**SHEILA C. BAIR, et al.**            )
                                                         )
              **Defendants.**    )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
<u>PLAINTIFF'S MOTION FOR RECONSIDERATION</u>**

       COMES NOW, Plaintiff Yolanda Gibson-Michaels, by and through her undersigned counsel, to respectfully request this honorable Court, pursuant to Federal Rule of Civil Procedure 60(b)(1) and(6), to reconsider its MEMORANDUM ORDER dated August 12, 2008. The grounds for this request are as follows.

       On June 30, 2008, the Court ordered that Defendant's preliminary motion to dismiss or for summary judgment be filed on July 9, 2008, and Plaintiff's opposition be filed on July 21, 2008. At this time, the Court indicated that it would be amenable to granting Plaintiff an extension of time to file said opposition. Defendant timely filed its preliminary motion to dismiss or for summary judgment on July 9, 2008.

       On July 15, 2008, Plaintiff, through counsel, conferred with opposing counsel and filed a CONSENT MOTION with the Court requesting an extension of time to file its opposition, to and including August 21, 2008. On July 16, 2008, by Minute Order, the Court granted and denied Plaintiff's motion, in part, and ordered that Plaintiff file its opposition on or before August 1, 2008.

Plaintiff, due to network difficulties experienced by counsel, did not receive the Minute Order granting and denying Plaintiff's motion, in part, or the Set/Reset Deadline notice filed by the Court on the same day as the Minute Order. Specifically, Plaintiff's counsel did not receive the electronic notice because of internet connectivity problems on July 16 and 17, 2008. Because Plaintiff's counsel did not receive electronic notice, Plaintiff failed to file a response to Defendant's motion to dismiss or motion for summary judgment. On August 12, 2008, the Court granted Defendant's motion to dismiss the complaint as conceded.

## LEGAL STANDARD

"Rule 60(b) is the means by which a court may relieve a party from a final judgment based on one of six grounds, the primary ground being mistake, inadvertence, surprise, or excusable neglect" *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810 (4th Cir.1984). A party can obtain relief under the Rule by demonstrating that he was not at fault and that the non-moving party will not be prejudiced by the relief from judgment. *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126 (4th Cir.1992). The movant must "proffer a meritorious defense." *Augusta*, 843 F.2d at 811 (internal citations omitted). The import of the Rule is that a blameless party should not suffer from the negligence of her attorney. *Id*.

Essentially, Rule 60(b) "represents an equitable balance between our preference for [decisions] on the merits and the judicial system's need for finality and efficiency in litigation. When the party is blameless and the attorney is at fault, the former interests control and a [conceded motion] should ordinarily be set aside." *Id*. This extraordinary

remedy should only be granted in exceptional circumstances. *See Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir.1979).

## DISCUSSION

Plaintiff submits that her treatment at the hands of Defendant and the subsequent decision to dismiss the complaint as conceded as opposed to the merits represents an exceptional circumstance justifying Rule 60(b) relief. Plaintiff's actions did not precipitate counsel's internet connectivity problems.

## I. TIMELY FILED

Plaintiff's motion for Rule 60(b) reconsideration is timely filed. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir.1987) (holding that a Rule 60(b) motion filed five (**5**) months after the entry of a default judgment is timely).

## II. NO PREJUDICE TO DEFENDANT'S RIGHTS

Additionally, granting Plaintiff's motion would not prejudice Defendant. At the June 30, 2008 Scheduling Conference, Defendant was informed that the Court would grant Plaintiff an extension of time in which to submit its opposition. Defendant, when it consented to Plaintiff's CONSENT MOTION, knew that Plaintiff would need additional time to submit an opposition. Furthermore, in its August 12, 2008 Minute Order, this honorable Court seemed to indicate that it would have granted a second extension of time if Plaintiff so requested. Under these circumstances, Defendant cannot reasonably be prejudiced by the Court's decision to allow Plaintiff to submit a motion in opposition so that the case may be decided on its merits.

In *United States v. Moradi*, the Court of Appeals reversed the District Court's decision to deny a motion for relief from judgment and held that justice demands that a

blameless party not be disadvantaged by the errors of her attorney, which cause a final and involuntary termination of proceedings.  *See United States v. Moradi*, 673 F.2d 725, 728 (4th Cir.1982).  The Court based its decision on the policy of the Federal Rules to encourage dispositions of claims on their merits.  *Id*. at 727 (internal citation omitted).  Additionally, the Court highlighted the fact that there was no delay once the Defendant discovered the default.  *Id*. at 728.  Similarly, Plaintiff's counsel responded immediately with its "Memorandum in Opposition to Defendant's Supplemental Memorandum in Support of Defendant's Motion to Dismiss or For Summary Judgment" once it learned that the time to submit its response to Defendant's motion to dismiss or for summary judgment expired.  Counsel's actions in that regard indicate that it was not dilatory in its responsibilities.  Additionally, counsel's actions indicate that it promptly responds to Court imposed deadlines when it is aware of those deadlines.

### III. MERITORIOUS DEFENSE

Plaintiff, if given the opportunity to submit a motion in opposition to Defendant's motion to dismiss or motion for summary judgment, would present evidence indicating that she was an employee in good standing with the FDIC when the FDIC began its discriminatory actions against Plaintiff.  Specifically, among other discriminatory practices, the FDIC began investigating Plaintiff's conduct after asking Plaintiff's subordinate a leading question regarding an office confrontation between Plaintiff and said subordinate, evidencing a desire to find a reason to investigate Plaintiff.  The entire ordeal was the result of Defendant's failure to properly contextualize Plaintiff's religious beliefs with the statements Plaintiff made.  Instead of valuing diversity in the workplace,

Defendant manipulated Plaintiff's statements, posed a leading question to said subordinate, and initiated an investigation into Plaintiff's alleged threatening conduct.

Defendant gave Plaintiff's subordinate the benefit of the doubt and investigated Plaintiff's conduct; Defendant never gave Plaintiff any such benefit.  For example, on two separate occasions, as evidenced in Plaintiff's Complaint, Defendant subjected Plaintiff to an objectively abusive work environment.  Specifically, Stephen M. Hanas, Defendant's Senior Counsel, verbally harassed Plaintiff and James Lantelme, Plaintiff's Supervisor, physically assaulted Plaintiff.  Both men sexually harassed Plaintiff.  In support of its motion to dismiss or motion for summary judgment, Defendant relies on Affidavits by the two men to dispute Plaintiff's claim.  This is by definition a genuine issue of material fact and Plaintiff deserves to have the issue resolved by a fact-finder.

## CONCLUSION

Plaintiff respectfully requests that this honorable Court grant its Rule 60(b) Motion for Reconsideration.  Defendant has subjected Plaintiff to subjectively and objectively discriminatory conduct.  Plaintiff deserves the right to have her case heard on the merits.

Respectfully submitted,

/s/ James Q. Butler
James Q. Butler, Esq.
D.C. Bar# 490014
Attorney for Plaintiff
Butler Legal Group, PLLP
818 18th Street N.W. Suite 630
Washington, D.C.  20006
(202) 223-6767- office
(202) 223-3039 – fax
James@butlerlawfirmdc.com

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was submitted electronically to the clerk of the United States District Court for the District of Columbia.

               /s/ James Q. Butler
               James Q. Butler, Esq.
               D.C. Bar# 490014
               Attorney for Plaintiff
               Butler Legal Group, PLLP
               818 18th Street N.W. Suite 630
               Washington, D.C.  20006
               (202) 223-6767- office
               (202) 223-3039 – fax
               James@butlerlawfirmdc.com