UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YOLANDA GIBSON-MICHAELS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 1:06CV01940 - RMU |
| ) | |
| SHEILA C. BAIR, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant Sheila C. Bair, Chairman of the Federal Deposit Insurance Corporation, through her undersigned counsel, files this opposition to Plaintiff's motion for reconsideration.

**I.     INTRODUCTION**

Plaintiff failed to respond to Defendant's Motion to Dismiss or for Summary Judgment filed on July 9, 2008. Consequently, by Memorandum Order dated August 12, 2008, the Court treated the motion as conceded pursuant to Local Civil Rule 7(b) and granted the motion.

Plaintiff now files a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(1) and (6) arguing: (1) that Plaintiff's counsel failed to respond to Defendant's motion due to "internet connectivity problems on July 16 and 17, 2008," and that under Fourth Circuit case law, this constitutes excusable neglect; and (2) that Plaintiff has a "meritorious claim."

Under D.C. Circuit case law (and even under the Fourth Circuit cases cited by Plaintiff), Plaintiff's arguments fail because Plaintiff's counsel's "connectivity problems" does not constitute excusable neglect, and Plaintiff also fails to establish the required meritorious claim or defense.

## II. ARGUMENT

### 1. Legal Standard

Federal Rule of Civil Procedure 60(b)(1) provides that a court may relieve a party from a final order for reasons of mistake, inadvertence, surprise, or excusable neglect, or under Rule 60(b)(6) for any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b); *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995). In addition, a Rule 60(b) motion will not be granted unless the movant can demonstrate a meritorious claim or defense. *Id*. at 355. The "movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Id*. at 355.

Where a district court, pursuant to local rule, relies on the absence of a response as a basis for treating a motion as conceded, the D.C. Circuit has noted that "we honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997); *see also FDIC v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997) (Court noting that "we have yet to find that a district court's enforcement of this rule constituted an abuse of discretion.").

### 2. **Plaintiff Fails to Establish Excusable Neglect**

Plaintiff argues that her counsel failed to respond to Defendant's motion due to "internet connectivity problems on July 16 and 17, 2008," and that under Fourth Circuit case law, this constitutes excusable neglect.[1] The D.C. Circuit, and other circuits, however, hold otherwise.

In *Fox v. American Airlines, Inc.*, 389 F.3d 1291 (D.C. Cir. 2004), the defendant moved to dismiss an amended complaint and the plaintiff failed to respond. Relying on Local Rule 7(b), the district court treated the motion as conceded and granted the motion to dismiss. The plaintiff moved to vacate claiming counsel failed to "receive electronic notice" of defendant's motion. *Id*. at 1293.

The D.C. Circuit Court held that the lower court did not abuse its discretion in refusing to vacate its dismissal of the amended complaint. The Court noted that the plaintiff offered nothing more than an "updated version of the classic 'my dog ate my homework' line." *Id*. at 1294. The plaintiff's claimed problem with the court's electronic case filing system was dismissed by the Circuit Court, which held:

> Imperfect technology may make a better scapegoat than the family dog in today's world, but not so here. Their counsel's effort at explanation, even taken at face value, is plainly unacceptable. Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket.

*Id*. at 1294; *see also U.S. v. Baylor*, 162 Fed. Appx. 1, 2, 2005 WL 369355 (D.C. Cir. 2005) (late filing in criminal case not excused; "Counsel is under an obligation to check with reasonable frequency on the status of a pending case, a duty the discharge of which

---

[1] Plaintiff does not allege connectivity problems between July 18 and July 22, the original due date for Plaintiff's opposition to Defendant's motion, or that Plaintiff checked with the Court before July 22 to see if her motion for extension was granted.

3

in Baylor's case was never more than a phone call away, and which now may be discharged over the Internet as well.")

This Court has considered the issue of delay caused by "computer problems" and determined that computer problems do not exceed garden variety claim of excusable neglect. *Depippo v. Chertoff*, 453 F. Supp.2d 30, 34-35 (D.D.C. 2006) (Urbina, J.) (in Title VII case, no equitable tolling when plaintiff's counsel's computer froze day complaint due; "In short, frozen computers do not beget frozen timetables."); *see also, D.A., et al v. District of Columbia*, Civ. No. 07-1084, 2007 WL 4365452 (D.D.C. Dec. 6, 2007) (Facciola, Mag. J.) (listing case law from this district and other jurisdictions rejecting untimely filings where the only excuse was a mistake made by counsel).

Significantly, in a very recent decision dated May 22, 2008, District Judge Richard J. Leon issued a decision in a Title VII case treating a defendant's motion to dismiss as conceded under Local Civil Rule 7(b) because the plaintiff failed to file an opposition on a timely basis. *Peoples v. Potter*, Civ. No. 07-0903, 2008 WL 2169662 (D.D.C. May 22, 2008). Counsel for the plaintiff in *Peoples* represents the Plaintiff in this action.

As a final matter, Plaintiff's reliance on Fourth Circuit decisions is misplaced. Plaintiff primarily relies upon *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corporation*, 843 F.2d 808 (4th Cir. 1988) and *U.S. v. Moradi*, 673 F.2d 725 (4th Cir. 1982). Both cases involved attempts to vacate default judgments, an important fact as highlighted by the court in *Augusta*, which noted that where default judgments are at issue, the Fourth Circuit has taken an increasingly liberal view of Rule 60(b). *See*

4

*Augusta*, 843 F.2d at 811. Here, obviously, the Plaintiff is not attempting to vacate a default judgment.

The distinction is noted in *Cronin v. Henderson*, 209 F.R.D. 370 (D.Md. 2002). *Cronin* commented on and distinguished the Fourth Circuit *Augusta* and *Moradi* decisions noting they applied to denials of relief from default judgment. *Cronin*, 209 F.R.D. at 371. In *Cronin*, a Title VII action, the court dismissed the case for failure to effectuate service. The new attorney blamed the prior attorney. The court denied a Rule 60(b) motion and held that the Fourth Circuit had made it clear that it was "appropriate to hold a client accountable for the mistakes of counsel." *Id*. at 372.

A two-day period of "internet connectivity problems" is not enough to merit relief in this case. First, Plaintiff requested a lengthy extension of time, indeed, a period that exceeded the original due date. In light of the lengthy period of the request and the fact that this Court had originally expedited the dispositive motion schedule, Plaintiff could have sought other options for insuring that his extension had been approved and to what date. He could have contacted undersigned counsel or the Clerk's Office by phone or email when the connectivity problems were resolved.

**3.     Plaintiff Has Not Demonstrated a Meritorious Claim or Defense**

A motion for reconsideration under Rule 60(b) will not be granted unless the moving party meets its burden of demonstrating "a meritorious claim or defense" to the motion upon which the Court originally dismissed the complaint. *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995)(citing *Lepkowski v. United States Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986)). A meritorious claim or defense requires a proffer of sufficient evidence to permit a finding that Plaintiff's action would

survive the Agency's underlying motion to dismiss or for summary judgment. Plaintiff has not met this burden.

Plaintiff's motion is devoid of any facts or evidence demonstrating that she has a meritorious claim or opposition to the Defendant's motion. Plaintiff presents no affidavits or sworn declarations to support her claims.[2] Plaintiff's counsel simply states that if given the opportunity to file an opposition to the Defendant's motion he would "present evidence indicating that [Plaintiff] was an employee in good standing when the FDIC began its discriminatory actions against Plaintiff." This statement does not controvert the Defendant's motion or establish that Plaintiff's case is a potentially meritorious one.

Likewise, counsel's bare and conclusory assertions that: 1) the Agency manipulated Plaintiff's statement to a co-worker to justify an investigation into her conduct; and 2) that the Agency harassed and subjected Plaintiff to a hostile work environment are wholly unsubstantiated and thus are insufficient as a matter of law to sustain Plaintiff's burden under Rule 60(b)(1).

Defendant's motion details legitimate nonpretextual, nondiscriminatory reasons for its actions. Plaintiff has failed to provide evidence that her race, gender, religion or any other protected category was any part of the reason for Defendant's actions. *See* Defendant's Motion at pp. 33-39.

---

[2] Even in the *Augusta* case cited by Plaintiff, the moving party filed multiple affidavits to establish its meritorious claim. *See Augusta*, 843 F.2d at 810, 812.

6

**III.   CONCLUSION**

Plaintiff's counsel's two-day connectivity problem does not constitute excusable neglect and Plaintiff fails to demonstrate a meritorious claim or defense. Consequently, Plaintiff's motion for reconsideration should be denied.

>Respectfully submitted,
>
>_____/s/_____
>JEFFREY A. TAYLOR , D.C. Bar # 498610
>United States Attorney
>
>_____/s_____
>RUDOLPH CONTRERAS, Bar # 434122
>Assistant United States Attorney
>
>_____/s/_____
>CLAIRE WHITAKER, D.C. Bar # 354530
>Assistant United States Attorney
>United States Attorney's Office
>Civil Division
>555 4th Street, N.W., Room E-4204
>Washington, D.C. 20530
>(202) 514-7137

OF COUNSEL:

TINA A. LAMOREAUX, Counsel
FEDERAL DEPOSIT INSURANCE CORPORATION
LEGAL DIVISION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **YOLANDA GIBSON-MICHAELS,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case Number: 1:06CV01940 - RMU |
| **SHEILA C. BAIR, et al.** | ) ) ) | |
| Defendants. | ) ) | |

# ORDER

Upon consideration of Plaintiff's Motion for Reconsideration, the opposition and reply, thereto, and after a review of the entire record in this case, it is this _____ day of _____, 2008,

ORDERED, that said motion is denied.


Dated: _____

RICARDO M. URBINA
UNITED STATES DISTRICT JUDGE