UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| YOLANDA GIBSON-MICHAELS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1940 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 98, 100 |
| | : | | |
| SHEILA C. BAIR *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM ORDER**

This matter is before the court on two motions. The first is plaintiff's motion under Federal Rule of Civil Procedure 60(b), seeking relief from an order granting the defendants' motion dismiss as conceded and dismissing the action. The court denies the motion because it does not satisfy the requirements for relief under Rule 60(b). The second is a motion filed by plaintiff's retained counsel, seeking to withdraw as attorney. The court denies this motion because it does not comply with the requirements of Local Civil Rule 83.6.

Plaintiff failed to timely file a response to the defendants' motion to dismiss or for summary judgment. On July 16, 2008, the court granted the plaintiff an extension of time until August 1, 2008 to file an opposition. On August 12, 2008, eleven days after the plaintiff's response was due, the court entered an order granting as conceded the defendants' motion to dismiss. Order (Aug. 12, 2008). That same day, the plaintiff sought a further extension of time indicating that "Plaintiff did not receive notice of th[e] minute order" setting August 1, 2008 as the deadline for filing an opposition. Pl.'s Mem. in Opp'n to Def.'s Suppl. Mem. at 2; *see also* Min. Order (July 16, 2008). The submission did not address the merits of the defendants' motion to dismiss.

In light of the plaintiff's submission, the court issued a new memorandum order vacating the memorandum order issued earlier that day and addressing the plaintiff's newly proffered reasons for delay. The court determined that the plaintiff's submission was insufficient in two respects. First, on its face, the stated excuse stretched credulity. The court noted:

> The Clerk of the Court's electronic case record shows that more than a dozen ECF notices were sent to counsel at the e-mail address provided when counsel entered his appearance in this case nearly eight months ago. The record indicates that two ECF notices were e-mailed to counsel on July 16, 2008: (1) the notice of the Minute Order issued that date, which counsel asserts was not received; and (2) the "Set/Reset Deadlines" notice stating the new deadline of August 1, 2008. Counsel does not explain why he failed to receive this particular notice, but presumably has had no previous or subsequent issues receiving notices. Notably, counsel for the plaintiff does not suggest that he failed to receive notice of the August 1 deadline in the "Set/Reset Deadlines" notice.

Mem. Order (Aug. 12, 2008) at 2. Second, the offered excuse was insufficient to qualify as excusable neglect.

> A claim that notice was not received is insufficient grounds for avoiding the penalty authorized by the rule. *See, e.g., Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (affirming the district court's dismissal under Local Civil Rule 7(b) and holding that attorneys are "obligated to monitor the court's docket" and the failure to do so will not excuse an untimely filing). Indeed, "[c]ounsel is under an obligation to check with reasonable frequency on the status of a pending case, a duty . . . which now may be discharged over the [i]nternet . . . ." *United States v. Baylor*, 162 Fed. Appx. 1, 2 (D.C. Cir. 2005) (citing *Fox*, 398 F.3d at 1294). Accordingly, even crediting the unexplained assertion that he did not receive just one of several ECF notices e-mailed to him over the past eight months, counsel has offered insufficient grounds to overlook his failure to monitor the docket.

Mem. Order (Aug. 12, 2008) at 2. The court affirmed its prior decision grant the defendants' motion to dismiss as conceded. *Id.*

Now the plaintiff elaborates that the notices were not received "because of internet connectivity problems on July 16 and 17, 2008." Pl.'s Mem. of P. & A. in Supp. of Pl.'s Mot.

for Recons. ("Pl.'s Mot.") at 2.  The plaintiff's elaboration does not alter the court's initial assessment that the neglect is inexcusable under the precedent in this district.  In fact, the elaboration stretches credulity even further, as "internet connectivity problems" could be expected to delay receipt of emailed notices, but not destroy them.  Thus, even crediting plaintiff's fuller explanation, it fails to account for the neglect of notice between July 18, when the internet connectivity problems were resolved, and August 12, 2008, when the plaintiff made its filing.  Particularly where, as here, the court's issued the July 16, 2008 Minute Order in response to a motion filed by the plaintiff, the court cannot conclude that the plaintiff's failure to affirmatively check the docket was excusable.  In any event, as discussed previously, counsel has an affirmative duty to stay apprised of the status of the case.  *See Fox v. Am. Airlines, Inc.*, 389 F.3d at 1294.

       Plaintiff's motion also cites Rule 60(b)(6), a provision that permits a court to provide relief from judgment for any "reason justifying relief from operation of the judgment."  The Supreme Court has stated that relief under Rule 60(b)(6) should be granted only in circumstances that are truly "extraordinary."  *Pioneer Investment Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993); *Ackerman v. United States*, 340 U.S. 193, 202 (1950).  Indeed, "motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense."  *Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1984).  "It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture."  *Murray v. District of Columbia*, 52 F.3d 353, 355 (citing cases).

The plaintiff tacitly acknowledges this requirement, but fails to satisfy it. *See* Pl.'s Mot. at 4-5 (including a section headed "Meritorious Defense").

Plaintiff's statements under the heading "Meritorious Defense" do not address, even in oblique or summary fashion, the defendants' assertions that all of the plaintiff's claims fail either for failure to exhaust her administrative remedies or for failure to state a claim upon which relief may be granted. *See* Defs.' Mot. to Dismiss or for Summ. J. As such, the plaintiff's Rule 60(b) motion fails to provide a basis on which the court might conclude that vacating the judgment would not be an exercise in futility. Furthermore, inexcusable attorney neglect is not the sort of extraordinary circumstances that justify relief under Rule 60(b)(6). Therefore, the court denies the plaintiff's motion for reconsideration.

Turning to the plaintiff's counsel's motion to withdraw, Local Civil Rule 83.6 requires counsel to file a motion only if "a trial date has been set, or if a party's written consent is not obtained." LCvR 83.6. Here, the court has not set a date for trial, and counsel does not indicate whether the plaintiff has provided written consent. Assuming for the moment that the plaintiff has not provided written consent, counsel shall, in an accompanying certificate of service, list "the party's last known address and stat[e] that the attorney has served upon the party a copy of the motion and a notice advising the party to obtain other counsel, or, if the party intends to conduct the case *pro se* or to object to withdrawal, to so notify the Clerk in writing within five days of service of the motion." *Id.* As an initial matter the court notes that the certificate of service was deficient because it was neither signed nor dated by the plaintiff's attorney, James Q. Butler. LCvR 5.3. In addition to this deficiency, counsel fails to comply with Rule 83.6 by omitting the "notice advising counsel to obtain other counsel" or by notifying the Clerk of the

Court in writing within five days of service of the motion if the plaintiff intends on proceeding *pro se* or objecting to the withdrawal.  Accordingly, it is this 23rd day of February 2009, hereby

**ORDERED** that the plaintiff's motion for relief under Rule 60(b) is **DENIED**; and it is

**FURTHER ORDERED** that the plaintiff's counsel's motion to withdraw as attorney for the plaintiff be, and hereby is **DENIED** for failure to comply with Local Civil Rule 83.6.

**SO ORDERED.**

                                              RICARDO M. URBINA
                                              United States District Judge